IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **INTERNATIONAL UNION OF PAINTERS AND** | : | **CIVIL ACTION** |
| **ALLIED TRADES DISTRICT COUNCIL NO. 21** | : | |
| **HEALTH AND WELFARE FUND** | : | **NO.** |
| **2980 Southampton-Byberry Road** | : | |
| **Philadelphia, PA 19154** | : | |
| | : | |
| **and** | : | |
| | : | |
| **INTERNATIONAL UNION OF PAINTERS AND** | : | |
| **ALLIED TRADES DISTRICT COUNCIL NO. 21** | : | |
| **ANNUITY FUND** | : | |
| **2980 Southampton-Byberry Road** | : | |
| **Philadelphia, PA 19154** | : | |
| | : | |
| **and** | : | |
| | : | |
| **INTERNATIONAL UNION OF PAINTERS AND** | : | |
| **ALLIED TRADES DISTRICT COUNCIL NO. 21** | : | |
| **JOB RECOVERY FUND** | : | |
| **2980 Southampton-Byberry Road** | : | |
| **Philadelphia, PA 19154** | : | |
| | : | |
| **and** | : | |
| | : | |
| **FINISHING TRADES INSTITUTE OF THE** | : | |
| **MID-ATLANTIC REGION** | : | |
| **2980 Southampton-Byberry Road** | : | |
| **Philadelphia, PA 19154** | : | |
| | : | |
| **and** | : | |
| | : | |
| **INTERNATIONAL UNION OF PAINTERS AND** | : | |
| **ALLIED TRADES DISTRICT COUNCIL NO. 21** | : | |
| **INDUSTRY ADVANCEMENT FUND** | : | |
| **2980 Southampton-Byberry Road** | : | |
| **Philadelphia, PA 19154** | : | |
| | : | |
| **and** | : | |
| | : | |
| | : | |
| **INTERNATIONAL UNION OF PAINTERS AND** | : | |
| **ALLIED TRADES DISTRICT COUNCIL NO. 21** | : | |
| **VACATION FUND** | : | |

2980 Southampton-Byberry Road :
Philadelphia, PA 19154 :
                                          :
            and                           :
                                          :
INTERNATIONAL UNION OF PAINTERS AND :
ALLIED TRADES DISTRICT COUNCIL NO. 21 :
SCHOLARSHIP FUND :
2980 Southampton-Byberry Road :
Philadelphia, PA 19154 :
                                          :
            and                           :
                                          :
INTERNATIONAL UNION OF PAINTERS AND :
ALLIED TRADES DISTRICT COUNCIL NO. 21 :
JOB ORGANIZATION PROGRAM TRUST FUND :
2980 Southampton-Byberry Road :
Philadelphia, PA 19154 :
                                          :
            and                           :
                                          :
JOSEPH ASHDALE, :
in his official capacity as a Trustee of the :
International Union of Painters and Allied Trades :
District Council No. 21 Health and Welfare Fund :
2980 Southampton-Byberry Road :
Philadelphia, PA 19154 :
                                          :
            and                           :
                                          :
                                          :
INTERNATIONAL UNION OF PAINTERS AND :
ALLIED TRADES DISTRICT COUNCIL NO. 21 :
2980 Southampton-Byberry Road :
Philadelphia, PA 19154 :
                                          :
                        Plaintiffs, :
                                          :
            v. :
                                          :
ARTISAN DISPLAY, INC. :
1239 East 6th Street :
Red Hill, PA 18076 :
                                          :
                        Defendant. :

## COMPLAINT

### The Parties

1.      Plaintiffs International Union of Painters and Allied Trades ("IUPAT") District Council No. 21 ("DC21") Health and Welfare Fund, IUPAT DC21 Annuity Fund, IUPAT DC21 Job Recovery Fund, Finishing Trades Institute of the Mid-Atlantic Region, IUPAT DC21 Industry Advancement Fund, IUPAT DC21 Vacation Fund, IUPAT DC21 Scholarship Fund, and the IUPAT DC21 Job Organization Program Trust Fund (hereafter collectively, "Plaintiff Funds") are employee benefit plans pursuant to Section 3(3) of the Employee Retirement Income Security Act (hereafter, "ERISA"), 29 U.S.C. Section §1002(3), with their principal office located at 2980 Southampton-Byberry Road, Philadelphia, PA 19154, within this judicial district. Plaintiff Funds are due and owing relief being sought from Artisan Display, Inc., as set forth below.

2.      Plaintiff Joseph Ashdale, a trustee of Plaintiff Health and Welfare Fund, acts as a fiduciary on behalf of Plaintiff Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), for the purposes of collecting delinquent contributions, and brings this action in such capacity on behalf of all Plaintiff Funds having been so authorized by the Trustees of each of the Plaintiff Funds.

3.      Plaintiff, International Union of Painters and Allied Trades District Council No. 21 (hereafter, "Plaintiff Union"), is an unincorporated labor organization within the meaning of Section 3(5) of the Labor Management Relations Act of 1947 (hereafter "LMRA"), as amended, 29 U.S.C. §185 with its principal office located at 2980 Southampton-Byberry Road, Philadelphia, PA 19154. Plaintiff Union brings this action in its capacity as collective bargaining agent for the covered employees of Defendant, Artisan Display, Inc.

4.      Defendant, Artisan Display, Inc., (hereinafter, "Defendant") is a corporation doing

business at 1239 East 6th Street, Red Hill, PA 18076.

5.      Defendant is engaged in interstate commerce within the meaning of Section 2(6) of the LMRA, as amended, 29 U.S.C. §152(6), and has employed members of Plaintiff Union pursuant to a collective bargaining agreement in the Commonwealth of Pennsylvania.

6.      Defendant is an employer within the meaning of Section 2(2) of the National Labor Relations Act and Section 301 of the LMRA, as amended, 29 U.S.C. §§152(2) and 185, and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1002(5) and 1145.

Jurisdiction & Venue

7.      Jurisdiction of the District Court is invoked pursuant to Section 301 of the LMRA, as amended, 29 U.S.C. §185, in that the Defendant is an employer within the meaning of the LMRA, and party to a collective bargaining agreement which forms the basis and substance of the matters at issue in this litigation; and 28 U.S.C. §1337, providing for original jurisdiction in civil actions that arise out of an Act of Congress regulating commerce.

8.      Jurisdiction of the District Court is invoked pursuant to the provisions of Section 502 and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1132 and 1145, in that Defendant is an employer as defined by ERISA.  The Eastern District of Pennsylvania is the proper venue under ERISA section 502(e)(2), 29 U.S.C. §1132(e)(2), because the Plaintiff Funds are administered in this judicial district.

**Cause of Action**

**Defendant's Outstanding Obligations Owed to Plaintiffs Pursuant to Sections 502 and 515 of ERISA**

9.      Plaintiffs hereby incorporate the allegations of paragraphs 1 through 8, as if set forth fully herein.

10.     Plaintiff Union and Defendant are parties to a collective bargaining agreement(s), which requires that Defendant make certain contributions on a timely basis to Plaintiff Funds and remit certain payments to Plaintiff Union based upon the performance of covered work by its employees who are members of Plaintiff Union. A copy of the relevant Collective Bargaining Agreement is attached hereto as Exhibit A.

11.     Defendant, like all other contributing employers to Plaintiff Funds, is required to submit monthly reports setting forth the hours worked by eligible employees covered under the collective bargaining agreement(s), and to remit contributions to Plaintiff Funds, at rates commensurate with those required under the collective bargaining agreement(s), for all hours worked. The collective bargaining agreement(s) further note that liquidated damages and interest shall be assessed to untimely and/or unpaid fringe benefit contributions until the employer cures its delinquency. A copy of the IUPAT District Council No. 21 Health and Welfare Fund Delinquency Policy by which assessments of interest and liquidated damages to contribution delinquencies are governed is attached hereto as Exhibit B.

12.     Further, in accordance with its collective bargaining agreement(s) with Plaintiff Union, Defendant is also required to submit to auditing of its books and records at reasonable intervals for the purpose of determining the accuracy of any and all contributions made by the Defendant to the Plaintiff Funds.

13.     On April 4, 2019, the Plaintiff Funds completed and finalized, through an independent auditor, an audit of Defendant's payroll records, for the contribution periods of October 1, 2015 through November 30, 2018.

14.     As detected by the audit, Defendant employed workers for whom it failed to report and remit required benefit contributions during the abovementioned audit periods, which resulted

in an audit delinquency of **$26,893.13**, that includes audit principal due and owing in the amount of $19,394.56, liquidated damages in the amount of $3,878.91, interest accrued to present in the amount of $1,784.99, and the cost of audit in the amount of $1,834.67. A copy of the revised audit is attached hereto as Exhibit C.

      15.    Defendant was notified of their reporting obligations and audit delinquency, but has failed or refused to provide appropriate and timely reports and payments as required.  True and correct copies of the delinquency notices sent by IUPAT DC21 Benefit Funds Office dated July 16, 2019, March 27, 2019, November 8, 2018, and January 10, 2017, are attached hereto as Exhibit D, and a copy of the Notice sent by Plaintiffs' Counsel, dated September 4, 2019, is attached hereto as Exhibit E, respectively.

      16.    Plaintiffs are entitled to a provision permitting immediate registration in another District of any judgment entered in this action.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, Plaintiffs request this Court to grant judgment against Defendant and in favor of Plaintiffs, and to award relief as follows:

        a.      Judgment in the amount of **$26,893.13**, or such other amounts as may be due and owing when this cause of action reaches judgment, as provided for by Section 502 of ERISA;

        b.      Reasonable counsel fees, interest to run at rate of 6%, and costs of suit, as provided for by Section 502 of ERISA;

        c.      Injunctive relief ordering Defendant to remit employer reports, contributions and other required payments in a timely fashion; and

        d.      Other relief as the Court deems just and proper.

Respectfully submitted,
**SPEAR WILDERMAN, P.C.**

BY: _____
SYRETTA J. MARTIN
230 South Broad Street, Suite 1400
Philadelphia, PA 19102
(215) 732-0101
Attorney for Plaintiffs

Dated: September 23, 2019

# COLLECTIVE BARGAINING AGREEMENTS

### Between

### District Council No. 21
### International Union of Painters
### and Allied Trades AFL-CIO-CLC

### and the

### Associated Master Painters and Decorators Inc. of Philadelphia and Vicinity

### and the

### Interior Finish Contractors Association of Delaware Valley

### and the

### Architectural Glass and Metal Association of Philadelphia and Vicinity

### and the

### P.D.C.A. of Northeast Pa.

### and the

### P.D.C.A. of Harrisburg

### and the

### Keystone Contractors Association

### and

### All Independent Employers and Associations

### Starting, May 1, 2012 (Painters)
### May 1, 2015 (Drywall, Glaziers & Upstate)
### See Duration clause for expiration dates

1



EXHIBIT
A
tabbies

# TABLE OF CONTENTS

| | | |
|---|---|---|
| Article | 1 | Recognition |
| Article | 2 | Union Security |
| Article | 3 | Check-off Administrative Dues |
| Article | 4 | Function of Management |
| Article | 5 | Contract Increases & Territories |
| Article | 6 | DC Representative |
| Article | 7 | General Work Conditions |
| Article | 8 | Picketing |
| Article | 9 | Subletting of Contract |
| Article | 10 | Preservation of Work |
| Article | 11 | Grievance & Arbitration |
| Article | 12 | Security of Funds |
| Article | 13 | Various Funds |
| Article | 14 | Pinpointing Funds |
| Article | 15 | Industry Advancement Funds |
| Article | 16 | DC #21 Apprenticeship |
| Article | 17 | State Safety Code Compliance |
| Article | 18 | Compensation Insurance Coverage Work Injury |
| Article | 19 | Acts, Relations, Rulings, Legal Jurisdiction |
| Article | 20 | Promotion for Better Journeypersons & Industries |
| Article | 21 | More Favorable Terms |
| Article | 22 | Drug & Alcohol Policy |
| Article | 23 | Specific Provisions & conditions For All Crafts by Zones, Painter, Wallcoverers Zone 1 & 5 |
| Article | 24 | Specific Provisions & conditions For All Crafts by Zones, Painters, Wallcoverers & Drywall Finishers Zones 2, 3 & 4 |
| Article | 25 | Specific Provisions & conditions For All Crafts by Zones Drywall Finishers, Zones 1 & 5 |
| Article | 26 | Specific Provisions & conditions For All Crafts by Zones Glaziers, Zones 1 through 6 with zones 2, 3 & 4 in a separate book |
| Exhibit A | | SIZE SCHEDULE |
| Article | 27 | Duration |

2

## Articles of Agreement

This Agreement is made and entered into this first (1st) day of May 1, 2012 between the ASSOCIATED MASTER PAINTERS AND DECORATORS, INC. OF PHILADELPHIA AND VICINITY  AND entered into this first day of May 1, 2015 between the INTERIOR FINISH CONTRACTORS ASSOCIATION OF DELAWARE VALLEY, ARCHITECTURAL GLASS AND METAL ASSOCIATION OF PHILADELPHIA AND VICINITY, P.D.C.A. OF NORTHEAST PA, P.D.C.A.- HARRISBURG AND KEYSTONE CONTRACTORS ASSOCIATION, hereinafter called the "EMPLOYER", and DISTRICT COUNCIL # 21 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO-CLC, OF EASTERN PENNSYLVANIA, SOUTHERN NEW JERSEY, AND THE STATE OF DELAWARE, HEREAFTER called the "COUNCIL".

**Now, Therefore, This Agreement Witnesseth:**

## ARTICLE 1

## Recognition

1.1     **Recognition:**
        The Union recognizes the ASSOCIATED MASTER PAINTERS AND DECORATORS, INC. OF PHILADELPHIA AND VICINITY, INTERIOR FINISH CONTRACTORS ASSOCIATION OF DELAWARE VALLEY, ARCHITECTURAL GLASS AND METAL ASSOCIATION OF PHILADELPHIA AND VICINITY,  P.D.C.A. OF NORTHEAST PA, P.D.C.A.- HARRISBURG, KEYSTONE CONTRACTORS ASSOCIATION, AND ALL INDEPENDENT EMPLOYERS & ASSOCIATIONS as the exclusive collective bargaining representative and agent under the terms of this Agreement for all of its present and future members. THE ASSOCIATED MASTER PAINTERS AND DECORATORS, INC. OF PHILADELPHIA AND VICINITY, INTERIOR FINISH CONTRACTORS ASSOCIATION OF DELAWARE VALLEY,  ARCHITECTURAL GLASS AND METAL ASSOCIATION OF PHILADELPHIA AND VICINITY, P.D.C.A. OF NORTHEAST PA, P.D.C.A.- HARRISBURG, KEYSTONE CONTRACTORS ASSOCIATION, AND ALL INDEPENDENT EMPLOYERS and any other Association this Union may recognize, do recognize the COUNCIL as the bargaining representative of the Painters, Decorators, Wallcoverers, Drywall Finishers, Glaziers, and Apprentice EMPLOYEES of the EMPLOYERS.

3

1.2     **NLRB Status:**
Inasmuch as the Union has demanded recognition from the
EMPLOYER as the exclusive bargaining representative of the
EMPLOYEES in the bargaining unit described herein under
Section 9(a) of the National Labor Relation Act, and has
submitted proof thereof in the form of signed and dated
authorization cards, and the EMPLOYER is satisfied that the
Union represents a majority of its EMPLOYEES in the
bargaining units described herein, the EMPLOYER hereby
recognizes the Union as the exclusive collective bargaining
representative of its EMPLOYEES on all present and future job
sites within the jurisdiction of the Union, unless and until such
time as the Union loses its status as the EMPLOYEES'
exclusive representative as a result of an NLRB election
requested by the EMPLOYEES. The EMPLOYER agrees that
during the life of this Agreement it will not request a NLRB
election and expressly waives any right it may have to do so.

## ARTICLE 2

## <u>Union Security Clause</u>

2.1     **Membership:**
It is agreed that after the EMPLOYEE, who by the nature of his
work comes within the provisions of this Agreement and who
shall have worked for any EMPLOYER for not less than seven
(7) days, such EMPLOYEE shall be required to then become
and remain a member of the Union in good standing, and the
Union shall make membership therein continuously available to
such EMPLOYEE on the same terms and conditions as are
generally applicable to the other members of the Union.

2.2     **Discharge of EMPLOYEE:**
Any EMPLOYEE who fails or refuses to become a member of
the Union after seven (7) days from the date of commencement
of work with any EMPLOYER shall, upon written notice from
the Union, be discharged by his current EMPLOYER.

## ARTICLE 3

## <u>Check-Off Administrative Dues</u>

3.1     **Agreement of Check-Off**
Every EMPLOYER, signatory to this Agreement, hereby agrees
to check-off from wages of any EMPLOYEE by such
EMPLOYER during the term of this Agreement, administrative
dues in the then amount specified in this Agreement and/or
Union's by-law and to remit said amount to the Administrator in
the following manner.

4

**3.1.1**     Upon signing of this Agreement the Union will notify the EMPLOYER in writing of the amount of administrative dues specified, and will submit to the EMPLOYER a copy of the By-Laws or the appropriate By-Laws.

**3.1.2**     For each payroll period, the EMPLOYER will deduct from the wages of each EMPLOYEE the amount specified, based on Gross Wages and Fringe Benefits paid during said payroll period, and will accumulate said deduction at the end of the month.

**3.1.3**     All payments and/or transmittals of funds required under this Article shall be paid to the Administrator not later than the thirtieth (30th) day following the end of the month in which the check-off occurred. All such payments shall be made in accordance with the payment and collection procedures hereinafter set forth in Article 13.

**3.2**     **Outside of #21's Area:**
The Employer party hereto shall, when engaged in work outside the geographic jurisdiction of the Union party to the agreement, comply with all of the lawful clauses of the Collective Bargaining Agreement in effect in said other geographic jurisdiction and executed by the employers of the industry and the affiliated Local Unions in the jurisdiction, including but not limited to, the wages, hours, working conditions, fringe benefits, and procedure for settlement of grievance set forth therein; provided however, that where no affiliated Union has a current effective agreement covering such out-of-area work, the employer shall perform such work in accordance with this agreement; and provided further that as to employees employed by such employer from within the geographic jurisdiction of the Union party to this agreement and who are brought into an outside jurisdiction, such employee shall be entitled to receive the wages and condition effective in either the home or outside jurisdiction whichever are more favorable to such employees. In situations covered by the last proviso fringe benefit contributions on behalf of such employees shall be made solely to their home funds in accordance with their governing documents, and the difference between the wages and benefit contributions required by the away funds and the home funds, if any, shall be paid to the employees as additional wages. This provision is enforceable by the District Council or Local Union in whose jurisdiction the work is being performed, both through the procedure for settlement of grievance set forth in its applicable collective bargaining agreement and through the courts, and is also enforceable by the Union party to this agreement, both through the procedure for settlement of grievances set forth in this agreement and through the courts.

**Drywall Finishers ONLY:** See Article 25.10.7

**3.3**  **EMPLOYER'S Obligation:**
The obligation of the EMPLOYER under 3.1 and 3.3 shall apply only as to EMPLOYEES who have voluntarily signed a valid dues deduction authorization card.

**3.4**  **Time of Employment**
At the time of employment of any EMPLOYEE, the EMPLOYER will submit to each such EMPLOYEE, for his voluntary signature, a dues deduction authorization card in duplicate; one copy of which is retained by the EMPLOYER and the other returned to the Union; the form to be supplied to such EMPLOYER by the Union.

**3.5**  **Submittal Form:**
On or before the thirtieth (30th) day of each month, the EMPLOYER will submit to the Union, a list of all EMPLOYEES covered by the Agreement who have not signed a dues deduction card, together with the number of hours worked by each such EMPLOYEE during the month previous.

**3.6**  **Political Action Fund:**
It is recognized that the District Council 21 has a Political Action Fund and is entitled to voluntary contributions by its members.  Upon receipt of written authorization from an EMPLOYEE, the EMPLOYER agrees to deduct payments in the amount specified in the wages of said EMPLOYEE, and forward such monies to the Political Action Fund, in a manner consistent with Article 3.

## ARTICLE 4

### Function of Management

**4.1**  **Management Rights:**
In the exercise of its functions of management, the EMPLOYER shall have the right, to plan, direct and control operations of all its work, hire EMPLOYEES, direct the working forces in the field, assign EMPLOYEES their jobs, discharge, suspend or discipline for proper cause, (proper cause for discharge includes but is not necessarily limited to incompetence, insubordination, habitual tardiness or absenteeism), transfer, promote or demote EMPLOYEES, lay off EMPLOYEES because of the lack of work, or for other legitimate reasons, require EMPLOYEES to observe the EMPLOYER'S and/or contracting entities, rules and regulations not inconsistent with this Agreement, institute a fair and consistent drug policy, regulate the amount of equipment used and the use of equipment and other property of the

6

EMPLOYER, decide the number of EMPLOYEES needed; provided, however, that the EMPLOYER will not use its rights for the purpose of discrimination against any EMPLOYEE.

## ARTICLE 5

### Contract Increases & Territory covered in Zones

**Zone 1 (Phila. Metro) Painters, Drywall Finishers, Wallcoverers, Glaziers:**
Territory: Pennsylvania Counties of: Philadelphia, Montgomery, Bucks, Delaware, And Chester.

Negotiated Increases for contract Duration _Zone 1_: Painters & Wallcoverers (distribution to be determined by Union)

|  | 1st Year | 2nd Year | 3rd Year | 4th Year | 5th Year |
|---|---|---|---|---|---|
| Regular | $1.40 | $1.40 | $1.50 | $1.75 | $1.75 |
| Industrial | $1.40 | | | | |
| Bridge | $1.50-5/1/12 | $1.50-11/1/12 | | | |
| Mkt. Recovery | $1.00 | 2.5% | 2.5% | 2.5% | 2.5% |

(2.5% is based on Total Package)

Negotiated Increases for contract Duration _Zone 1_: Drywall Finishers (distribution to be determined by Union) – **PHILADELPHIA ONLY**

|  | 1st Year | 2nd Year | 3rd Year |
|---|---|---|---|
| Regular | $1.40 | $1.40 | $1.50 |
| Mkt. Recovery A | $1.00 | 2.5% | 2.5% |

(2.5% is based on Total Package)

Negotiated Increases for contract Duration _Zone 1:_ Drywall Finishers (distribution to be determined by Union) – **4 COUNTY AREA ONLY**

|  | 1st Year | 2nd Year | 3rd Year |
|---|---|---|---|
| Regular | $1.00 | $1.00 | $1.00 |
| Mkt. Recovery A | $1.00 | $1.00 | $1.00 |

Negotiated Increases for contract Duration _Zone 1_: Glaziers (distribution to be determined by Union)

|  | 1st Year | 2nd Year | 3rd Year |
|---|---|---|---|
| Regular | $1.95 | $1.90 | $1.90 |

**Zone 2   (Wilkes-Barre, Scranton)   Painters, Drywall Finishers, Wallcoverers**
Territory:  Pennsylvania Counties of: Bradford, Clinton, Columbia, Lackawanna, Luzerne, Lycoming, Montour, Northumberland, Pike, Schuylkill, Snyder, Sullivan, Susquehanna, Tioga, Union, Wayne and Wyoming

Negotiated Increases for Contract Duration *Zone 2*: (distribution to be determined by Union)

|            | 1st Year | 2nd Year | 3rd Year |
|------------|----------|----------|----------|
| Painters   | $1.05    | $1.10    | $1.20    |
| Industrial | $1.25    | $1.45    | $1.55    |
| Bridge     | $1.55    | $2.00    | $2.50    |
| Drywall    | $1.05    | $1.10    | $1.20    |

Mkt. Recovery: to be determined-----------------------------------------------------

**Zone 2 (Scranton, Wilkes-Barre, Northumberland) Glaziers:**
Territory: Pennsylvania Counties of: Bradford, Susquehanna, Wayne, Lackawanna, Monroe, Pike, Wyoming, Tioga, Columbia, Union, Sullivan, Lycoming, Montour, Clinton, and Luzerne.

Negotiated Increases for Contract Duration *Zone 2:* (Distribution to be determined by Union)

| Regular | See Scranton Agreement (Sterling Glass) |
|---------|-----------------------------------------|
|         | May 1, 2014 thru April 30, 2017         |

**Zone 3 (Allentown) Painters, Drywall Finishers, Wallcoverers:**

Territory: Pennsylvania Counties of: Carbon, Lehigh, Monroe, Northampton, and Berks.

Negotiated Increases for Contract Duration *Zone 3*: (distribution to be determined by Union)

|            | 1st Year | 2nd Year | 3rd Year |
|------------|----------|----------|----------|
| Painters   | $1.05    | $1.10    | $1.20    |
| Industrial | $1.25    | $1.45    | $1.55    |
| Bridge     | $1.55    | $2.00    | $2.50    |
| Drywall    | $1.05    | $1.10    | $1.20    |

Mkt. Recovery: to be determined-----------------------------------------------------

8

**Zone 3 (Allentown Reading) Glaziers:**

Territory: Pennsylvania Counties of: Lehigh, Northampton, Schuylkill, Berks, Colombia and Carbon.

Negotiated Increases for Contract Duration *Zone 3:* (Distribution to be determined by Union)

Regular          See Allentown/Reading Agreement (Hutt's Glass)
                     June 1, 2013 thru April 30, 2016

**Zone 4 (Harrisburg) Painters, Drywall Finishers, Wallcoverers:**

Territory: Pennsylvania Counties of: Adams, Cumberland, Dauphin, Franklin, Lancaster, Lebanon, Perry and York.

Negotiated Increases for Contract Duration *Zone 4*: (distribution to be determined by Union)

|  | 1st Year | 2nd Year | 3rd Year |
|---|---|---|---|
| Painters | $ 0 | $0.40 | $0.50 |
| Bridge | $1.00 | $0.40 | $0.50 |
| Industrial | $0.25 | $0.40 | $0.50 |
| Drywall | $0.35 | $0.40 | $0.50 |

**Zone 4 (Harrisburg) Glaziers:**

Territory: Pennsylvania Counties of: Franklin, Adams, Cumberland, Perry, Dauphin, Juniata, Snyder, York, Lancaster and Lebanon.

Negotiated Increases for Contract Duration *Zone 4:* (Distribution to be determined by Union)

Regular          See Harrisburg Agreement (Hershocks, Inc.,
                     Harrisburg, Eastern)
                     May 1, 2014 thru April 30, 2017

**Zone 5   (State of Delaware) Painters, Drywall Finishers, Wallcoverers, and Glaziers**

Territory: Whole State

Negotiated Increases for Contract Duration *Zone 5*: (distribution to be determined by Union)

|  | 1st Year | 2nd Year | 3rd Year | 4th Year | 5th Year |
|---|---|---|---|---|---|
| Regular | $1.40 | $1.40 | $1.50 | $1.75 | $1.75 |
| Industrial | $1.40 | $1.40 | $1.50 | $1.75 | $1.75 |
| Bridge | $1.00-5/1/12 | | $1.00-11/1/12 | | |

Glaziers Regular (Same as zone 1)
Mkt. Recovery: to be determined -------------------------------------------------

9

**Zone 6 (Southern N.J.)  Glaziers only**

Territory: Southern New Jersey counties of: Gloucester, Atlantic, Camden, Salem, Cumberland, Cape May, and parts of Ocean and Burlington. (See dividing lines below)
Pennsylvania and New Jersey Boundaries:  New Hope, PA to Newtown, PA to Emilie, PA to Florence, NJ to Bustleton, NJ to Columbus, NJ to Jobstown, NJ to Pemberton, NJ to Ongs Hat, NJ to Chatsworth, NJ to Whiting, NJ to Pinewald, NJ to Ocean Gate, NJ to Seaside Heights, NJ. Everything south of these boundaries is the geographic jurisdiction of Glaziers Local Union 252 in the state of New Jersey.

**Negotiated Increase same as zone 1**

## ARTICLE 6

## Council Representatives

6.1     **District Council 21 Representatives:**
        District Council's Representative only, in their capacity, shall be permitted to visit a job, or a shop, to ascertain if the terms of this Agreement are being complied with.

6.1.1   **No Restriction to Jobs:**
        In the event that a Representative needs a pass or special permit to get on a job site because of security regulations, the EMPLOYER will assist in getting the Representative on the job. The Representative will not be restricted by the EMPLOYER in any way in the performance of his duties. If it is beyond the EMPLOYER'S control, then District Council # 21 will explore other avenues.

## ARTICLE 7

## General Work Rules

7.1     **Productivity:**
        In recognition of increased competition from Non-Union subcontractors, it is understood that EMPLOYEES must begin and end the working day according to this contract, and the lunch periods must not be extended. Those who violate this understanding, or those who fail to report without sufficient notice, can be subject to discharge. It is the aim of the EMPLOYER and all of the EMPLOYEES to be as productive as possible, in order to help preserve future job security.

10

7.2      **Ratio:**
The contractor or the EMPLOYER party to this Agreement, when engaged in work outside the geographical jurisdiction of the Union party to this Agreement, shall employ not less than fifty percent (50%) of the workers employed on such work from the members of the Local Union or District Council where the work is being performed.

7.3      **Jurisdictional Conditions:**
The EMPLOYER party hereto shall, when engaged in work outside the geographic jurisdiction or zone of the Union party to the Agreement, comply with all of the lawful clauses of the Collective Bargaining Agreement in effect in said other geographic jurisdiction or zone and executed by the EMPLOYER'S of the industry and the affiliated Local Unions in that jurisdiction or zone, including but not limited to, the wages, hours, working conditions, fringe benefits, and procedure for settlement of grievances set forth therein; provided however, that as to EMPLOYEES employed by such EMPLOYER from within the geographic jurisdiction or zone of the Union party to this Agreement and who are brought into an outside jurisdiction, such EMPLOYEES, shall be entitled to receive the wages and conditions effective in either the home or outside jurisdiction which ever favorable to such EMPLOYEES, and fringe benefit contributions on behalf of such EMPLOYEES shall be made solely to their home funds in accordance with their governing documents and the difference between the benefit contributions required by the home funds and the away funds, if any, shall be paid to the employees as additional wages. This provision is enforceable by the Local Union or District Council in whose jurisdiction the work is being performed, both through the procedure for settlement of grievances set forth in this applicable Collective Bargaining Agreement and through the courts, and is also enforceable by the Union party to this Agreement, both through the procedure for settlement of grievances set forth in this Agreement and through the courts.

7.3.1      **Evading obligations:**
The EMPLOYER shall not be permitted to evade its obligations thereunder by setting up an additional 'home' or 'branch' office or plant in an area outside District Council 21's territory.

7.4      **Coffee Break:**
There shall be a 15-minute coffee break per shift. This also applies to night shift.

## ARTICLE 8

### Picketing

8.1     **Painters, Drywall Finishers, Wallcoverers**
EMPLOYEES covered by this Agreement shall have the right to
respect any legal primary picket line validly established by any
bona fide labor organization.

## ARTICLE 9

### Subletting of Contracts
### All Zones Painters, Drywall Finishers, Wallcoverers

9.1     **Subcontracting**
The EMPLOYER shall not contract out or subcontract any work
covered by this Agreement to any sub-contractor or other person
unless that sub-contractor or other person is a party to a
Collective Bargaining Agreement with a District Council or
Local Union affiliated with the International Union of Painters
and Allied Trades, AFL – CIO.

9.2     **Glaziers Sub-Contracting Only**
The COUNCIL agrees to recognize existing past practice with
regard to subcontracting and agrees that it will not bring any
actions against any member of AGMA who utilizes such
practice even though they may not have done so in the past.

## ARTICLE 10

### Preservation of Work Clause

10.1    **Protection of Work:**
To protect and preserve, for the EMPLOYEES covered by this
Agreement, all work they have performed and all work covered
by this Agreement, and to prevent any devise or subterfuge to
avoid the protection and preservation of such work, it is agreed
as follows: If the EMPLOYER performs on-site construction
work of the type covered by this Agreement, under its own name
or the name of another, as a corporation, company, partnership,
or other business entity, including a joint venture, wherein the
EMPLOYER, through its officers, directors, partners, owners, or
stockholders, exercises directly or indirectly (through family
members or otherwise), management, control, or majority
ownership, the terms and conditions of this Agreement shall be
applicable to all such work.

12

10.2    **Disputes:**
All charges of violations of Section 13.1 of this Article shall be considered as a dispute and shall be processed in accordance with the provisions of this Agreement on the handling of grievances and the final and binding resolution of disputes. As a remedy for violations of this Article, the Joint Trade Board or Arbitrator shall be able, at the request of the Union, to require an EMPLOYER to pay 1) to effected EMPLOYEES covered by this Agreement, including registered applicants for employment, the equivalent of wages those EMPLOYEES have lost because of the violations, and 2) into the affected Joint Trust Funds to which this Agreement requires contributions, any delinquent contributions that resulted from the violations. The Joint Trade Board or Arbitrator shall be able also to provide any other appropriate remedies, whether provided by law or this Agreement. The Union shall enforce a decision of the Joint Trade Board or Arbitrator under this Article only through arbitral, judicial, or governmental (for example, the National Labor Relations Board) channels.

10.3    **Enforcement of Award:**
If, after an EMPLOYER has violated this Article, the Union and/or the trustees or one or more Joint Trust Funds to which this Agreement requires contributions institute legal action to enforce an award by an Arbitrator or the Joint Trade Board remedying such violation, or defend an action that seeks to vacate such award, the EMPLOYER shall pay any accountants' and/or attorneys' fees incurred by the Union and/or the Joint Trust Funds, plus costs of the litigation, that have resulted from such legal action. This section does not affect other remedies, whether provided by law or this Article that may be available to the Union and/or the Joint Trust Funds.

## ARTICLE 11

## Grievances and Arbitration

11.1    **Jurisdiction of Procedures:**
All complaints, disputes, controversies, claims or grievances (hereinafter referred to as a dispute) arising between the parties to the Agreement involving questions of interpretation, application, or breach of any part of this Agreement, or arising out of the contractual relations between the parties and their respective members shall, be resolved in the following manner:

**Step 1**    In the first instance, the job or shop steward shall file a grievance with the foreman on the job. The company has five (5) working days to answer this grievance. If the grievance cannot be resolved at this step it shall proceed to step two.

13

**Step 2**    The Business Representative of District Council 21 will meet with the foreman on the job. If the grievance cannot be resolved at this step within five (5) working days it shall proceed to step three.

**Step 3**    The Company Representative will meet with a committee appointed to hear this grievance at District Council 21's office. The committee will render its opinion within three (3) working days of the meeting. If the Company does not agree with this opinion it has two (2) working days to write its reasons why it disagrees with the opinion of the Committee. If the Committee disagrees with the written response by the Company, the Business Manager/Secretary Treasurer, will proceed to step four (4) and file for a Joint Trade Board Meeting.

**Step 4**    The Joint Trade Board will be made up of three members of District Council 21, and three members of the Association that best represents this grievance. From the time either party files for a "Joint Trade Board Meeting", the Board must convene within five (5) working days. The Joint Trade Board must render its decision within three (3) working days. The decision of the Joint Trade Board will be binding and final on the parties. If the EMPLOYER refuses to comply with a final and binding decision issued at the Joint Trade Board level, the District Council will have the right to direct EMPLOYEES of such EMPLOYER to refrain from work. If the "Joint Trade Board" cannot resolve the grievance, at this level: either party can file for arbitration with (AAA) American Arbitration Association, within ten (10) working days.

During the pendency of the Board's decision, there shall be no cessation of work of any type or description nor shall the EMPLOYER lock out any EMPLOYEE.

## <u>ARBITRATION</u>

**Step 5**    The American Arbitration Association will submit a panel of Arbitrators from whom the parties shall select an Impartial Chairman in accordance with the Rules and Regulations of the American Arbitration Association to hear the dispute. The decision of the Impartial Chairman shall be final and binding upon all parties to the proceedings and to this Agreement.

**11.2**    **48 hour rule:**
If an EMPLOYER fails to comply with an Arbitration Award within forty eight (48) hours after it has been rendered, the Union shall have the right, aside from other legal remedies available to it, to direct the EMPLOYEES of such EMPLOYER covered by this Agreement to refrain from working for such

14

EMPLOYER as long as he has failed to comply with the Arbitration Award, and such action by the Union and the EMPLOYEES shall not be considered a breach or violation of this Agreement.

**11.3    Cost**
Each party shall pay one-half (1/2) the costs of arbitration including administrative fees and the cost of an arbitrator. This shall not include the legal fees of any party using the services of an attorney or any other professional service, which shall be the responsibility of the party(s) engaged. The exception being, as pertaining to any and all fees as outlined in Article 13.

**11.4    Termination of Agreement:**
In the event it has been determined by the appropriate body that any EMPLOYER, party to this Agreement, has violated it, in any respect, depending on the severity of the offenses, then this Agreement shall be terminated as to such EMPLOYER, and the Union is privileged to withdraw the workers from the employment of that EMPLOYER.

All matters considered beneficial to the painting, wallcovering, drywall finishing and glazing industries, not presently provided for in this Agreement, shall be referred to the Joint Trade Board for consideration and appropriate action.

**11.5    Non-Members of Associations:**
The parties hereto agree that the arbitration procedure outlined above will be available for any dispute which may rise between the Union and EMPLOYER who is not a member of the ASSOCIATED MASTER PAINTERS AND DECORATORS, INC. OF PHILADELPHIA AND VICINITY, INTERIOR FINISH CONTRACTORS ASSOCIATION OF DELAWARE VALLEY, ARCHITECTURAL GLASS AND METAL ASSOCIATION OF PHILADELPHIA AND VICINITY, P.D.C.A. OF NORTHEAST PA, AMERICAN SUBCONTRACTORS ASSOCIATION OF CENTRAL PENNSYLVANIA, P.D.C.A.- HARRISBURG and any or all Independent EMPLOYERS and Associations the Union may recognize, but who has agreed to accept and be bound by the arbitration procedures and machinery set forth above.

When a non-member signator of this Agreement is charged with violating any of the provisions or conditions of this Agreement or any other Agreement District Council No. 21 is a party to, indenture or condition related to the Collective Bargaining Agreement between the parties hereto, they shall be given the right to designate another non-member signator to the Agreement, in good standing, to sit in the place and stead of one

15

Chapter designated member of the Board, for the purpose of hearing and determining the particular charge or charges; in such an event the Chapter shall temporarily remove one of its appointed members of the Board to give effect to the aforementioned objective. The non-member signator designee shall be vested with the same powers and authority as held by the other member of the Board.

# ARTICLE 12

## Security of Funds

12.1    Upon signing an EMPLOYER to this Collective Bargaining Agreement, the EMPLOYER must submit to the Union a complete list of all EMPLOYEES and jobs; also proof of having proper Worker's Compensation and Unemployment Insurance.

12.2    ALL Painting, Drywall Finishing and Wallcovering EMPLOYERS are required to post a security bond; the original shall be filed with the District Council # 21 office. The amount of the bond for EMPLOYERS averaging 1 to 15 EMPLOYEES shall be $30,000.00, 16 to 35 EMPLOYEES shall be $50,000.00 and over 35 EMPLOYEES $75,000.00.

ALL Glazing EMPLOYERS are required to put a bond in the following manner: 1 to 15 EMPLOYEES shall be $30,000.00, 16 to 35 EMPLOYEES shall be $40,000.00 and over 35 EMPLOYEES $50,000.00.  In lieu of a bond, a letter of credit in said amount is acceptable.

12.3    For All EMPLOYERS, in lieu of a minimum bond or letter of credit, the EMPLOYER eligible for the minimum coverage must deposit the sum of $ 1,000.00 Per Man Per Week, by certified check to be held in escrow by the Fund Office, until such time the EMPLOYER shall produce a bond based on the above scale, or no longer employs District Council # 21 members.

12.3.1    EMPLOYERS working under these circumstances may be required by the Union to pay fringe benefits and deductions on a weekly basis.

12.4    Vacation Fund escrow will also be retained (per Article 13.4.1)

## ARTICLE 13

## <u>Various Funds</u>

13.1    **Health & Welfare Funds:** (1) The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. District Council No. 21 Welfare Fund. The Trust Agreement provides, *inter alia,* for the receipt of contributions by the Welfare Fund for the purpose of providing group health, medical surgical disability and other related welfare benefits to eligible workers and their families, in such form and amounts as the Trustees of the Welfare Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the Welfare Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

13.2    **The I.U.P.A.T. Union and Industry Pension Fund and Annuity:**

13.2.1    The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. Union and Industry National Pension Fund ("Pension Fund"). The Trust Agreement provides *inter alia,* for the receipt of contributions by the I.U.P.A.T. Union and Industry National Pension Fund for the purpose of providing pension and other related benefits to eligible workers and their families, in such form and amounts as the Trustees of the I.U.P.A.T. Union and Industry National Pension Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the Pension Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

13.2.2    Contributions shall be paid on behalf of any EMPLOYEE starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

13.2.3    The payments to the Pension and Annuity Fund required above shall be made to the I.U.P.A.T. Union and Industry National Pension Fund which was established under an Agreement and Declaration of Trust dated April 1, 1967.

**13.2.4**  The EMPLOYER hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are now serving, or who will in the future serve as EMPLOYER Trustees, together with their successors. The EMPLOYER further agrees to be bound by all actions taken by the Trustees pursuant to the Agreement and Declaration of Trust.

**13.2.5**  All contributions shall be made at such time and in such manner as set forth in this Agreement. The Trustees shall have the authority to have an independent certified public accountant audit the payroll and wage records of the EMPLOYER for the purpose of determining the accuracy of contributions to the Pension Fund.

**13.2.6**  If an EMPLOYER fails to make contributions to the Pension Fund within thirty (30) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provisions hereof to the contrary notwithstanding, and the EMPLOYER shall be liable for all costs for collecting payments due, together with attorneys' fees and such liquidated damages as may be assessed by the Trustees. The EMPLOYER'S liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no strike" clause which may be provided or set forth elsewhere in this Agreement.

**13.2.7**  The Pension Plan adopted by the Trustees of the Pension Fund shall at all times conform with the requirements of the Internal Revenue Code so as to enable the EMPLOYER at all times to treat contributions to the Pension Fund as a deduction for income tax purposes.

**13.2.8**  Funds are paid to the Painters District Council 21 of Northeastern Pennsylvania Health & Welfare Fund for the members covered by Article 24 (L.U. 41, L.U. 218, L.U. 1269)

**13.3**  **The I.U.P.A.T. District Council 21 Annuity Fund:**

**13.3.1**  The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. District Council 21 Annuity Fund. The Trust Agreement provides *inter alia,* for the receipt of contributions by the I.U.P.A.T. District Council 21 Annuity Fund for the purpose of providing pension and other related benefits to eligible workers and their families, in such form and amounts as the Trustees of the I.U.P.A.T. District Council 21 Annuity Fund may determine in conformity with the discretion vested in them under

18

provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the Annuity Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

**13.3.2**    Contributions shall be paid on behalf of any EMPLOYEE, starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

**13.3.3**    The payments to the Annuity Funds required above shall be made to the I.U.P.A.T. District Council 21 Annuity Fund which was established under an Agreement and Declaration of Trust dated June 1, 1972.

**13.3.4**    The EMPLOYER hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are now serving, or who will in the future serve as EMPLOYER Trustees, together with their successors. The EMPLOYER further agrees to be bound by all actions taken by the Trustees pursuant to the Agreement and Declaration of Trust.

**13.3.5**    All contributions shall be made at such time and in such manner as set forth in this Agreement. The Trustees shall have the authority to have an independent certified public accountant audit the payroll and wage records of the EMPLOYER for the purpose of determining the accuracy of contributions to the Annuity Fund.

**13.3.6**    If an EMPLOYER fails to make contributions to the Annuity Fund within thirty (30) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provisions hereof to the contrary notwithstanding, and the EMPLOYER shall be liable for all costs for collecting payments due, together with attorneys' fees and such liquidated damages as may be assessed by the Trustees. The EMPLOYER'S liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no strike" clause which may be provided or set forth elsewhere in this Agreement.

**13.3.7**    The Annuity Plan adopted by the Trustees of the Annuity Fund shall at all times conform with the requirements of the Internal Revenue Code so as to enable the EMPLOYER at all times to treat contributions to the Annuity Fund as a deduction for income tax purposes.

19

**13.3.8**     Funds are paid to the Painters District Council 21 of Northeastern Pennsylvania Annuity Fund for the members covered by Article 24 (L.U. 41, L.U. 218, L.U. 1269).

**13.4**     **Vacation Fund:** (1) The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration or Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. District Council No. 21 Vacation Fund. The Agreement provides, *inter alia,* for the receipt of contributions by the Vacation Fund for the purpose of providing vacation benefits to eligible workers and their families, in such form and amounts as the Trustees of the Vacation Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the Vacation Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

**13.4.1**     A certified check for no less than Five Hundred Dollars ($500.00) and no more than Two Thousand Five Hundred Dollars ($2,500.00) shall be deposited with the Administrator of the Vacation Fund by each EMPLOYER. The Board of Trustees of the Vacation Fund shall determine the amount due from each EMPLOYER, predicated on the basis of one-twelfth (1/12) of the yearly amount of funds submitted by the EMPLOYER to the Vacation Fund in the preceding year. In addition to any other remedies available to the Vacation Fund as set forth is this Article, an EMPLOYER who is delinquent in submitting contributions to the Vacation Fund shall have the delinquent monies withdrawn from its certified check, and will be required to resubmit a new check in full covering this delinquency.

**13.5**     **Training and Education Fund:**
The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the I.U.P.A.T. District Council 21 Fund (hereinafter referred to as The FTI Fund). The Trust Agreement provides, *inter alia,* for the receipt of contributions by the FTI Fund for the purpose of establishing and administering a Training Program as the Trustees of the FTI Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to contribute for each EMPLOYEE covered by this Agreement to the FTI Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

**13.6**      **National Apprenticeship Fund:** The EMPLOYER agrees to contribute the sum of five cents ($.10) per hour for each hour for which an EMPLOYEE receives pay to the National Apprenticeship Fund. Trustees of said Fund shall remit said sum to the National Painting and Decorating and Drywall Apprenticeship and Manpower Training Fund at such regular periods of time, and in the manner and form as shall be determined by the Trustees of the National Apprenticeship Fund from time to time.

**13.7**      **The District Council 21 Scholarship Fund:**

**13.7.1**      The EMPLOYER agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust, and all amendments thereto, governing establishment and operation of the District Council 21 Scholarship Fund ("Scholarship Fund"). The Trust Agreement provides *inter alia*, for the receipt of remittance by the Scholarship Fund for the purpose of providing educational relief to eligible workers and their families, in such form and amounts as the Trustees of the Scholarship Fund may determine in conformity with the discretion vested in them under provisions set forth in the Trust Agreement. The EMPLOYER agrees to remit for each EMPLOYEE covered by this Agreement to the Scholarship Fund in the manner provided herein, in the then current amounts and for the periods as set forth in Article 5.

**13.7.2**      Remittances shall be paid on behalf of any EMPLOYEE, starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

**13.7.3**      The EMPLOYER further agrees to be bound by actions taken by the Scholarship Fund Trustees pursuant to the Agreement and Declaration of Trust.

**13.7.4**      All remittances shall be made at such time and in such manner as set forth in this Agreement. The Trustees shall have the authority to have an independent certified public accountant audit the payroll and wage records of the EMPLOYER for the purpose of determining the accuracy of deductions and remittances to the Scholarship Fund.

**13.7.5**      If an EMPLOYER fails to make remittance to the Scholarship Fund within thirty (30) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provisions hereof to the contrary notwithstanding, and the EMPLOYER shall be liable for all costs for collecting payments due, together with attorneys' fees and such liquidated damages

21

as may be assessed by the Trustees.  The EMPLOYER'S liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no strike' clause which may be provided or set forth elsewhere in this Agreement.

13.8    **Board of Trustees:**

As to each Fund referenced in Sections 13.1 through 13.15 of this Article, the EMPLOYER hereby irrevocably designates as its representatives on the Boards of Trustees such Trustees as are now serving, or will in the future serve, as EMPLOYER Trustees, together with their successors appointed and/or elected in accordance with provisions set forth in the Agreement and Declaration of Trust for each Fund. The EMPLOYER further agrees to be bound by all actions taken by the Trustees of each respective Fund pursuant to each such Agreement and Declaration of Trust, and to be further bound by any and all rules and regulations duly adopted by each Board of Trustees. The Welfare Fund, Vacation Fund and FTI Fund shall each be administered, pursuant to an Agreement and Declaration of Trust, by a Board of Trustees composed of an equal number of representatives selected by the AMPD, IFCA, and AGMA, and or other Associations that the Council may acknowledge, by its Board of Directors, and by District Council No. 21 in accordance with its Bylaws. A copy of the Trust Agreements, together with Amendments thereto, shall be made available upon request by the parties and shall be considered a part of this Agreement as if set forth herein at length. The said Trust Agreements and any Amendments thereto, shall provide for annual audits of each respective Fund. The payments by the EMPLOYERS of contributions to each respective Fund shall be made monthly, on or before a date and in a manner and form that shall be prescribed by the Trustees. Each EMPLOYER shall be bound to provide such information to each Fund as its Board of Trustees may require in order to verify the amount(s) of contributions due and owing by such EMPLOYER.

13.9    **Auditing of Books:**

Each or any of the Funds referenced in this Article may engage a certified public accounting firm to periodically audit the books and records of any contributing EMPLOYER (or contractors working in this area) for the purpose, of verifying contributions due and owing to the respective Fund and/or liabilities for contributions due and owing to such Fund. The EMPLOYER shall make available to any Fund auditor all books and records requested by the auditor and/or Board of Trustees, including, but not limited to; payroll, wage, general ledger, cash disbursement records, compensation insurance audits, and any other pertinent records deemed necessary for the purpose, of ascertaining and/or

22

verifying payments and/or determining liabilities. Such records shall be made available to Fund auditors upon reasonable notice. In the event such audit shall disclose for any period a deficiency in the payment reported owed and/or paid to the Fund(s) of five percent (5%) or more of the amount that should have been paid for such period under this Agreement, the cost of the audit shall be borne by the EMPLOYER. A confirmation report from the Funds will be available annually upon request by any EMPLOYER pertaining to its payments into the Funds, Industry Advancement Program and Check-Off Administrative Dues.

**13.10**    The benefit programs adopted by each respective Board of Trustees shall be described in a Summary Plan Description (if one is required by law) and made available to all eligible participants of each Fund.

**13.11**    Each EMPLOYER agrees to furnish the Board of Trustees of each respective Fund with information necessary and appropriate to verify required contributions on reporting forms to be provided by each respective Fund. Such information shall be reported each month and shall include, but not be limited to, the names, classifications, Social Security numbers of the EMPLOYEES, and the number of hours worked by each EMPLOYEE during the period or periods for which the contributions are being made.

**13.12**    All EMPLOYERS from jurisdictions other than the jurisdiction of District Council No. 21 shall be subject to the above provisions contained in this Agreement and the gross payroll contributions when performing work within the geographical jurisdiction of District Council No. 21, including IAP contributions which shall be paid to the appropriate association representing that trade.

**13.13**    **Delinquencies/Collection Procedures/Rights and Remedies of the Union and Fringe Benefit Funds:** In addition to any rights, remedies or obligations set forth in this Agreement, each EMPLOYER shall have the obligations and the Union and each Fringe Benefit Fund shall have the rights and remedies set forth below:

**13.13.1**    All reports to the Union with respect to check-off and administrative dues, as well as amount due and owing must be filed with and paid to the Administrator of the Union and/or each respective Fund by the earlier of the thirtieth (30th) day or last calendar day of each month following the month in which the contributions and/or check-off became due and owing.

Liquidated Damages of Seven Hundred Fifty Dollars ($750.00) for failure to file a timely remittance report and not make a timely payment shall automatically be levied upon the delinquent EMPLOYER; Liquidated Damages of Five Hundred Dollar ($500.00) shall be levied on the delinquent EMPLOYER in circumstances where a report is submitted in a timely manner, but the EMPLOYER has failed to pay the appropriate contribution to the Union and/or Fund and interest shall start to accrue on the delinquent amount from the due date at the rate then charged by the IRS for delinquent taxes under Section 662(a) of the I.R.C., plus one (1) percentage point in excess of such rate. Upon written petition and showing of need by an EMPLOYER who has had a collective bargaining agreement with District Council # 21 for at least two (2) years, a twenty (20) day extension for payment will be granted by the Business Manager / Secretary Treasurer. All liquidated damages paid pursuant to this Section shall be distributed pro rata to the Union (dues); the Association (IAP contributions) and the respective Funds based upon the amount of the delinquent obligation owed to each entity. Nothing contained herein shall be construed as a limitation on the right of any Fringe Benefit Fund to impose liquidated damages and/or costs of collection proceedings on a "delinquent" EMPLOYER in accordance with provisions set forth in ERISA or applicable law.

13.13.2   In the event the wage payments, Fringe Benefit (Fund) contributions, Union Administrative Dues (Check-off) or any other payments required by any provision in this Collective Bargaining Agreement are not transmitted to the EMPLOYEES, the Union or the appropriate EMPLOYEE Benefit Fund, as the case may be, in a timely manner, in accordance with provisions set forth herein, or in the event the reporting forms relating to Union assessments and/or EMPLOYEE Benefit Fund contributions are not submitted in a timely manner as provided herein, the EMPLOYER shall be considered as "delinquent." In addition to the liquidated damages set forth in (13.13.1) above, the "delinquent" EMPLOYER shall be obligated to pay any assessments and/or interest on the debt that may be required under rules, regulations or procedures governing delinquent contributions established by the Trustees of the Various Fringe Benefit Funds identified in this labor contract and not inconsistent with this Agreement or as may otherwise be imposed by law. Each EMPLOYER shall be bound and governed by any rules, regulations or procedures adopted by any of the Boards of Trustees or any of the Fringe Benefit Funds to which contributions are due and owing under this Agreement. The rules, regulations or procedures adopted by the Trustees of the Various Fringe Benefit Funds may require payment by a delinquent EMPLOYER of liquidated damages, assessments,

24

interest on the debt (in an amount determined by the Trustees or by applicable law) and shall also assess against a delinquent EMPLOYER audit fees incurred during the collection, including, but not limited to counsel fees and costs. Such charges and expenses shall be paid to that entity to whom such contributions and payments are owed. The Co-Chairman of the Joint Trade Board may require any "delinquent" EMPLOYER or any EMPLOYER who has demonstrated a pattern of delinquency to submit its contributions on a weekly basis, notwithstanding any provisions set forth in this labor Agreement. In addition, the Board of Trustees of the Various Fringe Benefit Funds are empowered to adopt rules and regulations requiring any "delinquent" EMPLOYER or any EMPLOYER that demonstrated a pattern of delinquency to furnish to the Board of Trustees a bond or other appropriate surety in an amount sufficient to protect the respective Fund(s) from any financial loss that may result from future delinquencies by any EMPLOYER that is, or has been, delinquent in its obligations to the Fund. The amount of any such bond or other surety shall be in the sole discretion of the Board of Trustees, and the Board in determining the amount of any such bond, may consider the costs related to the collection of future delinquencies, as well as contribution amounts.

13.13.3   In addition to all other remedies available to the parties and/or the various Fringe Benefit Funds with respect to "delinquent" EMPLOYERS, the Union may treat any failure by an EMPLOYER to satisfy a delinquency as a breach of this Agreement. In such event, the Union may, in addition to any other remedy that may be available to it, and without being limited by any "no strike" obligation that may appear in this Agreement or be implicit in its terms, remove its members from any job(s) of such delinquent EMPLOYER. A removal of manpower by the Union, pursuant to this provision, shall not be construed as a "termination" of this Agreement with respect to any affected EMPLOYER.

**13.14   The International Union of Painters and Allied Trades Labor-Management Cooperation Initiative**

13.14.1   Commencing with the 1st day of May 1997, and for the duration and any renewal of this Agreement, the EMPLOYER agrees to make payments to The International Union of Painters and Allied Trades Labor Management Cooperation Initiative ("Fund") for each EMPLOYEE covered by this Agreement, as follows:

25

**13.14.2**   For each hour or portion thereof, for which an EMPLOYEE receives pay, the EMPLOYER shall make the then current contribution of $.10 to the Fund.

**13.14.3**   For the purpose of this Article, each hour worked for, including hours attributable to show up time, and other hours for which pay is received by the EMPLOYEE in accordance with the Agreement, shall be counted as hours for which contributions are payable.

**13.14.4**   Contributions shall be paid on behalf of any EMPLOYEE starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

**13.14.5**   The EMPLOYER and Union signatory to this Agreement agrees to be bound by and to the Agreement and Declaration of Trust, as amended from time to time, establishing the Fund.

**13.15**   The EMPLOYER hereby irrevocably designates as its representatives on the Board of Trustees such Trustees as are now serving, or who will in the future serve, as EMPLOYER Trustees, together with their successors.

**13.16**   All contributions shall be made at such time and in such manner, as the Trustees require and the Trustees may at any time conduct an audit in accordance with the Agreement and Declaration of Trust.

**13.17**   If an EMPLOYER fails to make contributions to the Fund within twenty (20) days after the date required by the Trustees, the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provision hereof to the contrary not withstanding, and the EMPLOYER shall be liable for all costs of collection of the payments due together with attorney fees and such liquidated damages as may be assessed by the Trustees. The EMPLOYER'S liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no-strike" clause which may be provided or set forth elsewhere in this Agreement.

26

# ARTICLE 14

## Pinpointing Funds

## Fund One

**Job Organization Program: Eligibility and Rules**
**Painters, Drywall Finishers, Wallcoverers**

14.1    **Purpose:**
The EMPLOYER and District Council No. 21 agree to establish the District Council No. 21 "JOB ORGANIZATION PROGRAM" for the purpose of providing subsidies on specific jobs in order to enable contractors who are signatory to this Agreement to bid more competitively on certain projects in the marketplace. To implement the Jobs Organization Program ("JOP"), the EMLOYER and District Council No. 21 further agree as follows:

14.2    **Trust Fund:**
The EMPLOYER and District Council No. 21 shall establish a Trust Fund to be known as the "International Union of Painters and Allied Trades, District Council No. 21 Jobs Organization Program Trust Fund."

14.3    **Purpose of Trust Fund:**
The purpose of the Jobs Organization Program Trust Fund shall be to provide, in accordance with the Jobs Organization Program Trust Agreement, financial subsidies for eligible contractors. The Jobs Organization Program Trust Fund shall be the sole and exclusive source of funding for all subsidies, expenses and other charges and liabilities incurred by operation of the Jobs Organization Program and shall not be liable for such charges in excess of the assets in the Fund.

14.4    **Guidelines:**
The Jobs Organization Program Trust Agreement shall provide that the following guidelines and rules must be satisfied:

14.4.1    There must be Non-Union competition bidding on the project.

14.4.2    The project is within District Council 21's territorial jurisdiction and scope of work covered in this Collective Bargaining Agreement.

27

**14.4.3**   The EMPLOYER making application must be signatory to District Council 21's Collective Bargaining Agreement and utilize members of said bargaining unit. EMPLOYERS signed to project Agreements are not eligible to apply for JOP subsidies.

**14.4.4**   The EMPLOYER making application must not be delinquent in any fringe benefit reporting and contribution obligations at the time of application and at the start of the approved project or shall have reached an appropriate Agreement, satisfactory to the Trustees, in resolution of any outstanding delinquencies.

**14.4.5**   Only the District Council shall have the authority to approve a subsidy with respect to a project.

**14.4.6**   Subsidized hours granted under the Jobs Organization Program will only apply to members of District Council No. 21 and then only to the EMPLOYEES that are based in that zone. These subsidies will not apply and/or be used for change order work but only to the original contract.

**14.4.7**   Only the hours worked on an approved JOP project will be subsidized and then only up to the amount approved by the District Council.

**14.4.8**   The EMPLOYER will report the start of a JOP project. There will be a job steward placed and appointed by the District Council at the start of any JOP project. When the project requires more than five (5) workers, 50% of the additional workers starting with the sixth, will be assigned by the District Council from the "out of work register", qualifications prevailing.

**14.4.9**   JOP subsidies shall not be unreasonably denied by the District Council. The District Council shall respond to any JOP application within five (5) working days. To obtain the pinpointing subsidy, the EMPLOYER must notify District Council 21 that the EMPLOYER has been awarded the relevant contract within thirty (30) days after the pinpointing subsidy application is approved by District Council 21. An EMPLOYER can request a thirty (30) day extension of time to provide notice of the contract award and said extension will be automatically approved. For good cause shown, an EMPLOYER can request an additional extension of time to provide notice of the contract award. If the EMPLOYER fails to notify District Council 21 that the EMPLOYER has been awarded the relevant contract within the prescribed time, including any approved extensions of time, the relevant pinpointing subsidy will be automatically terminated.

28

**14.4.10**   If any EMPLOYER is found to have abused the JOP subsidies more than once in any given year, said EMPLOYER will not be eligible for JOP subsidies for a period of up to one year. A third finding of abuse will suspend said EMPLOYER'S use of JOP subsidies for the remaining term of the Agreement.

**14.4.11**   Nothing contained herein shall prevent the Trustees from adopting additional rules and regulations not inconsistent with or in conflict with the foregoing.

## Fund Two

## Pinpointing Fund Glaziers

**14.5**   **Purpose:**
The COUNCIL and A.G.M.A. agree to continue and maintain a jointly managed Pinpointing Fund.   Where pinpointing has been approved for a project, the EMPLOYER shall not be required to make contributions for Health & Welfare, Annuity, D.C. 21 Apprentice, National Apprentice, I.U.P.A.T. Pension and the HRA Fund for that project.   Apprentice hours shall be pinpointed for Health & Welfare, Annuity, D.C. 21 Apprentice, National Apprentice, and the HRA Fund.   The I.U.P.A.T. Pension shall not be pinpointed in the case of Apprentices.

**14.6**   **Amount:**
The EMPLOYER agrees to pay into the Pinpointing Funds in the following amount per hour paid; Effective May 1, 2012, One Dollar and Thirty Five Cents ($1.80) per hour worked.

## ARTICLE 15

## Industry Advancement Funds
## Fund One (Glazier Zones 1thru 5, Painters Zones 2,3,4, Drywall Finisher Zones 1 thru 5, Wallcoverers Zones 2,3,4 )

**15.1**   **Recognition:**
The Industry Advancement Funds (I.A.F.) shall be established for the sole purpose and intent of promoting, advancing and protecting the industry and shall be managed solely by the individual Associations.   No part of the Funds or property of the I.A.F. may be used to undermine the COUNCIL, its Collective Bargaining Agreements, and its right to represent EMPLOYEES, to encourage or support litigation against the COUNCIL or to support EMPLOYER negotiations with the COUNCIL for successor Collective Bargaining Agreements.

29

15.2 **Payments to I.F.C.A. I.A.F.**
**EMPLOYERS covered by the I.F.C.A. – District Council Collective Bargaining Agreement shall make contributions to the I.F.C.A. I.A.F. at the rate of $.20 per hours worked.**

15.3 **Payments to A.G.M.A. I.A.F.**
EMPLOYERS covered by the A.G.M.A. – District Council Collective Bargaining Agreement shall make contributions to the A.G.M.A. I.A.F. at the rate of $.30 per hours worked.

15.3.1 **A.G.M.A. Representation: (For Glaziers ONLY)**
EMPLOYEES covered herein shall not be permitted to work for an EMPLOYER unless such EMPLOYER shall first agree to be bound by the provisions of a Collective Bargaining Agreement with District Council 21. EMPLOYERS that agree to be bound by A.G.M.A. – District Council 21 Collective Bargaining Agreement shall be deemed to have authorized A.G.M.A. to represent such EMPLOYER as its collective bargaining representative in contract negotiations and for all matters relating to such Agreement.

15.4 **Payments to P.D.C.A. - Harrisburg**

15.4.1 **Industrial Work**
Each Employer shall make a contribution to the Delaware Valley Industrial Painters Alliance, Inc. Industry Advancement Fund (Industry Advancement Fund) at a rate of Two Cents ($.02) for each hour worked by each employee who is engaged in performing industrial painting or coating work of any kind including, without limitations, bridge, tank or structural steel painting or coating services. The Administrator of the Funds shall collect the Industry Advancement Fund monies and remit these contributions to the Delaware Valley Industrial Painters Alliance, Inc. (DVIPA) on a monthly basis together with a report detailing the amounts collected from each Employer.

This Industry Advancement Fund shall be established and administered by the DVIPA, which shall use monies from this Fund to pay for programs and expenses intended to support and advance the Industrial Painting and Coating Industry. The Industry Advancement Fund also shall be used to pay the operating costs of the DVIPA, including expenses associated with the promotion of stability of relations between labor and management, conducting of safety campaigns, public relations campaigns, and education programs, the DVIPA's costs of collective bargaining, the DVIPA's cost of the representation it receives in the adjustment of grievances and in arbitration, and such other

30

programs and expenses as will be beneficial to the Industrial
Painting and Coating industry.

**15.4.2    Commercial Work**
Each Employer shall make a contribution to the Painting
And Decorating Contractors of America, of Harrisburg, Industry
Advancement Fund (Industry
Advancement Fund) at a rate of Two Cents ($.02) for each
hour worked by each employee who is engaged in performing
commercial painting or coating work of any kind including,
without limitation, painting or coating of office buildings,
warehouses, schools, hospitals, malls, apartment buildings,
hotels, motels and restaurants.  The Administrator of the Funds
shall collect the Industry Advancement Fund monies and remit
these contributions to the Painting and Decorating Contractors
of America, of Harrisburg on a monthly basis together with a
report detailing the amounts collected from each Employer.

This Industry Advancement Fund shall be established and
administered by the P.D.C.A. – Harrisburg, which shall use
monies from this Fund to pay for programs and expenses
intended to support and advance the Commercial Painting and
Coating Industry.  This Industry Advancement Fund also shall
be used to pay the operating costs of the P.D.C.A. – Harrisburg,
including expenses associated with the promotion of stability of
relations between labor and management, conducting of safety
campaigns, public relations campaigns and education programs,
the P.D.C.A. – Harrisburg's costs of collective bargaining, the
P.D.C.A. – Harrisburg's cost of the representation it receives in
the adjustment of grievances and in arbitration, and such other
programs and expenses as will be beneficial to the Commercial
Painting and Coating Industry.

**15.5    Payments to P.D.C.A. – N.E. PA**
EMPLOYERS covered by the P.D.C.A. N.E. PA – District
Council Collective Bargaining Agreement shall make
contributions to the P.D.C.A. N.E. PA I.A.F. at the rate of $.25
per hours worked.

**15.5.1    D.V.I.P.A. Industrial and Bridge Painting Fund**
Each Employer shall make a contribution to the Delaware
Valley Industrial Painters Alliance, Inc. (Industry Advancement
Fund) at a rate of  $.20 for each hour workers by each
EMPLOYEE who is engaged in performing industrial painting
or coating work of any kind including, without limitation,
bridge, tank, or structural steel painting or coating services.  The
Administrator of the Funds shall collect the Industry
Advancement Fund monies and remit these contributions to the
Delaware Valley Industrial Painters Alliance, Inc. (DVIPA) on a

31

monthly basis together with a report detailing the amounts collected from each Employer.

**15.6**  **Payments to Keystone Contractors Association**
EMPLOYERS covered by the Keystone Contractors Association – District Council Collective Bargaining Agreement shall make contributions to the Keystone Contractors Association I.A.F. at the rate of $.09 per hours worked.

## Fund Two (Painters Wallcoverers Zones 1 & 5)

**15.7**  The Employers shall establish and administer an Industry Advancement Program for the A.M.P.D. and all Independent Employers and Associations party to this Agreement.

**15.8**  The purpose of the Industry Advancement Program is to provide for activities which will promote and benefit the Painting, Decorating, Wallcovering and Drywall Finishing industries. Such activities may include but shall not necessarily be limited to: accident prevention; education; research into new methods and materials; public relations; industry relations with third parties including engineers, architects, government officials, suppliers, manufacturers, and insurance and bonding representatives; labor relations including, but not necessarily limited to: Collective Bargaining negotiations, grievance proceedings, and arbitration: management participation in Pensions, Health and Welfare, and other similar Funds; market development; standardization of contracts and specifications.

**15.9**  The activities of the Industry Advancement Program shall be financed by a Fund consisting of monies contributed to the EMPLOYERS by each and every EMPLOYER who is party to this Agreement.

**15.10**  The EMPLOYER agrees to contribute to the EMPLOYEES fifteen cents ($0.15) for each and every hour worked by each and every one of its EMPLOYEES covered by this Agreement. Such contribution shall be made to the EMPLOYERS monthly on or before the 30th day of the following calendar month, and shall be accompanied by a written report which shall be in a form approved by the EMPLOYERS.  See Article 13, Section 13.13.1, Funds Report.

**15.11**  If an EMPLOYER fails to make a contribution required by this Article, the Union shall have the right aside from any other legal remedies available to it, to direct the EMPLOYEES of such EMPLOYER covered by this Agreement to refrain from working for such EMPLOYER as long as such EMPLOYER is in default under this Article.

**15.12**   The I.A.P. Funds, at the regularly scheduled Joint Trade Board meeting, will present, for discussion, joint programs for the furthering the Trade industry(s) covered by this Agreement.

**15.13**   All painting contractors when performing industrial or bridge painting work, should operate under the terms of the D.V.I.P.A. Agreement and should make their Industry Fund contributions to the D.V.I.P.A.  I.A.F.

## ARTICLE 16

### District Council 21 Apprenticeship And Journeyperson Training

**16.1**   **Standards:**
The Finishing Trades of the Mid Atlantic Region (hereinafter referred to as the FTI) is hereinafter recognized as the official training provider for IUPAT District Council 21.  All documents regarding training issues are created and approved by the staff and Trustees of the FTI.  Nothing in these documents shall be interpreted as being inconsistent with existing or subsequent Collective Bargaining Agreements establishing higher standards. In the event of a conflict, the higher standards, whether in the Apprenticeship Documents or the Collective Bargaining Agreement, shall prevail.

**16.2**   **EMPLOYERS participation:**
All EMPLOYERS must participate in the Apprenticeship Program and will employ apprentices as directed by the Trustees of the FTI.   It is further agreed that all apprentices must attend training classes as part of their Apprenticeship Training Program.  The schedule for these classes shall be determined by the FTI.

**16.3**   **Training Fund:**
The FTI will consist of an equal number of members designated by the Associations and by District Council 21, with the right of each party to replace any of their designees. Refer to "Recognition" clause – Article 1.

The FTI shall be authorized to determine expenditures necessary for the proper functioning of the Training Program, such as a Coordinator, instructors, materials, equipment and such other items for personnel and training as deemed necessary.

33

Revenue for the Training Fund shall be provided by a contribution of the then current amounts provided herein per hour, per EMPLOYEE, paid by EMPLOYERS. This Payment shall be made in accordance with Article 13, Section 13.13.1

The FTI Trustees are hereby authorized to adopt such rules and procedures as it deems necessary and same shall bind all signatories to this Agreement.

**16.4    Ratio of Employment:**
Consistent with proper supervision, training, safety, and continuity of employment throughout the Apprenticeship, the ratio of apprentices to journey workers shall be one apprentice to three journey workers (1 to 3) of fraction thereof, or at a higher ratio determined by District Council 21

**16.4.1    *Fraction thereof is defined as:**
"The EMPLOYER may place one Apprentice on the job-site for one, two or three journey workers'; two apprentices for four, five or six journey workers'; three apprentices for seven, eight and nine journey workers, and follow this procedure thereafter."

**16.5**    No EMPLOYER shall be permitted to employ an apprentice unless approval is given by the Training Fund upon application.

**16.6    <u>Apprentice Wage Rates:</u>**

In subsequent years of this contract, Apprentices will be given the appropriate percentage of the Journeypersons total increase based on the current term of the Apprentice.   Distribution of the increase is determined by the Union.

**Glaziers:** *All Zones (1-5)
Term 1 = 50%
Term 2 = 60%
Term 3 = 70%
Term 4 = 85%

Glazier Apprentices shall advance to each next term on the anniversary of their start date so long as the requirements stated in the FTI Standards have been met.

**Painter, Drywall Finishers, Wallcoverers:** *All Zones (1-5)
Term 1 = 53%
Term 2 =65%
Term 3 = 80%
Term 4 = 90%

*All zones are defined in Article 5.

34

**16.7**    District Council 21 Apprenticeship Training and Journeyperson Education for Glazing/A.G.M.A. Contributing EMPLOYERS:

In order to accomplish the goals, objectives and expectations of the settlors of the Training Fund [the District Council and the various Associations], the Trustees are directed to use part of the trust assets to promote Apprenticeship and employment within the glazing industry. Efforts are needed to increase the number of qualified individuals applying to be Apprentices and Journeypersons in the glazing industry, and consequently , the Trustees are directed to establish programs to promote and communicate the advantages of being an Apprentice and Journeypersons in the glazing industry, to display the skills taught in the glazing industry, and to promote to the general public both the training provided by the Training Fund, and the benefits and rewards to the public of that training.

In order to effectuate this policy, the Trustees of the Training Fund are directed to establish a suitable written expense policy governing the expenditure of funds to promote these purposes. The Trustees shall provide copies of such written expense policies to the settlors, and all parties to this Collective Bargaining Agreement.

It is also the understanding of the parties to this Agreement that the funds contributed by signatory EMPLOYERS to the Finishing Trades Institute and the Training Fund shall not be used to train Apprentices or Journeypersons who will be employed by EMPLOYERS in the Glazing Industry that are not signatory to a Collective Bargaining Agreement providing for contributions to the Finishing Trades Institute and/or the Training Fund shall adopt and implement a Scholarship Loan Agreement Program which will require Apprentices and Journeypersons employed by signatory EMPLOYERS to repay the cost of training, either by service following training within the Union sector on the industry, or by actual repayment of the cost of training if the individual goes to work for a non-signatory EMPLOYER in the Glazing Industry. The cost of training shall include the reasonable value of all Finishing Trades Institute and Training Fund materials, facilities and personnel utilized in training.

## ARTICLE 17
## State Safety Code Compliance

**17.1**    All tools and equipment will meet and be used in conformity with all provisions of Federal Safety Codes.

35

17.2 EMPLOYEE willfully misusing said equipment, especially personal protective equipment designed for his or her safety, could be discharged by the EMPLOYER pending notification of his or her Union.

17.3 (For Glaziers Only) First Aid Kits shall be provided by the Employer in every Company vehicle, gang box and shop.

## ARTICLE 18
## Compensation Insurance Coverage

18.1 **Compensation Insurance Coverage:**
EMPLOYER shall be responsible for providing Workers' Compensation Insurance to his EMPLOYEES pursuant to the provisions of the Workers' Compensation Act of Pennsylvania and in any other state in which the EMPLOYEE may be working.

18.2 **Notification of Injury:**
All EMPLOYERS must, when a worker is injured as a result of an accident while working on a job, notify District Council No. 21 within 24 hours thereafter giving full report as to when, where and the extent of injuries sustained insofar as the facts will permit.

18.3 The Foreman or Steward shall notify the COUNCIL and their EMPLOYER of any accident on the job. If for any reason there is not a Foreman or Steward on that job the member who is present on that job must notify the COUNCIL and their EMPLOYER

18.4 **Work Injury:   (Zones 1, 5 & 6 - Glaziers Only)**

Any EMPLOYEE seriously injured on the job must be accompanied by either an EMPLOYER, designated employee or member employee for medical treatment as expeditiously as possible.  The accompanying employee shall be paid for any time lost up to a regular day of pay.

A new Alternative Dispute Resolution Workers' Compensation Program (ADR Program) shall be established and language drafted that is mutually acceptable to both parties at a later date.

36

## ARTICLE 19

### Acts, Relations, Rulings, Legal Jurisdiction

19.1    **Saving Clause**
Any Provisions here in this Agreement contained that are
contrary to or held to be in violation of any Federal, State or
Municipal law now in force and effect, or that may be hereafter
enacted and effective, shall have no force and effect for the
duration of such violation, it being intended, however, the
remaining lawful provisions hereof shall be unaffected.

## ARTICLE 20

### Promotion for Better Journeypersons and Industries

20.1    It is agreed that the advancement of a better qualified
journeyperson is to be promoted at all times.

20.2    It is agreed that a standing Industry Committee made up of
Labor and Management be appointed and meet at such times
that are mutually agreed upon to discuss joint problems of the
Industries of Painting, Wallcovering, Drywall Finishing, and
Glazing and to make such recommendations to the EMPLOYER
Associations and the District Council.

20.3    An organized glazing journeyperson shall be defined as any
individual who has experience in the glazing industry, has
passed the required proficiency evaluation exam, and has been
given final approval by at least one (1) labor and one (1)
management Craft Committee member.  An "organized"
individual shall be required to complete an OSHA 30 course
within ninety (90) days of his/her acceptance.  The Craft
Committee may require additional training for any or all
organized journeypersons that it deems necessary.

20.4    **Drywall Finishers ONLY:** A program shall be offered by the
District Council (or Local Union) Apprenticeship Program for
advanced or upgraded journeyperson training for all
journeypersons working under this Agreement.  Journeypersons
shall be required to take such courses in accordance with the
following rules:

20.5    **Drywall Finishers ONLY:** An organized drywall finisher
journeyperson shall be defined as any individual who has
experience in the drywall finishing industry, has passed the
required proficiency evaluation exam, and has been given final
approval by at least one (1) labor and one (1) management Craft

37

Committee member.  An "organized" individual shall be required to complete an OSHA 30 course within one hundred and eighty (180) days of his/her acceptance.  The Craft Committee may require additional training for any or all organized journeypersons that it deems necessary.

## ARTICLE 21

### More Favorable Terms

21.1      **More Favorable Terms:**
The COUNCIL agrees that should it enter into any Agreement with an individual EMPLOYER or group of EMPLOYERS to provide wages or working conditions more favorable to the EMPLOYER than are included in this Agreement, such more favorable wages and working conditions shall automatically be included in this Agreement.

## ARTICLE 22

### Drug & Alcohol Policy

22.1      The Union and the Employer agrees that a committee made up of both Union and EMPLOYERS, will meet for the purpose of establishing an industry wide Drug & Alcohol Policy with mandatory testing.  If such a policy is established, the Union will take all necessary steps to make its membership aware of this policy in advance of its implementation.  There is no set time limit for establishing this Policy.

**Drywall Finishers ONLY:** See Article 25.18.

## SPECIFIC PROVISIONS & CONDITIONS FOR ALL CRAFTS BY ZONES

**Article 23 through 26 take precedence over and supersede any conflicting provisions in Articles 1 through 22 when EMPLOYERS are employing members of the foregoing trades in the foregoing zones**

### Article 23- PAINTER, WALLCOVERERS, ZONES 1 & 5

**23:      SPECIFIC PROVISIONS & CONDITIONS FOR EMPLOYING PAINTERS & WALLCOVERERS IN ZONES 1 & 5 ONLY.** Paragraphs 23.1.11, 23.1.13.1 & 23.1.16.8 only apply to those EMPLOYERS who regularly employ the foregoing trades in the foregoing zones and belong to the Association which negotiated with the Union over the provisions in Article 23.

23.1    **Scope of Work:**
**Painters:**
The work jurisdiction of the Painters and Decorators shall include but not necessarily be limited to the description provided in the I.U.P.A.T. General Constitution, but will also include all types of coatings in conjunction with painting, waterproofing, masonry restoration, metal polishing/refinishing, decorating, sealing, caulking, lead removal and/or abatement, encapsulating, lining, fire-proof, etc; including any and all preparations, such as cleaning, patching, caulking, blasting, stripping, and/or all removal necessary to apply any and all coatings interior and/or exterior.

23.2    **Tools and Equipment:**
All tools, material and equipment including the debris caused thereby, pertaining to the work and the preparation thereof which is covered under this Agreement, including but not limited to compressors, hoppers, power tools, and all mechanical and hand tools used for surface preparation and surface finishing, the loading and unloading thereof, shall be handled and/or performed by EMPLOYEES covered by this Agreement.

23.3    **Wallcoverer:**
The work jurisdiction of the Wallcoverer shall include but not necessarily be limited to the description provided in the I.U.P.A.T. General Constitution but will also include all papers, vinyls, flexible woods, fabrics. Borders, metals, installed on walls, ceilings and columns installed, stretched and stapled on adhesives of any kind.  Installation of fabric covered panels made of plastic and wood pre-finished products of micore, fiberglass, etc. acrovyn and various plastic wallcoverings including wainscot caps, corner moldings and accessories.  Wall carpets installed with adhesives, stretched, stapled or adhered by any method.

## Work schedule

23.4    **Hiring of EMPLOYEES**

23.4.1    **Referrals and Registration of EMPLOYEE:**
The Council shall register and refer all qualified applicants for employment for the painting, decorating, and wallcovering industries and all work covered under this Agreement. The District Council will be the first source of referrals for qualified applicants for employment and will furnish the EMPLOYER with the required number of qualified EMPLOYEES needed that are registered on the out-of work list posted at the District Council.

23.4.2    **Non-Discrimination:**
The selection of qualified applicants for referral to jobs shall be on a non-discriminatory basis and shall not be based on, or in any way affected by, Union membership, by laws, regulations, constitutional provisions or any other aspect or requirements, except as outlined in this Agreement.

23.4.3
The EMPLOYER and the Union agree that there shall be no discrimination against EMPLOYEES or applicants in violation of federal, state or municipal statutes.

23.4.4    **Special skills:**
When the EMPLOYER requests a qualified applicant with special skills and abilities, the Union shall refer, to the best of their ability, such EMPLOYEE who is qualified to perform the work.

**23.4.5     Rehire of steady EMPLOYEE:**
The EMPLOYER shall have the right to hire back at any time, steady EMPLOYEE. These designated EMPLOYEES will be registered with the Union once a year at the beginning of the year. Recall to work of these EMPLOYEES will not count as a turn in the 50/50 hiring system now in place, but all steady EMPLOYEES must register with the Union when they are laid off and rehired.

**23.4.6     Members Refusal to work:**
The Union will not be held responsible for any member's refusal to return to work for any previous EMPLOYER.

**23.4.7     Priorities in employment:**
The EMPLOYER agrees that priority in employment shall be given in the following manner.

**23.4.7.1**  EMPLOYEES previously employed by that EMPLOYER.

**23.4.7.2**  EMPLOYEES who have been employed within the industries by any EMPLOYERS having a collective Bargaining Agreement with the District Council 21 A.M.P.D, A.G.M.A, I.F.C.A, PDCA and any other/ EMPLOYER Association recognized by this Union.

**23.4.7.3**  EMPLOYEES otherwise employed in the industries and lastly to persons competent and qualified for employment.

**23.4.8     50/50**
It is understood and agreed that the hiring system will be a "shared hiring system" of 50/50 or 1 to 1. The first qualified member selected by the EMPLOYER will be referred by the District Council from the "out of work register." The next qualified member to be employed by said EMPLOYER will be selected by the District Council from the "out of work register" and will continue so on in an alternating manner for all hired EMPLOYEES, qualifications prevailing.

**23.4.9     Reject EMPLOYEE:**
The EMPLOYER shall have the right to reject an applicant for employment as long as it does not interfere with the member's rights and responsibility as a member of the I.U.P.A.T.

**23.4.10   Exhaustion of out of work list:**
If the registration list is exhausted and the District Council is unable to refer qualified applicants for employment to the EMPLOYER within 24 hours after receiving such request, (weekends and holidays exempt) the EMPLOYER shall be free to secure applicants from any sources available, without the

41

referral procedure. The EMPLOYER must notify the District Council promptly of the names, addresses and Social Security numbers of any such hired EMPLOYEES.

**23.5**    **Reporting of jobs:**
The EMPLOYER must report to the District Council the start and/or re-start of any job before EMPLOYEES are sent to said job. The EMPLOYER must submit to the Council, a monthly report listing all new jobs, new EMPLOYEES and termination of EMPLOYEES.

**23.6**    **Work Day:**
The regular workday is to be any 8 hours between 6 A.M. to 6 P.M.  However, when a make-up day is desired, a 10-hour day may be worked when mutually agreed.  Present EMPLOYEES on the job will have first option to work.

**23.6.1**    **Make-Up Day Exterior:**
Due to inclement weather during the normal work week and through no fault of the Contractor, a makeup day (Saturday) may be used. The make up day will be paid at straight time rate.

**23.6.2**    **Make-Up Day Interior:**
A make up day may be used when due to no fault of the Contractor and mutually agreed upon between the EMPLOYER and District Council 21. Wages will be paid at straight time rate. Prior notice must be given to District Council 21.

**23.6.3**    **Work Week:**
The work week is forty (40) hours. The flexible work week will be Monday through Saturday.

**23.7**    **Overtime:**
Time worked in excess of eight hours per day (except when the ten hour work day option is utilized) or more than 40 hours per week shall be paid at the overtime rate. This applies to Saturday and Sunday work, which shall be paid at the overtime rate except, when Saturday is being utilized as a make up day.

**23.7.1**    **Overtime Rate:**
All overtime will be paid at time and a half.

**23.7.2**    **Holiday Rate:**
Any hours worked on holidays will be paid at double time.

**23.8**  **Four Tens:**
When the ten-hour day option is used, then all hours over ten hours in one day shall be paid at time and a half. Friday may be utilized as a make up day, however the employee may turn down working the make up day.

**23.9**  **Saturday-Sunday Work:**
When Saturday and/or Sunday is required, the EMPLOYER shall notify the COUNCIL before 4:00 P.M. on the Friday preceding, with the understanding that the EMPLOYER be permitted to notify after that hour if an emergency came up after 4:00 p.m. If the EMPLOYER'S client fails to notify him to proceed with work on Saturday and/or Sunday in time for the EMPLOYER to so notify the COUNCIL, then the EMPLOYER shall fax the notice to the office of the COUNCIL, or work will not proceed.

**23.10**  **Payment of Fringes and Wages**
Wages shall be paid weekly.  No more than five (5) days shall be retained by the EMPLOYER at any time.  EMPLOYEES shall be paid on the job site.  Check to be mailed if EMPLOYEE is absent.  A new EMPLOYEE has the option to request and obtain an advance against retained earnings during the first week of employment.  Whether wages are paid cash or check, EMPLOYEES shall be furnished with forms, e.g., check stubs, on which shall be noted worked and deductions made for the period.

**23.11**  **Bad Checks:**
When an EMPLOYEE is paid with a bad check, the EMPLOYER shall be made to pay cash thereafter for the duration of this Agreement.  The EMPLOYEE will be paid the hourly rates until the EMPLOYER rectifies this offense.

**23.12**  **Fringe Calculations:**
The EMPLOYER agrees to pay fringes for each hour paid up to eight (8) hours and after eight (8) hours, fringes on each hour worked.

**23.13**  **Notice of Layoff:**
Notice of layoff shall be given one (1) hour before quitting time. When EMPLOYEE is laid off or quits, his check may be mailed at the next regular pay period.

43

**23.13.1   Layoff for Alleged Cause:**
When an EMPLOYEE is laid off by the EMPLOYER for alleged cause and is replaced by another EMPLOYEE on the same job, EMPLOYEE shall immediately report the matter to the Council for investigation. The matter will be handled under Article 11.

**23.14   Holidays:**
The holidays to be observed are: New Year's Day, Memorial Day, Independence Day, Thanksgiving Day, and Christmas Day. No work may be performed on Labor Day. Time worked on these days will be worked at the overtime rate.

## Wage provision

**23.15   Foreman:**
When one to eight (8) EMPLOYEES are employed on a job one EMPLOYEE will be designated foreman and shall receive $1.00 above the then current base rate. When nine (9) to nineteen (19) EMPLOYEES are employed on a job the foreman shall receive $2.00 above the then current base rate.  When there is more than twenty (20) EMPLOYEES on a job a foreman shall then receive $3.00 above the then current base rate.

**23.15.1   EMPLOYEE Deductions:**
The EMPLOYER shall deduct the sum covering the Vacation Fund, $1.00 per hour, and $.20 per hour P.A.C. Fund and $.03 per hour for the DC # 21 Scholarship Fund (which are included in the Schedule A rates) from the net weekly pay (i.e. after taxes) and make a notation of such deduction on the EMPLOYEE'S pay envelope or check stubs. These deductions and payments are not applicable to overtime work.  These monies deducted shall be paid in accordance with Article 13 of this Agreement.

**23.15.2   Automatic Reduction:**
The rate of wages will be automatically reduced if it is mutually agreed that a portion of these increases be allocated to payments into the Various Funds. Payments for fringe benefits are provided under Article 13.

**23.15.3   Night work:**
Time worked on night work shall be paid at One Dollar ($1.00) per hour in addition to the basic rates.

**23.15.4**  **Show Up Time / Minimum Hours:**
When an EMPLOYEE reports to either the shop or a job site and is unable to work due to circumstances beyond the control of the EMPLOYER, then the EMPLOYEE shall be paid two (2) hours "show up time". Should that EMPLOYEE begin working, then EMPLOYEE shall be paid for the actual time worked.

**23.15.5**  **Pyramiding:**
There shall be no pyramiding of Premium Rates.

**23.15.6**  **Higher rates:**
It is agreed that when EMPLOYEES are working in a Zone where higher rates are paid, COUNCIL members are to be paid the higher rate.

**23.15.7**  **Room & Board:**
EMPLOYERS are to pay full board and fare to and from work out of town where such men do not return home daily. Men shall furnish itemized list of expenses to EMPLOYER. Pay for travel time not to exceed eight (8) hours of twenty-four (24) hour day.

## Defined Rates:

**23.15.8**  **Industrial Rate**

**23.15.9**  **Bridge Rate**

**23.15.10**  **Commercial Premium Rate:**
**Steel, Spray, Epoxy, HiPAC-Coatings, Catalyzed Epoxy, Urethanes, Removers. Swing, Basket Sandblasting,**

**Zone 1**  **$ 1.25 per hour above base rate (Commercial Work only)**
**Zone 5**  **$0.55 per above the base rate**

**23.16**  **Parking for Wallcoverers Only:**  (Zone 1)
The EMPLOYER will pay for parking the first day on the job and the last day on the job with parking receipts to be submitted.

45

## Work Rules Painters & Dry Wall Finishers

**23.17**   **Clothing Protection:**
EMPLOYER shall provide suitable space on the job site for the safeguarding of clothing of EMPLOYEES. The EMPLOYERS shall furnish to all EMPLOYEES protective apparel necessary to safeguard EMPLOYEES from health hazards, as prescribed for by Federal regulations

**23.17.1**   **Personal wash-up Facilities:** **(Industrial & Bridge only)**
Water and soap shall be provided to EMPLOYEES for use at noon time and quitting time; for each time they shall have five (5) minutes grace for washing up. Clean up time to be fifteen (15) minutes for EMPLOYEES working on the outside of a job. This time is to be used for personal clean up only.

**23.17.2**   **Furnishing of Equipment:**
EMPLOYER shall furnish and deliver all equipment for the use of EMPLOYEES.

**23.17.3**   **Cause for Dismissal:**
It shall be the responsibility of the EMPLOYEE to use all safety equipment provided by the EMPLOYER. Violators shall be subject to immediate dismissal for failing to do so.

**23.17.4**   **EMPLOYEES Tools:** **(All Crafts except Glazers)**
EMPLOYEES shall furnish putty knives and dusters, and will furnish and wear clean white overalls on commercial and residential work.

## Work Rules Wallcoverers

**23.18**   **EMPLOYER Obligation:**
EMPLOYER shall furnish and deliver to and from job, all materials, stock, paper, paste, ladders, pasteboards, trestles and straightedges. EMPLOYER shall furnish sizing brushes and rollers.

**23.18.1**   **Non Discrimination**:
EMPLOYERS shall not discriminate in any manner against an EMPLOYEE who chooses not to carry tools. EMPLOYEES may carry tools on a voluntary basis.

**23.18.2**   **Tool Restriction**:
Tools shall consist of no more than five (5) boards; four (4) trestles, one straight edge and one four foot ladder. No adhesive or wallcovering shall be carried. EMPLOYERS shall also furnish above mentioned tools.

46

## Work definitions Painters

**23.19.1  Bridge:**
All bridges that span water, railroad bridges, and bridges over canyons, viaducts and appurtenances.

**23.19.2   Industrial:**
Refineries, tanks, hangers, ceilings over 60 feet, nuclear plants, steel mills, towers, steeples, dams etc. and or any work that would require cables as a platform to work on.

**23.19.3   Commercial:**
All office buildings, warehouses, schools, hospitals, museums, theaters of any kind, malls, department stores, food stores, supply houses, depots, strip malls, churches, retirement homes, apartment buildings, condominiums, hotels, motels, restaurants, commercial culinary facilities, manufacturing facilities, machinery and equipment, conveyer systems and stadiums.

**23.19.4   Market Recovery**
The organizing, market recovery and maintenance of work language and rates of pay shall not be utilized on any category of work, for any trades where the work historically was being performed by Members of the Union and which can be maintained by the EMPLOYER and the Union at the established rates and conditions.

**23.19.4.1**
It is agreed that EMPLOYERS signatory to the Collective Bargaining Agreement will in no way discriminate, intimidate, threaten any disciplinary action such as job loss and/or used as a condition of employment against all present and future EMPLOYEES refusing to work under the guidelines of this Article.

**23.19.4.2**
The organizing, market recovery and maintenance of work language is to be used to organize new work opportunities, recover work formerly performed by Union members and EMPLOYERS and/or to maintain present work opportunities for our members.

**23.19.4.3**
Any EMPLOYER signatory to this Collective Bargaining Agreement shall notify the Council not less than forty-eight (48) hours prior to the bidding of a Market Recovery job, so as to provide the Council with an opportunity to investigate whether the job in question qualifies for payment of Market Recovery rates.

47

**23.19.4.4**

In the event that the Council believes that an EMPLOYER has improperly designated a job as receiving Market Recovery rates, then the Council may submit a grievance pursuant to the Grievance Arbitration Procedure set forth in this Collective Bargaining Agreement. With the exception of the added section 23.1.20.5 in this Article, which will rule as to the cost of the Arbitration and litigation.

**23.19.4.5**

The burden of proof in any arbitration concerning the applicability of Market Recovery rates shall be on the EMPLOYER to establish that the payment of Market Recovery rates on the job in question is proper. In the event that the EMPLOYER loses such arbitration, then the EMPLOYER shall be responsible for all fees of the American Arbitration Association, the fees and expenses and legal fees of the Council. Further, the EMPLOYER shall pay to the EMPLOYEES who performed the work on said job the full wage and benefit levels provided for in this Collective Bargaining Agreement.

**23.19.4.6**

**The terms and conditions for market recovery shall be as follows:**

- ❖ There shall be no restriction on tools or production
- ❖ There shall be no shift differentials
- ❖ Workweek shall be Monday through Sunday, inclusive. All work in excess of forty hours shall be paid at time and one half.
- ❖ Four ten (10) hour days shall be allowed when needed.
- ❖ Apprentice ratio may be as low as one to one, one apprentice for every journeyperson. This ratio should never be higher than three to one on any project, unless the needed apprentices are not available.
- ❖ Market Recovery rates **may not** be used on any **Federal** or **State prevailing rate** projects. The **District Council** will designate the areas where Market Recovery will be utilized. Any projects in areas other than the designated areas must be **approved** by the **Business Manager/Secretary Treasurer** of **District Council 21**. **If not approved in writing, Market Recovery rates can not be used**

48

23.20   **Wage & Benefits:**
   **The basic wages and fringe benefits levels for Market Recovery work shall be:**

23.21   **Job Steward, Painters and Wallcoverers:**

23.21.1   **Place & Appointments:**
The EMPLOYER agrees that a District Council Representative may place, then appoint, a working Job Steward at the start of any job lasting **forty (40)** man days or more; and the EMPLOYER will be given three (3) names to choose from when a Steward is to be placed and then appointed on a job site. A Job Steward will be appointed by the District Council on all other projects from the EMPLOYEES on the job.

23.21.2   **Duties of:**
The EMPLOYER will recognize the Steward in the respect that the Steward will check all the EMPLOYEES on the job to see that they have been hired per this Agreement.
The Steward shall keep an accurate daily record of the names, District Council Members' actions and the time of each and every member on his particular job and will report to the Union on a weekly basis

23.21.3   **Pay Scale & Removal Of:**
The Job Steward shall not be removed for performing their duties. COUNCIL is to be notified 24 hours before a Steward is removed from the job. The Charge person and the Steward shall be the first persons to return to work when the job is resumed. The Steward will receive the highest journeyperson's wage rate on the job. The Steward will remain on the job until completion thereof if qualified in the opinion of the EMPLOYER and the COUNCIL.

If a job is shut down temporarily and the EMPLOYEES are sent to another job, the Steward will also be given work.

23.21.4   **Dispute over Layoff:**
Steward, if laid off contrary to Sec. 23.1.24.3 of this Article, or any dispute relative to this clause, upon complaint of the Steward, case shall be referred to, and handle by, the EMPLOYER, COUNCIL Representative and Steward on the job and if not settled by these parties, case shall be referred to the grievance procedure herein provided for proper consideration and disposition.

49

**23.22**   **Shop Steward (Zone 1 Wallcovering only)**
The EMPLOYER will recognize the Shop Steward elected by
the EMPLOYEES, or appointed by the Union from among the
steady EMPLOYEES, upon request, the EMPLOYER will
furnish Shop Steward with a list of all EMPLOYEES in the
specific shop and the location of all jobs where EMPLOYEES
are working. The Shop Steward shall not be discriminated
against in any way because of his performance of his duties as
Shop Steward. The Shop Steward shall be the last EMPLOYEE
laid off providing he is qualified for the job.

**23.23**   **Misc.**

**23.23.1**   **Time Sheet**.
Except for the purpose of gathering factual data for estimating
purposes, Daily Time Sheets specifying the number of items
performed per day for the purpose of task work shall not be
allowed by EMPLOYER.

50

**Article 24-PAINTERS, WALLCOVERERS, DRYWALL FINISHERS, ZONES 2, 3, 4**

**24      SPECIFIC PROVISIONS & CONDITIONS FOR EMPLOYING PAINTERS, DRYWALL FINISHERS & WALLCOVERERS IN ZONES 2 & 3 ONLY.** Paragraphs 24.8.4, 24.16.1, 24.16.2 & 24.17 only apply to those EMPLOYERS who regularly employ the foregoing trades in the foregoing zones and belong to the Association which negotiated with the Union over the provisions in Article 24.

**24 (A)   SPECIFIC PROVISIONS & CONDITIONS FOR EMPLOYING PAINTERS, DRYWALL FINISHERS & WALLCOVERERS IN ZONE 4 ONLY.** Paragraphs 24.7.3(A), 24.7.4(A), 24.7.6(A), 24.8.1(A), 24.8.3(A), 24.8.9(A), 24.9.3(A), 24.9.6(A), 24.14.5(A) & 24.17(A) only apply to those EMPLOYERS who regularly employ the foregoing trades in the foregoing zones and belong to the Association which negotiated with the Union over the provisions in Article 24.

24.1      **Scope of work**
           **Jurisdiction of Work, Tools, Coatings and Wallcoverings**

24.2      **Painter:**
           The work jurisdiction of the Painters and Decorators shall include but not necessarily be limited to the description provided in the I.U.P.A.T. General Constitution, but will also include all types of coatings in conjunction with painting, waterproofing, masonry restoration, fire caulking, flame/fire spray, metal polishing/refinishing, decorating, sealing, caulking, lead removal and/or abatement, encapsulating, lining, fire-proof, etc; including any and all preparations, such as cleaning, patching, caulking, blasting, stripping, and/or all removal necessary to apply any and all coatings interior and/or exterior.

24.3      **Wallcoverers:**
           The work jurisdiction of the Wallcoverers shall include but not necessarily be limited to the description provided in the I.U.P.A.T. General Constitution but will also include all papers, vinyls, flexible woods, fabrics, borders, metals installed on walls, ceiling and columns installed, stretched and stapled on adhesives of any kind. Installation of fabric covered panels made of plastic and wood pre-finished products of micore, fiberglass, etc. acrovyn and various plastic wallcoverings including wainscot caps, corner moldings and accessories. Wall carpets installed with adhesives, stretched, stapled or adhered by any method.

51

**24.4**   **Drywall Finishers:**
The work jurisdiction of the Drywall Finisher and any member of the International Union of Painters and Allied Trades affected by this Agreement shall include "all levels of finishing of ALL surfaces for all coatings but not limited to the Gypsum wallboard taping and finishing system including, but not limited to: Spackling, glaze coating walls or ceilings, spray level 5, spotting nails, taping, coating tapes, and/or corner beads or flex bead; patching and sanding is within the system of preparing surfaces for their finish.

All clean up of work associated with these products and scope of work including removal of debris to refuse site, to leave work area in a clean, orderly manner. Sufficient time will be allowed for the clean up of any tools and equipment.

**24.5**   **Tools and Equipment all crafts:**
All tools, material and equipment including the debris caused thereby, pertaining to the work and the preparation thereof which is covered under this Agreement, including but not limited to compressors, hoppers, power tools, rollers, brushes and spray equipment, all AMES TYPE TOOLS and all mechanical and hand tools used for surface preparation and surface finishing, the loading and unloading thereof, shall be handled and/or performed by EMPLOYEES covered by this Agreement.

**24.6**   **Hiring of EMPLOYEE:**

**24.6.1**   **Sole & Exclusive:**
The Union shall be the sole and exclusive source of referrals of applicants for employment.

**24.6.2**   **Reject applicant:**
The EMPLOYER shall have the right to reject any applicant for employment if EMPLOYEE had previously worked for said EMPLOYER. Notice must be given in writing as to why the EMPLOYEE is not suitable for work.

**24.6.3**   **Non-Discrimination:**
The Union shall select and refer applicant for employment without discrimination against such applicants by reason of membership or non-membership in the Union and such selection and referral shall not be affected in any way by rules or regulations, bylaws, constitutional provisions, or any other aspect of obligation of the Union membership policies or requirements. All such selection and referral shall be in accordance with the following procedures.

52

**24.6.4**   **Hiring Procedures:**
The Union shall maintain a register of applicants for
employment established on the basis of skills that
EMPLOYERS may require.  Each applicant for employment
must be registered in the Priority for which he qualifies.
Applicants shall be listed in chronological order of the dates
they register.  The EMPLOYER may request former
EMPLOYEES. They may also request those with special skills,
or certifications.

**24.6.5**

EMPLOYERS shall advise the Union of the number of
applicants needed.  The Union shall refer applicants to the
EMPLOYER by referring applicants in the order of their places
on the register; provided they are qualified to perform the
specific task needed.

**24.6.6**

All members on lay-off must report to the Local Union Business
Representative to be put on the "Hiring Hall List" for referral
and or to be requested by EMPLOYER.

**24.6.7**

SOLICITING EMPLOYMENT IS PROHIBITED.

**24.6.8**

Qualified EMPLOYEES shall be referred out to EMPLOYERS
in the order of how long they have been unemployed, with the
EMPLOYEE on top of the list being unemployed the longest
period of time and the rest of the list following in that same
order.

**24.6.9**

The EMPLOYER must accept the person who the Union has
referred to them, if qualified, and has not previously worked for
them.  The EMPLOYER may reject this EMPLOYEE if the
EMPLOYEE proves to be unqualified, but the EMPLOYER
must notify the Union in writing of the EMPLOYEE being
unqualified for the work being assigned them.

**24.6.10**

When all bargaining Unit members are employed and an
EMPLOYER needs additional EMPLOYEES, he must give the
Union an opportunity to provide suitable applicants.

**24.6.11**

Should any person referred for employment be terminated for cause, his or her referral privileges shall be suspended for two (2) weeks.  Should the same individual be terminated for cause a second time within a twenty four (24) month period, his or her hiring hall privileges shall be suspended for two (2) months.  Should the same individual be terminated for a third time within a twenty four (24) month period, his or her referral privileges shall be suspended indefinitely.

**24.6.12**

A termination shall not be considered as "for cause" for purpose of this provision if the person referred for employment has filed a grievance challenging the propriety of his or her termination, unless and until the grievance is resolved in a manner that affirms the termination for cause.  For the purpose of this provision, a decision of the District Council 21 Joint Trade Board and/or an arbitrator shall be final and binding.

**24.6.13**

The provisions in Sections 23.6.11 and 23.6.12 notwithstanding, a Termination Review Committee may, upon written request of the applicant, vacate or reduce the period of suspension should the Committee determine, following inquiry or investigation, in its sole and complete discretion, that equity requires such action.

**24.7**      **Work schedule**

**24.7.1**      **Work Day:**
The maximum number of regular hours to be worked by an EMPLOYEE covered under this Agreement shall be forty (40) hours per week, eight (8) consecutive hours in one day from 6:00 A.M. to 4:30 P.M. four (4) ten (10) hour days at straight time shall be permitted on all jobs.

**24.7.2**      **Work Week:**
The Work Week is forty (40) hours, Monday through Friday. Saturday is to be a make-up day for inclement weather.

**24.7.3**      **Overtime:**
All hours in excess of the regular work day and work week and all work outside of the regular work day or work week shall be considered overtime. Overtime shall be paid at the rate of time and one half (1 ½) times the applicable rate.

Double Time shall be paid on Sundays and Holidays on all Project Labor Agreement Jobs and on any job where the work is being done through a General Contractor or Construction Manager.

**24.7.3(A) Overtime:**
All hours in excess of the regular work day and work week and all work outside of the regular work day or work week shall be considered overtime. Overtime shall be paid at the rate of time and one half (1 ½) times the applicable rate.

**24.7.4      Four tens overtime:**
When the ten-hour day option is used, then the eleventh and twelfth hours will be paid at time and one half. The fifth day will also be paid at time and one half.  After twelve hours or five days the hours shall be paid at time and one half.  Double Time shall be paid as stated in 24.7.3.

**24.7.4(A) Four tens overtime:**
When the ten-hour day option is used, then the eleventh and twelfth hours will be paid at time and one half. The fifth day will also be paid at time and one half.  After twelve hours or five days the hours shall be paid at time and one half.

**24.7.5      Payment of Benefits: (overtime)**
The EMPLOYER agrees to pay all fringes due under this Agreement on each hour paid, including all overtime.

**24.7.6      Holidays:**
The holidays to be observed are: New Year's Day, Memorial Day, Independence Day, Thanksgiving Day, Christmas Day, Good Friday, Veterans Day and Labor Day.  No work will be allowed on Labor Day under any circumstances.

When holidays fall on a Saturday or Sunday, employees will be allowed to work the following Monday, but double time must be paid.

On Project Agreements jobs, holidays will conform to the majority of Trades.

**24.7.6(A) Holidays:**
The holidays to be observed are: New Year's Day, Memorial Day, Independence Day, Thanksgiving Day, Day after Thanksgiving Day (Black Friday), Christmas Day, Veterans Day and Labor Day.  No work will be allowed on Labor Day under any circumstances.

When holidays fall on a Saturday or Sunday, employees will be allowed to work the following Monday, but time and one half must be paid.

55

24.7.7    **Notice of Layoff:**
Notice of layoff shall be given two (2) hours before quitting time.  When EMPLOYEE is laid off or quits, his check may be mailed at the next regular pay period.

## 24.8    Wage Provision

24.8.1    **Foreman:**
When two to four EMPLOYEES are employed on a job one EMPLOYEE will be designated foreman and shall receive $.50 above the then current highest rate on the job.  When there are five or more EMPLOYEES on a job the foreman shall receive $1.00 above the then current highest rate on the job.

24.8.1(A)  **Foreman:**
When two to four EMPLOYEES are employed on a job one EMPLOYEE will be designated foreman and shall receive $.50 above the then current base rate. When there are five or more EMPLOYEES on a job the foreman shall receive $1.00 above the then current base rate.

**(For Drywall Finisher's ONLY)**
When two to four EMPLOYEES are employed on a job one EMPLOYEE will be designated foreman and shall receive $.50 above the then current base rate. When there are four to eight EMPLOYEES on a job the foreman shall receive $1.00 above the then current base rate.  When there are nine or more EMPLOYEES on a job the foreman shall receive $2.00 above the current base rate of pay.

24.8.2    **Shift Provision:**
An EMPLOYER may, upon notification of the Union, establish a second or third shift, which begins or extends outside the normal hours of work.  EMPLOYEES working a second or third shift are entitled to One dollar above the rate for shift rate over the base wage rate.  Shifts so established must be for a minimum of five (5) consecutive nights.  EMPLOYERS may request the Union to consider a shift less than five (5) nights.

24.8.3    **Additional Shift Provision:**
On Industrial and Bridge rates the night shift deferential shall be paid at 10% above the aforementioned classifications rates on second shift, and 15% above those rates on 3rd shift.

24.8.3(A)  **Additional Shift Provision:**
On Industrial, Bridge and Industrial Off Line Refurbishment rates, the night shift deferential shall be paid at 10% above the aforementioned classifications rates on second shift, and 15% above those rates on 3rd shift.

**24.8.4**   **Room & Board:**
EMPLOYERS are to pay full board and fare to and from work out of town where such men do not return home daily. Men shall furnish itemized list of expenses to EMPLOYER. Pay for travel time not to exceed eight (8) hours of twenty-four (24) hour day.

**24.8.5**   **Two shifts:**
If an EMPLOYEE has to report to work for a day shift and is on a night shift when they are asked, said EMPLOYEE shall not work past midnight, but shall be paid for the whole shift up to eight hours.

**24.8.6**   **Pyramiding:**
There shall be no pyramiding of Premium Rates with the exception of Foreman's pay.

**24.8.6(A) Pyramiding:**
There shall be no pyramiding of Premium Rates.

**24.8.7**   **Higher rates:**
It is agreed that when EMPLOYEES are working in a Zone where higher rates are paid, COUNCIL members are to be paid the higher rate.

**24.8.8**   **Show up Time / Minimum Hours:**
When an EMPLOYEE reports to either the shop or a job site and is unable to work due to circumstances beyond the control of the EMPLOYER, then the EMPLOYEE shall be paid two (2) hour "show up time". Should that EMPLOYEE begin working, then he shall be paid for the actual time worked.

**24.8.9**   **EMPLOYEE Deductions:**
The EMPLOYER shall deduct the sum covering the Vacation Fund, $.50 per hour (Local 218 and Local 41 Vacation Fund ONLY), $.10 per hour P.A.C. Fund and $.03 per hour for the DC # 21 Scholarship Fund (which are included in the Schedule A rates) from the net weekly pay (i.e.; after taxes) and make a notation of such deduction on the EMPLOYEE'S pay envelope or check stubs. These deductions and payments are not applicable to overtime work.  These Monies deducted shall be paid in accordance with Article 13 of this Agreement.

**24.8.9(A) EMPLOYEE Deductions:**
The EMPLOYER shall deduct the sum covering $.05 per hour P.A.C. Fund and $.03 per hour for the DC # 21 Scholarship Fund from the net weekly pay (i.e.; after taxes) and make a notation of such deduction on the EMPLOYEE'S pay envelope or check stubs. These deductions and payments are not

applicable to overtime work.  These Monies deducted shall be paid in accordance with Article 13 of this Agreement.

**24.8.10**  **Automatic Reduction:**
The rate of wages will be automatically reduced if it is mutually agreed that a portion of these increases be allocated to payments unto the Various Funds. Payments for fringe benefits are provided under Article 13 hereof.

**24.9**  **Defined Rates:**

**24.9.1**  **Commercial Rate:  (See Article 5)**

**24.9.2**  **Repaint Rate**

**24.9.3**  **Premium Rate for all Classifications:**
Steel, Spray Painting, Paper Hanging, Vinyl Wallcovering HiPAC-Coatings, Catalyzed Epoxy,Urethanes, Removers. Blasting with Liquids or Solids, Steam Cleaning. Swing Scaffolds, Cherry Pickers and High Reaches above (35) feet. Applying Hazardous Materials.
**$1.00 per hour above base rate**

**24.9.4**  **Height Rate**
EMPLOYEES are entitled to Height Rate when required to work at a hazard/height situation, that is, when working, over thirty five (35) feet.

**24.9.5**  **Industrial Rate**

**24.9.6(A)  Industrial Offline Refurbishment Rate**

**24.9.7**  **Bridge Rate**

**24.9.8**  **Drywall Rate**

**24.9.9**  **Drywall Premium Rates**
Any use of machine tools and stilts.
**$1.00 per hour above base rate**

**24.10**  **Market Recovery (Locals 41, 218 & 1269 ONLY)**
The organizing, market recovery and maintenance of work language and rate of pay shall not be utilized on nay category of work, for any trades where the work historically was being performed by Members of the Union and which can be maintained by the EMPLOYER and the Union at the established rates and conditions.

It is agreed that EMPLOYERS signatory to the Collective Bargaining Agreement will in no way discriminate, intimidate, threaten any disciplinary action such as job loss and/or used as condition of employment against all present and future EMPLOYEES refusing to work under guidelines if this Article.

The organizing, market recovery and maintenance of work language is to be used to organize new work opportunities, recover work formerly performed by Union members and EMPLOYERS and/or to maintain present work opportunities for our members.

Any EMPLOYER signatory to this Collective Bargaining Agreement shall notify the Council not less than forty-eight (48) hours prior to the bidding of a Market Recovery job, so as to provide the Council with an opportunity to investigate whether the job in question qualifies for payment of Market Recovery rates.  Nay contractor who is not current on benefit contributions will not be allowed to apply for or use MARKET RECOVERY rates.  In the event that the Council believes that an EMPLOYER has improperly designated a job as receiving Market Recovery rates, then the Council may submit a grievance pursuant to the Grievance Arbitration Procedure set forth n this Collective Bargaining Agreement.

The burden of proof in any arbitration concerning the applicability of Market recovery rates shall be on the EMPLOYER to establish that the payment of Market Recovery rates on the job in question s proper.  In the event that the EMPLOYER loses such arbitration, then the EMPLOYER shall be responsible for all fees of the American Arbitration Association, the fees and expenses and legal fees of the Council. Furthermore, the EMPLOYER shall pay to the EMPLOYEES who performed the work on said job the full wage and benefit levels provided in this Collective Bargaining Agreement.

The terms and conditions for market recovery shall be as follows:

❖ There shall be no restriction on tools or production.
❖ There shall be no shift differentials.
❖ Workweek shall be Monday through Sunday, inclusive.  All work in excess of forty (40) hours shall be paid at time and one half (1 ½).
❖ Four ten (10) hour days shall be allowed when needed.
❖ Apprentice ratio may be as low as one to one, one apprentice for every journeyperson.  This ration should never be higher than three to one on any

project, unless the needed apprentices are not available.

❖ Market Recovery rates **may not** be used on any **Federal** or **State prevailing rate** projects.  The **District Council** will designate the areas where Market Recovery will be utilized.  Any projects in areas other than the designated areas must be **approved** by the **Business Manager/Secretary Treasurer** of **District Council 21.  If not approved in writing, Market recovery rates cannot be used.**

Wage & Benefits shall equal 75% of the then current Commercial Paint Total Package.

### 24.11   Work rules

**24.11.1   Personal wash-up Facilities: (All Crafts in this Zone)**
Water and soap shall be provided to EMPLOYEES for use at noon time and quitting time; for each time they shall have five (5) minutes grace for washing up. Clean up time to be fifteen (15) minutes for EMPLOYEES working on the outside of a job. This time is not to be used for clean up of any equipment, time for this process must be taken in advance of personal clean up time.

### 24.12   Work Rules Painters

**24.12.1   Furnishing of Equipment:**
EMPLOYER shall furnish and deliver all equipment for the use of EMPLOYEES.  No EMPLOYEE shall furnish nor haul in their own automobiles such equipment. The EMPLOYERS shall furnish to all EMPLOYEES protective apparel necessary to safeguard EMPLOYEES from health hazards, as prescribed for by Federal regulations.

**24.12.2   EMPLOYEES Tools:**
EMPLOYEES shall furnish putty knives and dusters, and wear clean white overalls on commercial and residential work.

### 24.13   Work Rules Wallcoverers

**24.13.1   EMPLOYER obligation:**
EMPLOYER shall furnish and deliver to and from job, all materials, stock, paper, paste, ladders, pasteboards, trestles and straightedges.  EMPLOYER shall furnish sizing brushes and rollers.

**24.13.2  No Discrimination:**
EMPLOYERS shall not discriminate in any manner against an EMPLOYEE who chooses not to carry tools. EMPLOYEES may carry tools on a voluntary basis.

**24.13.3  Limitations on Tools:**
Tools shall consist of no more than five (5) boards; four (4) trestles, one straight edge and one four foot ladder. No adhesive or wall covering shall be carried. EMPLOYERS shall also furnish above-mentioned tools.

**24.14**        <u>**Work Rules Drywall Finishers:**</u>

**24.14.1  Materials:**
All water and materials shall be furnished by the EMPLOYER within a reasonable distance of the job for EMPLOYEES use.

**24.14.2  Minimum Temperature:**
If building are not closed in and heated to a temperature of 55 degrees F or more, EMPLOYEES refusal to work will not be considered as a violation of this Agreement.

**24.14.3  Stilts:**
It shall not be mandatory upon EMPLOYEES to use stilts.

**24.15**        <u>**Work Definitions Painters**</u>

**24.15.1  Bridge:**
All bridges that span water, railroad bridges, and bridges over canyons, viaducts, and appurtenances.

**24.15.2  Industrial:**
Refineries, Tanks, hangers, ceiling over 60 feet, energy producing facilities, steel mills, towers, steeples, dams etc., and or any work which would require cables as a platform to work on.

**24.15.3  Commercial:**
All office buildings, warehouses, schools, hospitals, museums, theaters of any kind, malls, department stores, food stores, supply houses, depots, strip malls, churches, retirement homes, apartment buildings, condominiums, hotels, motels, restaurants, commercial culinary facilities, manufacturing facilities, machinery and equipment, conveyer systems, Stadiums.

**24.15.4  Repaint:**
Work on existing properties or structures, which previously have been finished or remodeled. Work performed where signatory EMPLOYER are the prime contractor or they are working

61

through a general contractor or construction manager and no other trades or a minority of the trades are involved.

**24.15.5(A)  Industrial Off Line Refurbishment Rate:**
Refineries and Nuclear Power Plants.

**24.16       Work Definitions**

**24.16.1   Shop Steward**

**24.16.2   Employ of:**
An EMPLOYER shall employ one EMPLOYEE assigned by the COUNCIL and designated by the Business Manager/Secretary Treasurer to be the Shop Steward for the said signatory EMPLOYER. The Shop Steward may not be an owner, related by blood or marriage to an owner or an apprentice. If an EMPLOYER has work available for only one EMPLOYEE, said work shall be performed by the Shop Steward. The Shop Steward shall be responsible for insuring that the EMPLOYER complies with its obligations as set forth in this Agreement. Any complaints concerning alleged violations of this Article will be handled under Article 11 of this Agreement.

**24.16.3   EMPLOYERS Obligation to Steward:**
The EMPLOYER must report to the District Council the start and/or re-start of any job to the Shop Steward before EMPLOYEES are sent to said job. The EMPLOYERS must submit to the Shop Steward, "weekly," a report listing all current jobs, current EMPLOYEES and termination of EMPLOYEES.

**24.16.4       Job Steward**

**24.16.4.1  Appointment of Job Steward:**
A Job Steward may be appointed on any job from the EMPLOYEES at that job location. The selection of that EMPLOYEE will be in the hands of the Business Manager/Secretary Treasurer. The Union reserves the right to replace a Shop or Job Steward if the Steward is not performing the duties in accordance with the District Council 21 Agreement, By-Laws and I.U.P.A.T.

**24.16.4.2  Replacement:**
A Job Steward cannot be replaced by an EMPLOYER by moving the Steward to another job site. If the skills of the Job Steward are needed at another job site and the term of employment is shorter than the original job, then said EMPLOYEE must be placed back as Steward at the original job.

**24.16.4.3 Discrimination:**
The EMPLOYER shall not discriminate against a Job Steward or Shop Steward. They shall have full protection of the Union when performing their duties.

**24.17    Successors & Assigns Zones: 2 & 3 all crafts; Zone:  4 Painters, Wallcoverers only:**

**24.17.1    Condition of Sale:**
This Agreement shall be binding upon the successors and assigns of the parties hereto. In the event of a bonafide sale, transfer or assignment of the EMPLOYER'S facility, or part thereof, covered by this Agreement during the term hereof, the EMPLOYER shall give advance notice to the new owner, transferee or assignee of the obligations of this Agreement, and shall as a condition of sale, transfer, or assignment, require the new owner to become a Party hereto. The EMPLOYER shall be responsible for any and all monetary benefits that EMPLOYEES have accumulated under this Agreement to the date of sale, transfer or assignment. Seniority of EMPLOYEES shall not be broken by such sale, transfer or assignment.

**24.17.2    Notice:**
The EMPLOYER agrees to give the Union no less than twenty (20) days written notice in the event that it intends to sell, transfer, or assign the facility, or part thereof, covered by this Agreement, and agrees to provide the Union with written documentation establishing the EMPLOYER'S compliance with Section 7.3.1 of this Article no less than ten (10) days prior to such sale, transfer or assignment.

**24.18    Mandatory Training Clause**
In order to ensure a highly trained and qualified workforce and to work on and access a growing number of construction jobsites, every journeyperson shall be required to complete mandatory safety and or upgrade training on a yearly basis or as deemed necessary by District Council # 21 and the Contractors' Associations. All members who wish to work on public school projects shall complete an Act 34 criminal background check) and an Act 151 (PA. child abuse history clearance form) prior to working on such projects. Any processing fees associated with such projects. Any processing fees associated with the forms shall be paid in the following manner:

1.    Apprentices-Fees paid for by the District Council #21 Apprenticeship Fund.
2.    Regular shop employees-Fees paid for by their contractor.

3.      All other regular members will be responsible for processing fees associated with Act 34 (criminal background check) forms. District Council #21 will keep a computer database of membership training and upgrade and Act 151 (PA. child abuse history) District Council #21 and the Contractors' Associations shall agree on all classes offered for safety and upgrade training. Classes will be scheduled throughout the year in order to accommodate the membership. Failure, by any member, to complete the mandatory training or Act 34 and Act 151 forms may have a direct impact on his/her employment until the required training and or forms are completed.

**24.18(A)  Mandatory Training:**

A minimum of 24 hours upgrade and/or safety classes must be maintained per year.

Classes to include:
1.   OSHA 10 (30)
2.   Fall Protection Awareness
3.   Confined Space Awareness
4.   Lead Awareness (PA Lead, NJ Lead, Lead RRP Certified Renovator)
5.   Hazard Communication (GHS)
6.   CPR/First Aid
7.   Coating Application Specialist (CAS)

Other classes may be acceptable at the discretion of the District Council/Employer.

Members will no longer be employable to our signatory contractors without proof of taking the required training each year.

**24.19              Misc.**

**24.19.1  Time Sheet:**
Except for the purpose of gathering factual data for estimating purposes, Daily Time Sheets specifying the number of items performed per day for the purpose of task work shall not be allowed.

**24.19.2 (A) Entry Level Journeyperson.**  An entry level journeyperson is defined as an individual who has passed the required proficiency evaluation given by the District Council, but has not graduated from an IUPAT affiliated Apprenticeship Program and is found to be lacking certain skills of the

trade. An entry level journeyperson must complete 3000 hours of employment for signatory Employers in the classification of entry level journeyperson, and also complete all mandatory certified health and safety training, as well as other courses that may be deemed appropriate by the District Council to be eligible for re-evaluation as a journeyperson. A ratio of 3 journeypersons to 1 apprentice must be met by an Employer before entry level journeypersons can be employed. Once appropriate ratios are satisfied, entry level journeypersons may be utilized at a ratio of one entry level journeyperson for every 4 employees. This provision notwithstanding, the District Council upon evaluating the skills and abilities of any new employee/applicant may certify the individual as a full journeyperson. Employees/members who have achieved full journeyperson status prior to the date of this agreement shall be considered journeypersons within the meaning of this provision and may not be paid the entry level journeyperson rate. In addition, the Business Agent shall be empowered, in his/her discretion, to waive the ratios set forth herein and permit use of entry level journeypersons based on manpower availability. The rate of wages of an entry level journeyperson is $1.00 per hour less than the Local 411 Market Recovery Rate with the fringe benefits paid at the full Market Recovery Rate. Entry Level Journeyperson rates only apply to the Local 411 area and do not apply where any prevailing rates or IUPAT/Building Trades Project Labor Agreements are in place.

## Article 25- DRYWALL FINISHERS, ZONES 1 & 5

**25      Specific Provisions and Conditions for EMPLOYING Drywall Finishers IN Zones 1 & 5 Only. Paragraphs 25.6, 25.8.1 & 25.10.9 only apply to those EMPLOYERS who regularly employ the foregoing trade in the foregoing zones and belong to the Association which negotiated with the Union over the provisions in Article 25.**

25.1    **Scope of Work:**
        The work jurisdiction of the Drywall Finisher affected by this Agreement shall include "all levels of finishing of ALL surfaces for all coatings but not limited to: Spackling, glaze coating walls or ceilings, spotting nails, taping, coating tapes, and/or corner beads or flex bead; patching and sanding is within the system of preparing surfaces for their finish and installation of paper face beads and clean up joint compound.

        All clean up of work associated with these products and scope of work including removal of debris to refuse site, to leave work area in a clean, orderly manner. Sufficient time will be allowed for the clean up of any tools and equipment.

25.1.1  A pre job meeting will be held with the owner on all projects seven thousand (7,000) hours or more or accelerated schedules to discuss Stewards, manpower, overtime and other issues that may arise during a project of this size.

        On projects seven thousand (7,000) or more hours cumulative which have more than one (1) subcontractor, a meeting with all subcontractors affected by this agreement will be needed.

25.2    **Tools and Equipment:**
        All tools, material and equipment including the debris caused thereby, pertaining to the work and the preparation thereof which is covered under this Agreement, including but not limited to compressors, hoppers, power tools and all AMES TYPE TOOLS and all mechanical and hand tools used for surface preparation and surface finishing, the loading and unloading thereof, shall be handled and/or performed by EMPLOYEES covered under this Agreement.

25.3    **Hiring of Employees:**

25.3.1  **Referrals and Registration of EMPLOYEE:**
        The Council shall register and refer all qualified applicants for employment for the drywall finishing industry. The District Council will be the first source of referrals for qualified applicants for employment and will furnish the EMPLOYER with the required number of qualified EMPLOYEES needed that

are registered on the out-of work list posted at the District Council.

**25.3.2   Non-Discrimination:**
The selection of qualified applicants for referral to jobs shall be on a non-discriminatory basis and shall not be based on, or in any way affected by, Union membership, by laws, regulations, constitutional provisions or any other aspect or requirements, except as outlined in this Agreement.

**25.3.3**
The EMPLOYER and the Union agree that there shall be no discrimination against EMPLOYEES or applicants in violation of federal, state or municipal statutes.

**25.3.4   Special skills:**
When the EMPLOYER requests a qualified applicant with special skills and abilities, the Union shall refer, to the best of their ability, such EMPLOYEE who is qualified to perform the work.

**25.3.5   Rehire of steady EMPLOYEE:**
The EMPLOYER shall have the right to hire back at any time, steady EMPLOYEE. These designated EMPLOYEES will be registered with the Union once a year at the beginning of the year. Recall to work of these EMPLOYEES will not count as a turn in the 50/50 hiring system now in place, but all steady EMPLOYEES must register with the Union when they are laid off and rehired.

**25.3.6   Members Refusal to work:**
The Union will not be held responsible for any member's refusal to return to work for any previous EMPLOYER.

**25.3.7   Priorities in employment:**
The EMPLOYER agrees that priority in employment shall be given in the following manner.

**25.3.7.1**   EMPLOYEES previously employed by that EMPLOYER.

**25.3.7.2**   EMPLOYEES who have been employed within the industries by any EMPLOYERS having a collective Bargaining Agreement with the District Council 21 I.F.C.A and any other/ EMPLOYER Association recognized by this Union.

**25.3.7.3**   EMPLOYEES otherwise employed in the industries and lastly to persons competent and qualified for employment.

67

**25.3.8    50/50**

It is understood and agreed that the hiring system will be a "shared hiring system" of 50/50 or 1 to 1. The first qualified member selected by the EMPLOYER will be referred by the District Council from the "out of work register." The next qualified member to be employed by said EMPLOYER will be selected by the District Council from the "out of work register" and will continue so on in an alternating manner for all hired EMPLOYEES, qualifications prevailing.

**25.3.9    Reject EMPLOYEE:**

The EMPLOYER shall have the right to reject an applicant for employment as long as it does not interfere with the member's rights and responsibility as a member of the I.U.P.A.T.

**25.3.10   Exhaustion of out of work list:**

If the registration list is exhausted and the District Council is unable to refer qualified applicants for employment to the EMPLOYER within 24 hours after receiving such request, (weekends and holidays exempt) the EMPLOYER shall be free to secure applicants from any sources available, without the referral procedure. The EMPLOYER must notify the District Council promptly of the names, addresses and Social Security numbers of any such hired EMPLOYEES.

**25.4    Work Day:**

The regular workday is to be any 8 hours between 6 A.M. to 6 P.M.  However, when a make-up day is desired, a 10-hour day may be worked when mutually agreed.  Present EMPLOYEES on the job will have first option to work.

**25.4.1    Make-Up Day:**

A make up day may be used Monday thru Saturday when due to no fault of the Contractor and mutually agreed upon between the EMPLOYER and District Council 21. Wages will be paid at straight time rate. Prior notice must be given to District Council 21.

**25.5    Work Week:**

The workweek is forty (40) hours. The flexible workweek will be Monday through Saturday.

**25.5.1    Overtime:**

Time worked in excess of eight hours per day (except when the ten hour work day option is utilized) or 40 hours per week shall be paid at the overtime rate. This applies to Saturday and Sunday work, which shall be paid at the overtime rate.

68

**25.5.2   Overtime/Time and a Half:**
All overtime will be paid at time and a half. The first 2 hours over the 8 hour shift Monday thru Friday and up to 10 hours on Saturday will be worked at time and a half.

**25.5.3   Overtime/Double Time:**
Any hours worked over 10 hours will be paid at double time. Sundays and Holidays paid at double time.

**25.5.4   Four Tens:**
When the ten-hour day option is used, then the eleventh and twelfth hours will be paid at time and one half. The fifth day will also be paid at time and one half.  After twelve hours or five days the hours shall be paid at double time.

**25.5.5   Saturday-Sunday Work:**
When Saturday and/or Sunday is required, the EMPLOYER shall notify the COUNCIL before 4:00 P.M. on the Friday preceding, with the understanding that an EMPLOYER be permitted to notify after that hour if an emergency came up after 4:00 p.m. If the EMPLOYER'S client fails to notify him to proceed with work on Saturday and/or Sunday in time for the EMPLOYER to so notify the COUNCIL, then the EMPLOYER shall fax the notice to the office of the COUNCIL, or work will not proceed.  Continued violations of these terms could result in an automatic placement of a STEWARD.

**25.6   Bad Checks**
When an EMPLOYEE is paid with a bad check, the EMPLOYER shall be made to pay cash thereafter for the duration of this Agreement.  The EMPLOYEE will be paid the hourly rates until the EMPLOYER rectifies this offense.

**25.7   Fringes on hours worked:**
The EMPLOYER agrees to pay fringes for each hour paid up to eight (8) hours, and after eight (8) hours, fringes on each hour worked.

**25.8   Notice of Layoff:**
Notice of layoff shall be given two (2) hours before quitting time.  When EMPLOYEE is laid off or quits, his check may be mailed at the next regular pay period.

**25.8.1   Layoff for Alleged Cause:**
When an EMPLOYEE is laid off by the EMPLOYER for alleged cause, and is replaced by another EMPLOYEE on the same job, EMPLOYEE shall immediately report the matter to the Council for investigation. The matter will be handled under The Grievance & Arbitration Article.

69

**25.9**   **Holidays**
The holidays to be observed are: New Year's Day, Memorial Day, Independence Day, Thanksgiving Day, and Christmas Day. No work may be performed on Labor Day. Time worked on these days will be worked at the overtime rate.

## Wage provision

**25.10**   **Foreman:**

The Foreman rate shall be ten percent (10%) above the current journeyperson's base rate as per the current Collective Bargaining Agreement.

**25.10.1**   **EMPLOYEE Deductions:**
The EMPLOYER shall deduct the sum covering the Vacation Fund, $2.00 per hour, and $.30 per hour P.A.C. Fund, $.03 per hour for the Benevolent Fund, $.05 per hour for the Organizing Fund (D.O.C.), $.47 per hour for the Drywall Finisher Target Fund and $.05 per hour for the DC # 21 Scholarship Fund from the net weekly pay (i.e.; after taxes) and make a notation of such deduction on the EMPLOYEE'S pay envelope or check stubs. These deductions and payments are not applicable to overtime work.  These Monies deducted shall be paid in accordance with Article 13 of this Agreement.

**25.10.2**   **Automatic Reduction:**
The rate of wages will be automatically reduced if it is mutually agreed that a portion of these increases be allocated to payments into the Various Funds. Payments for fringe benefits are provided under Article 13.

**25.10.3**   **Two shifts:**
If a Journeyperson is required to report on a day job, after having worked on a previous night job EMPLOYEE shall not work beyond 12:00 midnight, but shall be paid eight (8) hours.

**25.10.4**   **Shift work:**
Time worked on shift work shall be paid at five percent (5%) above the base rate for second (2nd) shift (3 p.m. to 11 p.m.) and ten percent (10%) above the base rate on third (3rd) shift (11 p.m. to 7 a.m.).

**25.10.5**   **Show Up Time / Minimum Hours:**
When an EMPLOYEE reports to either the shop or a job site and is unable to work due to circumstances beyond the control of the EMPLOYER, then the EMPLOYEE shall be paid two (2) hours "show up time". Should that EMPLOYEE begin working, then EMPLOYEE shall be paid for the actual time worked. None the

less the Company must work the Employee a minimum of two hours so as to not negate the minimum hours rule.

**25.10.6   Pyramiding:**
There shall be no pyramiding of Premium Rates.

**25.10.7   Higher rates:**
It is agreed that when EMPLOYEES are working in a zone where higher rates are paid, D.C. 21 members are to be paid the higher wage rate.  For the city of Princeton, New Jersey and all New Jersey areas south, D.C. 21 members shall receive D.C. 21's total Pennsylvania 4-county wage and benefit package. Dues check-off to be paid to D.C. 711.

**25.10.8   Election Day:**
On General Election Day all EMPLOYEES participating in the Election Day Program, may stop work after six (6) hours and receive pay for eight (8) hours, wages and benefits. Sign-up for election polls must be completed at District Council 21 offices, with EMPLOYER having the right to verify these records. If the EMPLOYEES are not on the sign in sheet provided for this day, they will not be compensated for the two (2) hours.

**25.10.9   Room & Board:**
EMPLOYERS are to pay full board and fare to and from work out of town where such men do not return home daily. Men shall furnish itemized list of expenses to EMPLOYER. Pay for travel time not to exceed eight (8) hours of twenty-four (24) hour day.

**25.11**                    <u>**Defined Rates:**</u>

**25.11.1   Height Rate:     $1.25 per hour
                             (Commercial Work only)**
EMPLOYEES are entitled to Height Rate when required to work at a hazard/height situation, that is, when working In excess of thirty feet.

**25.12   <u>Market Recovery:</u>**
The organizing, market recovery and maintenance of work language and rates of pay shall not be utilized on any category of work, for any trades where the work historically was being performed by Members of the Union and which can be maintained by the EMPLOYER and the Union at the established rates and conditions.

**25.12.1**
It is agreed that EMPLOYERS signatory to the Collective Bargaining Agreement will in no way discriminate, intimidate, threaten any disciplinary action such as job loss and/or used as a

condition of employment against all present and future EMPLOYEES refusing to work under the guidelines of this Article.

**25.12.2**

The organizing, market recovery and maintenance of work language is to be used to organize new work opportunities, recover work formerly performed by Union members and EMPLOYERS and/or to maintain present work opportunities for our members.

**25.12.3**

Any EMPLOYER signatory to this Collective Bargaining Agreement shall notify the Council not less than forty-eight (48) hours prior to the bidding of a Market Recovery job, so as to provide the Council with an opportunity to investigate whether the job in question qualifies for payment of Market Recovery rates.

**25.12.4**

In the event that the Council believes that an EMPLOYER has improperly designated a job as receiving Market Recovery rates, then the Council may submit a grievance pursuant to the Grievance Arbitration Procedure set forth in this Collective Bargaining Agreement. With the exception of the added section 23.1.20.5 in this Article, which will rule as to the cost of the Arbitration and litigation.

**25.12.5**

The burden of proof in any arbitration concerning the applicability of Market Recovery rates shall be on the EMPLOYER to establish that the payment of Market Recovery rates on the job in question is proper. In the event that the EMPLOYER loses such arbitration, then the EMPLOYER shall be responsible for all fees of the American Arbitration Association, the fees and expenses and legal fees of the Council. Further, the EMPLOYER shall pay to the EMPLOYEES who performed the work on said job the full wage and benefit levels provided for in this Collective Bargaining Agreement.

**25.12.6**     **The terms and conditions for market recovery shall be as follows:**

❖  There shall be no restriction on tools or production
❖  There shall be no shift differentials
❖  Workweek shall be Monday through Sunday, inclusive. All work in excess of forty hours shall be paid at time and one half.
❖  Four ten (10) hour days shall be allowed when needed.

❖ Apprentice ratio may be as low as one to one, one apprentice for every journeyperson. This ratio should never be higher than three to one on any project, unless the needed apprentices are not available.

**25.13** <u>**Work Rules**</u>

**25.13.1** **Furnishing of Equipment:**
The Employer shall furnish and deliver scaffolding, planking, ladders and other customarily used equipment for the use of EMPLOYEES who shall not furnish nor haul in their own automobiles, such equipment for any Employer for whom they may work. Protective equipment shall be furnished by the Employer when required.

**25.13.2** **EMPLOYER obligations:**
All water and materials shall be furnished by the EMPLOYER within a reasonable distance of the job for EMPLOYEES use.

**25.13.3** **Minimum Temperature:**
If buildings are not closed in and heated to a temperature of 55 degrees F or more, EMPLOYEES refusal to work will not be considered as a violation of this Agreement.

**25.13.4** **Stilts:**
It shall not be mandatory upon EMPLOYEES to use stilts.

**25.13.5** **Tools:**
Tools- Employer shall furnish AMES Tools, sanding poles, bucket and all material required to perform a proper job.

**25.13.6** **Job Reporting:**
By fax or email, all contractors are required to report job starts, a list of current members working on the job, length of project, General Contractor, and Sub-Contractors BEFORE beginning the project. In addition, District Council 21 shall be notified of all new hires by fax or email.  District Council 21 will supply a copy of the required form.  This also pertains to the loaning of men from one contractor to another.  Continued violations of these terms could result in an automatic placement of a STEWARD.

**25.14**       **Job Steward – Drywall Finishers**
                   **(Independent Contractors):**

**25.14.1   Place & appointments:**
The EMPLOYER agrees that a District Council Representative
may place, then appoint, a working Job Steward at the start of
any job lasting twenty (20) man days or more. A Job Steward
will be appointed by the District Council on all projects.

**25.14.2   Duties of:**
The EMPLOYER will recognize the Steward in the respect that
the Steward will check all the EMPLOYEES on the job to see
that they have been hired per this Agreement.
The Steward shall keep an accurate daily record of the names,
District Council Members' actions, and the time of each and
every member on his particular job, and will report to the Union
on a weekly basis.  Attend and give a report at all Union
meetings.  This is the sole responsibility of the STEWARD to
fulfill this obligation.

**25.14.3   Pay Scale & Removal Of:**
The Job Steward shall not be removed for performing their
duties. COUNCIL is to be notified 24 hours before a Steward is
removed from the job. The Charge person and the Steward shall
be the first persons to return to work when the job is resumed.
The Steward will receive the highest journeyperson's wage rate
on the job. The Steward will remain on the job until completion
thereof if qualified in the opinion of the EMPLOYER and the
COUNCIL.  If a job is shut down temporarily and the
EMPLOYEES are sent to another job, the Steward will also be
given work.

**25.14.4   Lay off:**
 Steward, if laid off contrary to 25.13.3 of this Article, or any
dispute relative to this clause, upon complaint of the Steward,
case shall be referred to, and handle by, the EMPLOYER,
COUNCIL Representative and Steward on the job and, if not
settled by these parties, case shall be referred to the grievance
procedure herein provided for proper consideration and
disposition.

**25.14.5   Job Steward, IFCA Employers only:**
It shall be the responsibility of the Employer to report all job
starts to the District Council (as per Article 25.13.6). It is agreed
that any Employer who violates this Article 25.13.6 or is found
intentionally avoiding the terms and conditions of this
Agreement, through collusion with EMPLOYEES covered by
this Agreement with respect to their current wage and fringe
benefit payments; through any examination such as a pay stub

74

check, payroll audit, etc; the Union will have the authority to place a Steward on all of the said Employer's jobs for the length of this Agreement from the out of work register retained by the District Council. A Job Steward will be appointed by the District Council on all other projects from the EMPLOYEES on the job. **(IFCA contractors will have a Union appointed Steward from their workforce on the job site for all pinpointed jobs.)**

**25.15**   **Time Sheet**:
Except for the purpose of gathering factual data for estimating purposes, Daily Time Sheets specifying the number of items performed per day for the purpose of task work shall not be allowed by EMPLOYER.

**25.16**   **Clean up Time**:
Members shall be allowed wash up time, five (5) minutes, at scheduled lunch time, twenty (20) minutes at scheduled quitting time or thirty (30) minutes at scheduled quitting time for clean up and maintenance of automatic taping tools. One (1) man only for cleaning of automatic taping tools.

**25.17**   All Journeypersons shall have OSHA 30 Certification and Fall Protection Certification by April 30, 2018.

It is agreed that all Journeypersons will satisfy all training requirements and that the parties will work with the Finishing Trades Institute (FTI) to assure that scheduling allows the opportunity for all Journeypersons to fulfill their training obligations.

**25.18**   The parties have agreed to implement a drug and alcohol testing program (the same one as the Carpenters and the Laborers – program yet to be determined).

## Article 26- GLAZIERS, ZONES 1through 6

**26** **Specific Provisions & Conditions For EMPLOYING Glaziers IN Zones 1, 5, & 6 Only.   Paragraphs 26.6.3, 26.6.4, 26.6.6, 26.7.1, 26.7.2, 26.8.4, 26.10, 26.11.2, 26.11.3, 26.11.4 & 26.11.6 only apply to those Employers who regularly employ the foregoing trade in the foregoing zones and belong to the Association which negotiated with the Union over the provisions in Article 26.**

**26.1** **Scope of Work**
**General Glazing will include, but is not limited to:**

This Agreement shall apply to all persons whether journeymen, apprentices or foremen who perform work within the jurisdiction of the COUNCIL including but not limited to the unloading, distribution and installation of:

- All types of entrance systems.
- All types of doors, including revolving doors and automatic doors
- Store fronts.
- Curtain wall systems,
- Pre-glazed windows.
- Window systems of all types and materials.
- Storm windows.
- Retrofit glass & framing systems.
- Slope glazing systems,
- Skylight and walk cover glazing systems,
- Greenhouse glazing systems,
- Glass railings,
- All mirror systems, including doors and panelized systems.
- All glass, including movie screens and blackboards.
- Plastic glazing materials.
- All panelized systems.
- Showcases.
- Glass and plastic shelving & cube systems.
- Shower doors & bath tub enclosures.
- Interior Glass Partitions.
- Architectural Railings.
- Translucent Skylights and Curtainwall Systems (i.e. Kalwall).
- BIPV Glass (Building Integrated Photovoltaic).

Included with the above listed items is the installation of all necessary hardware, trim, molding, caulk, mastic, gaskets and putty to properly complete the installation.

In the event the EMPLOYER exclusively assigns work under this Agreement to the COUNCIL, the COUNCIL shall be notified of such assignment within sixty (60) days, or as soon as practical of the commencement of such assignment. In turn, the COUNCIL shall assure the EMPLOYER that other trades shall not interfere with such assignment. In the event an adjustment in such an assignment results in requiring the EMPLOYER to adjust the assignment by employing a composite crew, the EMPLOYER shall receive work rule considerations in order to compensate for increased labor costs. In case of composite crews, Glaziers will permit other trades who are members of a composite crew to perform all required work on the job. However, the setting of glass shall be the exclusive right of the glazier.

**26.2**   **Territory:**

**New Jersey Boundaries:**
Florence, NJ to Bustleton, NJ to Columbus, NJ to Jobstown, NJ to Pemberton, NJ to Ongs Hat, NJ to Chatsworth, NJ to Whiting, NJ to Pinewald, NJ to Ocean Gate, NJ to Seaside Heights, NJ. Everything south of these boundaries is the geographic jurisdiction of Glaziers Local Union 252 in the state of New Jersey.

**26.3**   **<u>Work Schedule</u>**

**26.3.1 Hiring of EMPLOYEE:**
The COUNCIL shall be the first source of referrals of applicants for employment. The EMPLOYER shall have the right to reject any applicant for employment. It is understood and agreed that there will be no "Shared Hiring System of 50/50 – 1 to 1. "Steady" EMPLOYEES are subject to the division of work clause.

The EMPLOYER agrees that priority in employment as between applicants shall be given first to EMPLOYEES previously employed by him, next to EMPLOYEES who have been employed within the industry by employers holding Collective Bargaining Agreements with the Union, next to EMPLOYEES otherwise employed in the industry and lastly to persons competent and qualified for employment.

**26.3.2 HOURS OF WORK:**
The maximum number of regular hours to be worked by an EMPLOYEE covered under this Agreement shall be forty (40) hours per week, eight (8) consecutive hours in one day from 6:00 A.M. to 4:30 P.M.

On all jobs, upon notification of the COUNCIL, contractor has the right to start men at any time in a twenty-four (24) hour period for eight (8) continuous hours at straight time (subject to Shift Work Provision contained in the Glazier's Trade Agreement). Multiple starting times shall not be permitted, unless mutually agreed upon by the employer, the union, and the employees.

**26.3.3   SHIFT PROVISION:**
An EMPLOYER may, upon notification of the COUNCIL, establish a second or third shift, which begins or extends outside the normal hours of work.  EMPLOYEES working a second or third shift are entitled to a fifteen percent (15%) shift premium over the base wage rate.  Shifts so established must be for a minimum of five (5) consecutive nights.  EMPLOYERS may request the Council to consider a shift less than five (5) nights.

**26.3.4   Overtime:**
All work done outside of the Straight Time Hours of Work set forth above, upon notification of the COUNCIL, shall be considered overtime and, except as set forth below, shall be paid at the rate of double time.  All work performed in the ninth (9th) and tenth (10th) hour after the first eight (8) hours of any day, Monday through Friday, shall be paid at the rate of time and one-half.  On Saturday, the first eight (8) hours of the scheduled starting time shall be paid at the rate of time and one-half; the rest shall be paid at double time.

**26.3.5   Four Tens Overtime:**
Four (4) ten (10) hour days at straight time shall be permitted on all jobs, (M-F).   If during the week, one of the 4 days is canceled and rescheduled to the off day, the re-scheduled day will be paid at 15% over the applicable rate. When the ten-hour day option is used, then the eleventh and twelfth hours will be paid at time and one half. The fifth day will also be paid at time and one half.  After twelve hours or five days the hours shall be paid at double time.

**26.3.6   Payment of Benefits: (Overtime)**
The EMPLOYER agrees to pay fringes due under this Agreement on each hour paid, including all overtime, for the following fringe benefits: I.U.P.A.T. Pension and D.C.21 Annuity. However on all other fringe benefits due under this Agreement, they shall pay be paid on hours worked.

**26.3.7**     **Higher rates:**
It is agreed that when EMPLOYEES are working in a Zone where higher rates are paid, COUNCIL members are to be paid the higher rate.  Higher rates does not apply to Targeted Jobs.

**26.3.8**     **Holidays:**
The holidays to be observed are: New Year's Day, Memorial Day, Independence Day, Thanksgiving Day, and Christmas Day. No work may be performed on Labor Day.

**26.3.9**     **Split-Time / Division of Work:**
If, as, or when it becomes necessary or desirable to split the available time involved for existing current work, an EMPLOYER, in conjunction with the Shop Steward and Business Agent or president shall set up a mutually satisfactory schedule of work distribution among its current EMPLOYEES.

**26.3.9.1**     **Formula:**
A formula of two hundred (200) shall be used as a divisor to determine the number of men to be used in the shop.  A six (6) month period for determining hours to be divided is preferable, but not mandatory. When sharing time is necessary, the Local will exhaust all possible means to return these men to their original shops.

**26.3.9.2**     **Exclusions:**
The EMPLOYER in conjunction with the COUNCIL will be permitted to exclude the General Foreman or Foreman who is running a project until the project is to the point where the General Foreman or Foreman is no longer needed, he shall be off the applicable number of weeks.
Any EMPLOYEE who primarily performs Non-C.B.A. duties (approximately seventy (70) percent of the time or more) shall be exempt from this section and shall be excluded from hours used in the Split-Time Calculation.

**26.4**     **Twenty Four Hour Notice:**
Upon twenty-four (24) hour notification to the EMPLOYER, an EMPLOYEE may be off without pay for General and Primary Election Day.  EMPLOYEES may with the cooperation of the EMPLOYER, work four (4) ten hour days during the Primary Election and General Election week.

**26.5**     **Payroll Information:**
Wages shall be paid to employees prior to quitting time of the recognized payday. If time sheet of any employee is not received one day following the end of the work week, he shall receive pay for the hours assigned to work and hours worked. All wages shall be paid in cash, negotiable check or direct

deposit, and shall be accompanied by a statement of gross earning and any deductions. Such statements shall show the employers and the employees name or number, the dates worked, all deductions, expenses, base and premium earning and net amount due employee. Wage payments shall conform to all applicable federal and state laws. When men are to be laid off, the union shall be notified of lay-off two hours before the end of the work day. Also, the men shall be notified prior to end of work day, and shall be paid within forty eight hours. Men on the job shall call the employer's office 30 minutes prior to the end of the work day, for instruction or lay-off. There will be a four day allowance for pay roll, if necessary.

**26.6**                        <u>**Wage Provisions**</u>

**26.6.1    Foreman's Rate:**
When four (4) or more EMPLOYEES are employed and the job consists of ten (10) working days, one EMPLOYEE shall be designated by the Employer to act as a Foreman, and shall be paid not less than Two Dollars ($2.00) per hour in excess of the then applicable base wage rate. Said rate shall be considered part of the base wage rate when it applies. This does not apply to insurance replacements.  It is understood and agreed that there will be no "Chargeperson" as defined in the Master Agreement.

**26.6.2    General Foreman Rates:**
The **General Foreman** rate shall be Two Dollars ($2.00) above Foreman's wage and shall apply where there are minimums of twenty (20) glaziers on a job or three (3) Glazier foremen. Said rate shall be considered part of the base wage rate when it applies. The job must run at least ten (10) working days.

**26.6.3    Eligibility: Journeyperson, Foreman, General Foreman**

All Journeypersons will be required to attend a minimum of four (4) hours of Safety/ OSHA or other approved training courses per year. In order to be eligible to receive foreman or general foreman's pay. The Journeyperson must attend an addition four (4) hours of training listed above, (for a total of eight (8) hours) and must have a current OSHA 30 certification.

It is agreed that all Journeymen will satisfy all training requirements and that the parties will work with the FTI to assure that scheduling allows the opportunity for all Journeypersons to fulfill their training obligations.

FTI will be requested to provide training on test walls. Employers and the Union will communicate to the Journeypersons how critical this training is to the industry.

80

The parties agree that Journeymen who do not satisfy annual training requirements may be placed on probation and while allowed to continue work, their training obligations will be reviewed by a joint labor management "Training Review Committee". It is agreed that the Committee shall have the authority to suspend members from work until their obligations are complete and it is further agreed that the Committee shall create a system for expeditious action to protect financial and production matters.

**26.6.4    Eligibility: Apprentice/ New apprentice orientation**
All apprentices entering the Training Program shall; before being placed with an employer and or on a jobsite ( no exceptions) attend an orientation designed with his/her coordinator. This orientation shall consist of, no less than; OSHA 10, Construction Awareness, First Aid/CPR, and Introduction to Labor/Management. This orientation shall also be used to fill out all appropriate paperwork. DC 21 and or signatory employers are not responsible for compensation during this orientation period.

**26.6.5    Height Rate:**
EMPLOYEES shall be paid One Dollar ($1.00) above the base rate per hour actually worked at 30' above working surface OR on a swing stage.

**26.6.6    Out Of Town Work:**
It is agreed that when EMPLOYEES are working in a territory where higher rates are paid, COUNCIL members are to be paid the higher rate; no mileage or expenses for crossing boundaries are to be paid. Tolls and parking expenses are still to be reimbursed.

**26.6.7    Show up Time / Minimum Hours:**
When an EMPLOYEE reports to either the shop or a job site and is unable to work due to circumstances beyond the control of the EMPLOYER, then the EMPLOYEE shall be paid one (1) hour "show up time." Should that EMPLOYEE begin working, then he shall be paid for the actual time worked with a minimum of four (4) hours pay.

**26.6.8    Inclement Weather:**
In the event of inclement weather and when an EMPLOYEE reports to the job or shop, EMPLOYEE shall be paid one (1) hour, including expenses and parking. No overtime rates will apply.

81

**26.7**                **Expense Reimbursements:**

**26.7.1**   **Room & Board:**
EMPLOYERS are to pay full board and fare to and from work out of town where such men do not return home daily. Minimum board shall be $30.00 per day. Men shall furnish itemized list of expenses to EMPLOYER. Pay for travel time not to exceed eight (8) hours of twenty-four (24) hour day.

**26.7.2**   **Automobile Expenses:**
When men report to the shop and are required to move to a job or from job to job using private automobiles, the EMPLOYEE shall be compensated at the prevailing government rate, (PGR), per mile but not less than $ 1.50 per move.  Glaziers required to report to work at a job site outside of territory as described in this addendum, Article I, Section 4 shall receive a flat ten dollars ($10.00), plus the PGR per mile (one-way) to the job site measured from the closest edge of the territory to the job site.

An EMPLOYEE who incurs any parking expenses or tolls in order to get to a job site, shall be reimbursed as conditioned as follows.  All tolls are reimbursable also for EZ Pass usage with EZ Pass statement submitted also within fourteen (14) days. The EMPLOYER shall reimburse the EMPLOYEE up to twelve dollars ($12.00) for parking expenses and also with prior approval from the EMPLOYER ($12.00) for public transportation, in lieu of parking reimbursement.  EMPLOYEE must present validated parking vouchers and or receipts within fourteen (14) days in order to be reimbursed.  Validated shall mean a stamped and dated receipt.  An EMPLOYER may designate a specific parking lot at the job site or a specific parking area at the shop.  Parking violation tickets on private vehicles shall not be reimbursed.

**26.8**                **Work Rules**

**26.8.1**   **Material Deliveries:**
All material delivered to building sites may be unloaded by driver when it is a one man delivery and no Glaziers are at the job site. The material can be left at the closest, secure location, other than at the installation site. Delivery of such material shall not exceed fifteen (15) minutes.

**26.8.2    Tools:**

EMPLOYEES employed by the EMPLOYER shall furnish for their own use all necessary hand tools to enable them to effectively install such work.  The EMPLOYER shall furnish the following tools:

| | |
|---|---|
| Cups | Drills |
| Hacking knives | |
| Bits | 4' level |
| Glass & Plastic cutters | |
| Countersinks | Rollers |
| Protective glass gloves | |
| Power tools | Caulking guns |
| Hacksaw blades | |

Where the EMPLOYER provides a secure place for the storage of tools, EMPLOYEES who are issued tools shall be responsible for those tools. The EMPLOYEE'S responsibility for said tools shall cease when he places them in any area designated by the EMPLOYER or foreman as secure.

If the EMPLOYEE was negligent in the loss of said tools, the EMPLOYER may deduct the value of said tool from the EMPLOYEE'S pay.

**26.8.3    Job Site Safety Violation**

Any employee, who is cited twice for the same safety violations; shall result in that employee's mandatory attendance, of no less than four hours of safety training, pertaining to his/ her violation. The employee has thirty days to attend training. After thirty days, if the employee has not attended training, the employer has the right to dismiss that employee for failure to comply with this Article. Additionally, that employee shall not be eligible to work for another A.F.M.A. employer until he/she satisfies the requirement. This is above and beyond the yearly requirement already in the Collective Bargaining Agreement.

**26.8.4    Reporting of Jobs:**

Upon request, all AGMA members will be required to submit a list of all jobs currently in progress as well as all jobs awarded on a monthly basis to a secure and confidential web-based system created for EMPLOYERS to report jobs.

**26.8.5   Productivity:**

In recognition of increased competition from non union sub contractors, it is understood that employees must begin and end the working day according to this contract. Lunch periods must not be extended. Those who violate this understanding or those who fail to report with out sufficient notice can be subject to discharge. It is the aim of the employer and all the employees to be as productive as possible in order to help preserve future job security.

**26.8.6   Wash up Time:**

Members working on all construction site jobs shall be allowed wash up time. They shall have five (5) minutes at scheduled lunch and five (5) minutes at scheduled quitting time. Any member violating this Article will be docked. The above wash up time provisions shall not apply to replacement shop jobs.

**26.9            Job Targeting / Market Recovery**

**DEFINITION:**

A Targeted Job is any project within the Territory of Local Union 252 defined above where the Council feels that a competitive disadvantage exists which hinders a member shop, in good standing, from successfully competing on a project. Each Contractor intending to seek targeting shall submit an electronic application through the pinpointing website, during the bid process.  Only written applications will be considered as formal requests for relief.  The COUNCIL shall have the right to deny the targeting within three business days.  Special circumstances will be considered.  No request shall be unreasonably denied.

Job Targeting / Market Recovery may include the following:
- Market Recovery rates.
- Pinpointing.
- Liberal use of apprentices.
- Flexible work rules.
- Glassworkers
- Allentown/Reading (A/R) rates, applied for in the same manner as Pinpointing.

Where in the opinion of the Local Union it becomes necessary to grant flexible conditions on particular jobs, sometimes known as pinpointing, and specialty agreements or addendum to this contract are executed to ensure that work will be maintained for EMPLOYEES covered by the Collective Bargaining Agreement, no EMPLOYER shall assert any claims including any claims under Article 20 - Grievances and Arbitration under

84

the MASTER AGREEMENT. This clause shall not be used to advantage non-union employers, non-signatory employers, non-member employers who execute the Association Agreement for purpose of performing a particular job.

**26.9.1    Shop Steward:**
An EMPLOYER shall employ one man assigned by the COUNCIL and designated by the Business Manager to be the Shop Steward for the said signatory EMPLOYER. The Shop Steward may not be an owner, related by blood or marriage to an owner or an apprentice. If an EMPLOYER has work available for only one man, the Steward shall perform said work. The Shop Steward shall be responsible for insuring that the EMPLOYER complies with its obligations as set forth in this Agreement. Any complaints concerning alleged violations of this Article may be referred to a Joint Committee consisting of the Business Manager of the COUNCIL and the Chairman of AGMA. They shall be empowered to hear such complaints and make all appropriate rulings both with regard to the merits of the complaint and with regard to appropriate penalties which they believe are necessary to address a confirmed violation and to insure enforcement of this Article. The Decisions of this Joint Committee pursuant to this Article shall be final and binding.

**26.9.2    Job Steward:**
The Business Manager will appoint a Job Steward on all larger jobs that he deems necessary. This Job Steward will see that all Articles of this Agreement are lived up to. For out of town contractors, the Job Steward will receive the fringe benefits on payday from the EMPLOYER and be responsible for delivering them to the Fringe Benefits Administrator's Office, and on payday, the Job Steward for the out of town contactors will work six (6) hours and be paid for eight (8), enabling him to deliver the fringe benefits check to the Administrator.

**26.9.3    Service Shop Agreement:**
Service work shall be defined as the replacement, repair adjustment of existing frames, glass or other infill, doors and/or hardware.

**26.9.3.1  Service Work Criteria:**
- Glass Replacement – Not to exceed four (4) men five (5) days with Union approval.
- No swing work
- All door repairs (Glass hardware, caulking, framing)
- All door and framing replacement – with Glazier being the only trade on the job. **No** renovations or new construction.
- Caulking on existing frames.
- Window hardware.

85

- Window replacement, mirror installation and shower doors. Yes, to one (l) entity **only** occupied; Residential
- Revolver door service.
- Casinos and prevailing rate work are exempt.
- Total package:

  Start rate for mechanics

  |        |                 |
  |--------|-----------------|
  | Wages  | $29.81 per hour |
  | Pension | $ 3.30 per hour |
  | H & W  | $ 7.65 per hour |
  | Annuity | $ 4.60  per hour |

  o Vacation:
  6 months of continuous service = five (5) days paid vacation
  After one (1) year = ten (10) days paid vacation
  After ten (10) years = fifteen (15) days paid vacation

  o Personal Paid Holidays – After one (1) year of service employees will be eligible to accrue up to four (4) paid personal days.

  o Holidays – The following holidays shall be granted to service worker employees who have sixty (60) calendar days of work:  New Year's Day, Memorial Day, Fourth of July, Labor Day, Thanksgiving Day, Christmas Day.

  o Service work employees shall be guaranteed forty (40) hours work.

  o Future Rate increases for Service Technicians is seventy percent (70%) of Journeyman Glazier minus (-) the pinpointing.

  o Service work can do shop work at his/her current service rate.

  o Company phone allowance of thirty dollars ($30) per month.

  o Double time after eight (8) hours on Saturday.

  o Service workers can be used on Market Recovery jobs with Union approval.

  o Apprentice – If an employer wishes to bring a new apprentice into service work he must call the union first for a list of potential candidates.  Said candidates would then begin a two (2) year apprenticeship: Apprentice Wages:

86

**2015**

**Start rate for mechanics**
| | |
|---|---|
| Wages | $29.81 |
| H & W | $ 7.65 |
| Pension | $ 3.30 |
| Annuity | $ 4.60 |

**Start**
| | |
|---|---|
| Wages | $23.66 |
| H & W | $ 7.65 |
| Pension | $ 2.25 |
| Annuity | $ 3.70 |

**2 Months**
| | |
|---|---|
| Wages | $24.66 |
| H & W | $ 7.65 |
| Pension | $ 2.50 |
| Annuity | $ 3.85 |

**6 Months**
| | |
|---|---|
| Wages | $26.66 |
| H & W | $ 7.65 |
| Pension | $ 2.75 |
| Annuity | $ 4.10 |

**One Year**
| | |
|---|---|
| Wages | $27.66 |
| H & W | $ 7.65 |
| Pension | $ 3.00 |
| Annuity | $ 4.35 |

**18 Months**
| | |
|---|---|
| Wages | $28.66 |
| H & W | $ 7.65 |
| Pension | $ 3.00 |
| Annuity | $ 4.35 |

**Two Year**
| | |
|---|---|
| Wages | $29.81 |
| H & W | $ 7.65 |
| Pension | $ 3.30 |
| Annuity | $ 4.60 |

- 75 lb. lift limit
- Start time 6:00 a.m. to 9:00 a.m. for eight (8) continuous hours. All other to be subject to C.B.A. shift provision – 15%.

87

- Overtime after eight (8) hours – time and one-half (1 ½).
- Double time for Sundays and Holidays.
- Acknowledging the new criteria needed for the Glass Service Industry special circumstances will be considered for Union approval.

### 26.9.4   <u>Operational Provisions</u>

**INSTALLATION SCHEDULE:**
The following schedule shall govern the minimum number of men to be used in the installation of glass for maximum safety:

Door lights and glass up to and including 116 united inches and 1/4" plate................1 man

Patio doors and glass in patio door openings up to and including 141 united inches to 5/8" ................2 men

### 26.10   **See Size Schedule – See Exhibit** A:
These united inches refer to the size of the opening. The above schedule is for the minimum number of men listed, subject, however, to weather conditions, unusual sets, heavier glass and safety. When mechanical equipment is used, the same size schedule shall apply.

Where mechanical equipment is used as the exclusive method of unloading, moving and installing glass, the existing manpower schedule may be reduced by thirty five percent (35%). The foreman on the particular job shall determine fractional relief. The Union will consider special circumstances after communication and discussion with the Agent.

Bullet resistant glass under sixty (60) united inches, plastics, and insulated units for refrigerator cases are not included in the schedule. On installed units, the total glass thickness shall determine the schedule to use.

For all glass larger and thicker than what is scheduled a combination of two columns applicable to the size and thickness of the glass will be used.

A determination of manpower requirements will be made prior to glass installations by a company representative and the shop steward. If these two parties cannot agree, the company representative and the business agent will decide.

Manpower relief will be permitted under the following conditions:

88

1.   **Normal sets-** The Glazier would not be required to lift more than 75 pounds.

2.   **Unusual sets-** The Glazier would not be required to lift more than 40 pounds. Other considerations, i.e., weather, locations, lift heights must be considered.

3.   **Manpower-** Manpower determinations must be mutually agreed upon by a company representative and a union representative (Shop Steward or Glazier Foreman).

**26.11**          **Misc.**

**26.11.1   Time Sheet**.
Except for the purpose of gathering factual data for estimating purposes, Daily Time Sheets specifying the number of items performed per day for the purpose of task work.

**26.11.2   One EMPLOYEE:**
Each EMPLOYER covered by this Agreement shall employ at least one (1) journeyman Glazier who is not a member of the firm on all specified work in the Agreement.

**26.11.3   One Owner:**
The EMPLOYER agrees that not more than one (1) owner, partner, officer, stockholder, or agent involved either directly or indirectly in the ownership or management of the EMPLOYER'S shop or business shall work with the tools of the Trade or on any productive equipment or on work specified in this Agreement. Such working owner must carry a COUNCIL Card and pay the appropriate initiation fee and prevailing dues, as well as all applicable fringe benefits for all workdays in the month. Any owner working at the Trade in accordance with the provisions of this Section must pay full dues, C.O.P.E. Apprentice Fund, Pinpointing Fund and Industry Advancement Fund contributions for all hours worked in any month at a minimum of One Hundred Seventy (170) hours per a month. Owner members will operate in accordance with the provisions of the International Union of Painters and Allied Trades International Union Constitution and the Trust Agreements of the Various Funds of the Council, such as the Vacation, Health and Welfare, Pension and Annuity Funds, and where appropriate, make contributions to those Funds for all hours worked.

89

**26.11.4   Truck Identification:**
Any individual EMPLOYERS party to this Agreement shall be required to affix to all company trucks a company logo and/or the company name, to be visible at a distance of fifty (50) feet. COUNCIL bumper stickers, COUNCIL logos, AGMA stickers or at the option of the EMPLOYER, magnetic signs, can be used at the company's discretion.

**26.11.5   Payroll Inspection:**
If a complaint is made concerning the amount of wages received or paid to an EMPLOYEE for work performed under this contract, the Business Representative with the president of the COUNCIL or the Shop Steward or an International Representative shall have the right to inspect the EMPLOYER'S payroll relative to the EMPLOYEE or EMPLOYEES involved.

**26.11.6   Mandatory Drug Testing:**
The Union, in cooperation with AGMA, shall administer a Mandatory Drug Testing Program covering all Bargaining Unit Members employed by AGMA Employers and any other employer signatory to this Agreement. To the extent that such testing is consistent with each Employer's current Safety and/or Drug/Alcohol Policy, Non-Bargaining Unit Employees of the AGMA Employers shall also be covered and subject to the Program and the AGMA Employers shall provide names of their Non-Bargaining Unit Employees who shall be subject to random drug testing under this Program. The Drug and Alcohol Policy enacted by the Labor Management Committee pursuant to this provision shall be incorporated in and made part of this Agreement. Compliance with said policy shall be considered a mandatory condition of employment for those covered as defined above. The District Council 21 Health and Welfare Fund shall provide for funding of the Drug Testing Program; except for those Non-Bargaining Unit Employees, which will be paid for entirely by AGMA.

**26.11.7   Handbilling & Picketing:**
Contractor may request Council hand billing or lawful demonstration at jobs on which the EMPLOYER has not been paid upon proper verification. No glazier shall become involved in any picketing or handbilling for any reason, on a job which an AGMA member is contracted to perform work.

90

**26.11.8   Architectural Glass Institute ("AGI") Fund.**

(a)   It is hereby agreed by and  between District Council No. 21 on behalf of the Glaziers and all Employers performing work under this Agreement that there shall be created an Architectural Glass Institute Fund ("AGIF") which shall meet the requirements set forth in section 302(c)(9) of the Labor Management Relations Act, 29 U.S.C. § 1 86(c)(9). One half of the trustees of the AGIF shall be appointed by AGMA and 1one-half of the trustees shall be appointed by District Council No. 21 in accordance with their respective governing documents.

(b)   Each Employer party to and performing work under this Article 26 of the Agreement shall pay to the AG1IF an amount per hour, as mutually agreed by AGMA and District Council No. 21, for each hour worked by persons employed under the terms of this Agreement.  Contributions to the A.G.I. Fund shall be $.20 per hour.

(c)   Each Employer party to and performing work under this Article 26 of the Agreement agrees to be bound by all provisions set forth in the Agreement and Declaration of Trust establishing the AGIF, and all amendments thereto, governing establishment and operation of the AGIF and further agrees to irrevocably designate as its representatives on the Board of Trustees such Trustees as are now serving, or who will in the future serve as EMPLOYER Trustees, together with their successors. Each Employer further agrees to be bound by all actions taken by the Trustees pursuant to the Agreement and Declaration of Trust.

(d)   For the purpose of this Article, each hour worked for, including hours attributable to show up time, and other hours for which pay is received by the EMPLOYEE in accordance with the Agreement, shall be counted as hours for which contributions are payable.

(e)   Contributions shall be paid on behalf of any EMPLOYEE starting with the EMPLOYEE'S first day of employment in a job classification covered by this Agreement.

(f)   The parties to this Agreement agree to be bound by and to the Agreement and Declaration of Trust, as amended from time to time, establishing the AGIF.

(g)  All contributions shall be made at such time and in such manner, as the Trustees require and the Trustees may at any time conduct an audit in accordance with the Agreement and Declaration of Trust.

(h)  If an Employer fails to make contributions to the AGIF within twenty (20) days after the date required by the Trustees, in addition to the rights and remedies which the AGIF may have, District Council No. 21 shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all costs of collection of the payments due together with attorney fees and such liquidated damages as may be assessed by the Trustees. The employer's liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no-strike" clause which may be provided or set forth elsewhere in this Agreement.

**26.11.9**  It is agreed that the parties have established a Glaziers STAR Program (Safety Training Awards Recognition) through District Council 21 FTI funded by the Employer at an additional $.05 per hour contribution to the District Council FTI.

**26.11.10**  Subcontracting of installations between AGMA members shall be conformed to the Union in writing, at a minimum of 24 hours in advance.

**26.11.11**  Employer may request any unemployed member who has worked for said employer within the last 12 months.

**26.11.12**  Company can refuse any member who does not provide current OSHA 30 certification.

**26.11.13**  When a work day lasts 11 hours or more, there will be a 15 minute paid break after the tenth (10th) hour.

**26.11.14**  The language of any Project Labor Agreement (PLA) as agrees to by the Union supersedes the language of the Collective Bargaining Agreement (CBA).

**26.11.15**  Upon written petition and showing of need by an EMPLOYER who has a Collective Bargaining Agreement with District Council #21 for at least two (2) years, a twenty (20) day extension for payment may be granted by the Business Manager/Secretary Treasurer.

Exhibit A

<u>Size Schedule</u>

U.I. up to and including:

| <u>Size</u> | 1/4" | 3/8" | 1/2" | 3/4" |
|------|------|------|------|------|
| 1-75 | 1 | 1 | 1 | 2 |
| 76-104 | 1 | 2 | 2 | 3 |
| 105-116 | 1 | 2 | 2 | 4 |
| 117-135 | 2 | 2 | 3 | 4 |
| 136-158 | 2 | 3 | 4 | 5 |
| 159-166 | 2 | 4 | 4 | 6 |
| 167-186 | 3 | 5 | 5 | 7 |
| 187-226 | 4 | 6 | 6 | 8 |
| 227-246 | 5 | 7 | 7 | 10 |
| 247-256 | 6 | 8 | 8 | 11 |
| 257-266 | 7 | 8 | 9 | 12 |
| 267-276 | 8 | 9 | 10 | 14 |
| 277-286 | 9 | 10 | 11 | 16 |
| 287-296 | 10 | 11 | 12 | 17 |
| 297-306 | 11 | 12 | 13 | 18 |
| 307-316 | 12 | 13 | 14 | 20 |

## Article 27

## Duration

27.1    **Term:**
This Agreement will continue for a term of five (5) years from May 1, 2012 thru April 30, 2017, between District Council 21 and the A.M.P.D, all Independent EMPLOYERS and any other Association this Union may recognize as provided herein.

27.2    **Term:**
This Agreement will continue for a term of three (3) years from May 1, 2015 thru April 30, 2018, between District Council 21 and the I.F.C.A., all Independent EMPLOYERS and any other Association this Union may recognize as provided herein.

27.3    **Term:**
This Agreement will continue for a term of three (3) years from May 1, 2015 thru April 30, 2018, between District Council 21 and the A.G.M.A, all Independent EMPLOYERS and any other Association this Union may recognize as provided herein.

27.4    **Term:**
This Agreement will continue for a term of three (3) years from May 1, 2015 thru April 30, 2018, between District Council 21 and the P.D.C.A.-HARRISBURG, PA, all Independent EMPLOYERS and any other Association this Union may recognize as provided herein.

27.5    **Term:**
This Agreement will continue for a term of three (3) years from May 1, 2015 thru April 30, 2018, between District Council 21 and the P.D.C.A. of Northeast PA, all Independent EMPLOYERS and any other Association this Union may recognize as provided herein.

27.5    **Term:**
This Agreement will continue for a term of three (3) years from May 1, 2015 thru April 30, 2018, between District Council 21 and the Keystone Contractors Association, all Independent EMPLOYERS and any other Association this Union may recognize as provided herein.

27.7     **Duration & Evergreen Clause:**
All the above mentioned Agreements shall continue thereafter from year to year unless terminated by either side giving to the other written notice between sixty and ninety days prior to the expiration of the then current term of their desire to modify or terminate.

**DRYWALL FINSIHER**
**May 1, 2015 to April 30, 2018**

### Signature Page

In Witness whereof, the parties hereto, intending to be legally bound, have hereunto set their hands and seals the day and year and for and period extended by Article 27.5

**From:** ___May 1, 2015___ **To:** ___April 30, 2018___

I/We, the undersigned, an EMPLOYER in the Painting, Paperhanging, Drywall, and Glazing Industries, have read the foregoing Agreement, am familiar with its provisions, accept and agree to be bound by all its terms and conditions. I also agree, with the signing of this Agreement, to provide to District Council No. 21 a complete list of all my journeypersons and apprentices whom I employ.

### Independent Employer or Association

**District Council # 21**
**International Union of Painters and Allied Trades**

BY _/s/ Joseph G. Ashdale_
**Joseph T. Ashdale**
**Business Manager/Secretary Treasurer**

___Artisan Display, Inc.___
**Company**

BY _/s/ _____ 2.28.16_
**Employer Representative or Independent Employer Association**

**IUPAT DISTRICT COUNCIL No. 21**
**HEALTH AND WELFARE FUND**

**DELINQUENCY POLICY**

Pursuant to Articles IV and VII of the Agreement and Declaration of Trust establishing the IUPAT District Council No. 21 Welfare Fund ("Fund"), the Trustees do hereby amend the Procedure for the Collection of Contributions Owed to the I.U.P.A.T. District Council No. 21 Welfare Fund by deleting that policy in its entirety and establishing the following policy, rules and regulations with respect to the collection of contributions from contributing employers to the Fund:

1.    It is the policy of the Trustees of the Fund to collect delinquent contributions in a reasonable, diligent and systematic manner. For the purposes of this agreement, a "delinquency" shall mean any unpaid fringe benefit obligation due by an employer to the Fund.

2.    (a)    All contributions and reports, except where a collective bargaining agreement requires otherwise or as provided in paragraph 2(c) of this policy, are due no later than the thirtieth (30th) day of each month (except February, in which case they are due on the last day of the month) following the month in which the contributing employer's relevant employees performed any work.

(b)    If the due date is a Saturday, Sunday or a legal holiday, the contributions must be received by the next business day.

(c)    Where, pursuant to the collective bargaining agreement, an employer is required to remit on a weekly basis, then reports and contributions are due no later than the Friday following the week in which work was performed.

Page 1 of 8

EXHIBIT
B

(d)     As set forth in paragraph 1, a contribution, required by a collective bargaining agreement, to the Fund will be considered delinquent if it is not received by the due date unless the Business Manager/Secretary Treasurer of the IUPAT District Council No. 21 ("hereinafter "Business Manager") grants a (20) twenty day extension of the due date pursuant to the terms, if any, provided in said collective bargaining agreement.

3.     Liquidated damages shall be assessed as follows:

(a) *Employers required to remit on a monthly basis*: If a contribution report is submitted by the applicable due date (in accordance with paragraph 2 of this policy), but the contribution owed is not received by the due date, liquidated damages of $500.00 shall be automatically added to the amount owed by the employer for that month's contribution.  If neither a contribution report nor the contributions owed are received by the due date, liquidated damages of $750.00 shall be automatically added to the amount owed by the employer for that month's contribution.

(b)     *Employers required to remit on a weekly basis*: If a contribution report is submitted by the applicable due date (in accordance with paragraph 2 of this policy), but the contribution owed is not received by the due date, liquidated damages of $115.38 shall be automatically added to the amount owed by the employer for that week's contribution. If neither a contribution report nor the contributions owed are received by the applicable due date, liquidated damages of $173.08 shall be automatically added to the amount owed by the employer for that week's contribution.

4.     In addition to the foregoing liquidated damages, if a contribution is not received by the due date, interest shall start to accrue on the delinquent amounts from the due date at the

rate then charged by the Internal Revenue Service for delinquent taxes under section 6621(a) of the Internal Revenue Code plus one (1) percentage point in excess of such rate.

5.       If the contribution is delinquent, the Trustees, through the Administrative Office of the Fund, will send a notice, as soon as is administratively feasible, to the last known address of said delinquent employer advising said employer that its contributions to the Fund are delinquent, that it owes liquidated damages, as set forth in Paragraph 3 above, on the principal balance outstanding at the time of the notice together with any interest that has accrued on the delinquent payment to date.  The notice also shall advise said employer that the Fund will notify the bonding company and make a claim on any bond that has been posted in accordance with the employer's collective bargaining agreement.  A copy of this notice shall be forwarded to the union and Fund counsel.  Any defect, delay or failure in said notice will not relieve or mitigate the delinquent employer's obligations to the Fund.

6.       The Trustees hereby delegate the initial efforts to collect delinquent contributions to the Union Trustee co-Chair and the Employer Trustee co-Chair (the "co-Chairs") jointly.  The co-Chairs are delegated the authority to waive liquidated damages and to enter into a payment plan for delinquent contributions.  Any payment plan requiring more than three (3) months to pay the amount owed to the Fund will require, in addition to the bond required by the applicable collective bargaining agreement, that the delinquent employer provide a guarantee of the payment of monies owed to the Fund plus the payment of three (3) months contributions averaged over the past twelve (12) months. This guarantee will be accomplished through a combination of bonding, personal guarantees of the principals of the employer, and/or other security acceptable to the Fund.  If the delinquent employer does not have a bond, in the amount

required by the relevant collective bargaining agreement, posted with the Fund, regardless of the length of time in the payment plan, said guarantee will cover the amount owed to the Fund plus six (6) months of contributions averaged over the past twelve (12) months.

7.     Should the delinquent contributions, interest, and liquidated damages not be received within 15 (fifteen) days after the sending of notice referenced in Paragraph 5 above, the delinquency shall be referred to Fund counsel to initiate litigation at any time.  Unless such is waived by the Co-Chairs, the first step in such action will be for counsel to make a written demand to the last known address of said employer for payment and to provide notice of impending legal action. Any defect, delay or failure in said demand will not relieve or mitigate the delinquent employer's obligations to the Fund. In the event a complaint is filed, the delinquent employer shall pay, in addition to the delinquent amount due and interest thereon, liquidated damages, any audit fees and expenses, reasonable attorney fees, court costs and other expenses incurred.   If a bond has been posted, the fund will notify the bonding company and make a claim on the bond. In the event that the delinquency is referred to counsel for litigation, liquidated damages in the amount of twenty percent (20%) of the principal amount due shall be added in addition to the liquidated damages set forth in paragraph 3 above.

8.     In the case of a delinquency arising as a result of an audit, the delinquent amount will accrue interest from the due date of the contribution.  The interest rate shall be the rate charged at the time of the audit by the Internal Revenue Service for delinquent taxes in accordance with Sec 6621(a) of the Internal Revenue Code applicable to the period of delinquency plus one percentage point in excess of such rate.

9.     Upon completion of an audit, the Trustees through the Administrative Office of the Fund will notify the delinquent employer in writing of the delinquent amount and the interest charges. If such delinquent contributions and interest are not paid within fifteen (15) days after the date of the written notice, the matter shall be referred to counsel for collections. If a lawsuit is initiated to collect the delinquent contributions, in addition to any amount owed the Fund, the Fund may impose liquidated damages of twenty percent (20%) of the delinquent amount owed as well as court costs and attorneys' fees. In addition, where an audit discloses a delinquency of five percent (5%) or more of the amount otherwise due for the audited period, the employer will be responsible for the costs of the audit which amount shall be in addition to any other sums due under this policy.

10.     The Board of Trustees shall have the exclusive authority (with exceptions set forth in paragraph 6 and listed below) to compromise, settle or abandon a claim or delinquency if the cost and expenses which would be involved in the filing of a complaint and in proceeding with litigation would exceed the amount for the delinquency due, or if there are other good and sufficient reasons, such as the remote likelihood of collection established on a case by case basis, for compromising a claim. Between regularly scheduled meetings of the Trustees, the co-Chairs of the Board of Trustees shall have, in consultation with the Administrative Office of the Fund and delinquency counsel for the Fund, the authority to approve and implement the recommendation of delinquency counsel to compromise settle or abandon a claim.

11.     The Trustees will request that each of the other Trust Funds which require employer contributions pursuant to a collective bargaining agreement with District Council 21 (hereinafter, "Other Trust Fund(s)") delegate delinquency collections to the Trustees of this

Health & Welfare Fund and, if such is delegated to said Trustees, said Trustees will act as fiduciaries to such Other Trust Fund(s) in delinquency matters. If such is delegated, this policy will apply to said Other Trust Fund(s) and the Trustees of the Health & Welfare Fund will meet to handle delinquency matters at the end of the Health and Welfare Fund Meeting, will prepare separate Minutes covering delinquency matters, and will provide a copy of said Minutes to the Other Trust Fund(s) which have delegated delinquency collections to the Trustees of this Health & Welfare Fund. The Trustees of the Health & Welfare Fund will have the right to decline and/or to terminate said delegation of authority. The Trustees of the Other Trust Funds will have the right, at any time, to withdraw and/or revoke, in whole or in part, said delegation of authority.

12.     (a)     A "Shortfall" exists when an employer is delinquent in the making of its payments, when an employer remits less than the full amount due as required under its collective bargaining agreement with the Union, or when litigation or other collection procedures result in the receipt of less than all monies due.

        (b)     Shortfalls shall first be first allocated to any fund or Union which receives post-tax contributions (including, but not limited to, Vacation Fund contributions, union dues, political action contributions) on a *pro rata* basis. Thereafter, all remaining monies shall be allocated *pro-rata* to each of the employee benefit plans for which contributions are required under the terms of an employer's collective bargaining agreement based on the contribution amounts set forth in the labor agreement and shall be applied each month to the contributions designated by the employer for that month. Subsequent receipts for said month will be credited in the same manner.

MANAGEMENT TRUSTEES          UNION TRUSTEES

Michael Thurman

Dated:  11-17-14

**District Council 21 Employee Benefit Funds**

## <u>PAYROLL COMPLIANCE REVIEW</u>

## <u>REPORT</u>

EMPLOYER:         Artisan Display Inc.

ADDRESS:         1239 East 6th Street, Red Hill, PA  18076

DATE PAYROLL REVIEW COMPLETED:    January 11, 2019

REVIEW PERIOD:    October 1, 2015 through November 30, 2018

EMPLOYER REPRESENTATIVE, IF ANY, PRESENT AT THE TIME OF
THE PAYROLL REVIEW:    Ms. Jamie Wassmer

LOCATION OF EXAMINATION:    Same as Above

DOES THE EMPLOYER PAY CONTRIBUTIONS ON:

Non Bargaining Unit Employees:    No    If yes, is there a Participation agreement?

Owner/Operator:    No    If yes, is there an Owner/Operator agreement?

RESULTS OF PAYROLL COMPLIANCE REVIEW:

    A - Contributions not submitted on all hours/wages
    B - Contributions due for deliquent months January 2018 through March 2018
    C - Dues were not remitted on hours paid
    D - Contributions due on all employees performing covered work

**Revised:  April 4, 2019**

Case 2:19-cv-04406-TJS   Document 1   Filed 09/23/19   Page 112 of 151

**District Council 21 Employee Benefit Funds**

**PAYROLL COMPLIANCE REVIEW**

**SUMMARY**

EMPLOYER:    Artisan Display Inc.

REVIEW PERIOD:  October 1, 2015 through November 30, 2018

| | 2015 | 2016 | 2017 | 2018 | TOTAL |
|---|---|---|---|---|---|
| Health & Welfare | $ 416.80 | $ 83.36 | $ 2,090.58 | $ 6,968.92 | $ 9,559.66 |
| Annuity Fund | 42.00 | 12.72 | 741.60 | 2,682.74 | 3,479.06 |
| Job Recovery | 36.00 | 7.20 | 74.64 | 634.70 | 752.54 |
| Apprentice DC21 | 38.00 | 8.24 | 164.19 | 646.80 | 857.23 |
| Industry Advancement | 8.00 | 1.60 | 46.75 | 115.70 | 172.05 |
| Vacation Fund | 80.00 | 16.00 | 207.10 | 1,179.00 | 1,482.10 |
| Scholarship Fund | 2.00 | 0.64 | 11.13 | 60.60 | 74.37 |
| Benevolent Fund | 1.20 | 0.24 | 2.88 | 28.08 | 32.40 |
| HRA Fund | 12.00 | 2.40 | 19.20 | 148.80 | 182.40 |
| DC21 LMF | - | - | - | - | - |
| Drywall Finisher Target Fund | - | - | 90.24 | 592.20 | 682.44 |
| Organizing Fund | 2.00 | 0.40 | 3.60 | 30.30 | 36.30 |
| PAC Fund | 12.00 | 2.40 | 27.75 | 176.30 | 218.45 |
| Dues / hour | 21.60 | 54.70 | 210.82 | 529.18 | 816.30 |
| Dues % of Wages | 30.84 | 4.81 | 465.81 | 547.80 | 1,049.26 |
| **TOTAL CONTRIB. DUE:** | $ 702.44 | $ 194.71 | $ 4,156.29 | $ 14,341.12 | $ 19,394.56 |
| Interest | 126.86 | 26.87 | 365.64 | 506.84 | 1,026.21 |
| *Liquidated Damages** | 140.49 | 38.94 | 831.26 | 2,868.22 | 3,878.91 |
| Cost of Audit | | | | | 1,834.67 |
| **TOTAL AMOUNT DUE:** | | | | | **$ 26,134.35** |

*Please note Liquidated Damages may be due if payment of Principle, Interest and Cost of Audit (if applicable)
is not received within 15 days after notification from Fund Office.*

**Revised:** April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER:  Artisan Display Inc.
ADDRESS:  1239 East 6th Street, Red Hill, PA 18076
CONTACT:  Ms. Jamie Wassmer
PH NUMBER:  215-679-8577

REVIEW PERIOD:  October 1, 2015 through November 30, 2018
AUDITOR:  Sirena Gonzalez

Reason For Deficiency (RFD):
A - Contributions not submitted on all hours/wages
B - Contributions due for delinquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

Contributions Due for Phila Apprentice Tapers-2nd Year

2015

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Santangelo, Salvatore | 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 | A | HOURS | - | - | - | - | - | - | - | - | - | - | 40.00 | | 40.00 |
| | | | WAGES | | | | | | | | | | | | | |
| | | | TOTAL HOURS | - | - | - | - | - | - | - | - | - | - | 40.00 | | 40.00 |
| | | | TOTAL WAGES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 881.20 | $ - | $ 881.20 |

Amount Due

| FUNDS | RATES | RFD | 5/1/14 | 5/1/15 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $0.17 | $10.42 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 416.80 | $ - | $ 416.80 |
| ANNUITY FUND | $ per hour | $0.55 | $1.05 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 42.00 | $ - | $ 42.00 |
| JOB RECOVERY | $ per hour | $0.90 | $0.90 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 36.00 | $ - | $ 36.00 |
| APPRENTICE DC21 | $ per hour | $0.93 | $0.95 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 38.00 | $ - | $ 38.00 |
| INDUSTRY FUND | $ per hour | $0.20 | $0.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 8.00 | $ - | $ 8.00 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 80.00 | $ - | $ 80.00 |
| SCHOLARSHIP FUND | $ per hour | $0.03 | $0.05 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2.00 | $ - | $ 2.00 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1.20 | $ - | $ 1.20 |
| IIRA FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 12.00 | $ - | $ 12.00 |
| DW FINISHER TARG | $ per hour | $0.00 | $0.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ORGANIZING | $ per hour | $0.00 | $0.05 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2.00 | $ - | $ 2.00 |
| PAC FUND | $ per hour | $0.25 | $0.30 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 12.00 | $ - | $ 12.00 |
| ADMIN DUES / HOUR | $ per hour | $0.49 | $0.54 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 21.60 | $ - | $ 21.60 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 30.84 | $ - | $ 30.84 |
| TOTAL AMOUN | | | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 702.44 | $ - | $ 702.44 |

Revised: April 4, 2019

# District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wassmer
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

**Reason For Deficiency (RFD):**
A - Contributions not submitted on all hours/wages
B - Contributions due for delinquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

2016

## Contributions Due for Phila Apprentice Tapers-1st Year

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Cooper, Ryan | 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 | A | HOURS | - | - | - | - | - | - | - | | 8.00 | - | - | - | 8.00 |
| | | | WAGES | | | | | | | | | 137.36 | | | | 137.36 |
| | | | TOTAL HOURS | | | | | | | | | | | | | 8.00 |
| | | | TOTAL WAGES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 137.36 | $ - | $ - | $ - | $ 137.36 |

### Amount Due

| FUNDS | RATES | 5/1/15 | 5/1/16 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $10.42 | $10.42 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 83.36 | $ - | $ - | $ - | $ 83.36 |
| ANNUITY FUND | $ per hour | $1.05 | $1.59 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 12.72 | $ - | $ - | $ - | $ 12.72 |
| JOB RECOVERY | $ per hour | $0.90 | $0.90 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 7.20 | $ - | $ - | $ - | $ 7.20 |
| APPRENTICE DC21 | $ per hour | $0.95 | $1.03 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 8.24 | $ - | $ - | $ - | $ 8.24 |
| INDUSTRY FUND | $ per hour | $0.20 | $0.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1.60 | $ - | $ - | $ - | $ 1.60 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 16.00 | $ - | $ - | $ - | $ 16.00 |
| SCHOLARSHIP FUND | $ per hour | $0.05 | $0.08 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 0.64 | $ - | $ - | $ - | $ 0.64 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 0.24 | $ - | $ - | $ - | $ 0.24 |
| HRA FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2.40 | $ - | $ - | $ - | $ 2.40 |
| DW FINISHER TARG | $ per hour | $0.00 | $0.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ORGANIZING | $ per hour | $0.05 | $0.05 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 0.40 | $ - | $ - | $ - | $ 0.40 |
| PAC FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2.40 | $ - | $ - | $ - | $ 2.40 |
| ADMIN DUES / HOUR | $ per hour | $0.54 | $0.56 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 4.48 | $ - | $ - | $ - | $ 4.48 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 4.81 | $ - | $ - | $ - | $ 4.81 |
| | TOTAL AMOUN | | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 144.49 | $ - | $ - | $ - | $ 144.49 |

Revised: April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wassmer
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

Reason For Deficiency (RFD):
A - Contributions not submitted on all hours/wages
B - Contributions due for delinquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

2017

## Contributions Due for Phila Journeymen Tapers

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|------|-----------|-----|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------|
| Stevens, David | 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 | A | HOURS | - | - | - | - | - | 40.00 | | | | - | - | | 40.00 |
| | | | WAGES | | | | | | | | | | | | | |
| | | TOTAL HOURS | | | | | | | 40.00 | | | | | | | 40.00 |
| | | TOTAL WAGES | | $ - | $ - | $ - | $ - | $ - | $ 1,525.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ 1,525.20 |

### Amount Due

| FUNDS | RATES | 5/16 | 5/17 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|-------|-------|------|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------|
| HEALTH & WELFARE | $ per hour | $11.57 | $11.92 | $ - | $ - | $ - | $ - | $ - | $ 476.80 | $ - | $ - | $ - | $ - | $ - | $ - | $ 476.80 |
| ANNUITY FUND | $ per hour | $5.64 | $5.64 | $ - | $ - | $ - | $ - | $ - | $ 225.60 | $ - | $ - | $ - | $ - | $ - | $ - | $ 225.60 |
| JOB RECOVERY | $ per hour | $1.00 | $1.00 | $ - | $ - | $ - | $ - | $ - | $ 40.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ 40.00 |
| APPRENTICE DC21 | $ per hour | $1.11 | $1.13 | $ - | $ - | $ - | $ - | $ - | $ 45.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ 45.20 |
| INDUSTRY FUND | $ per hour | $0.20 | $0.20 | $ - | $ - | $ - | $ - | $ - | $ 8.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ 8.00 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | $ - | $ - | $ - | $ - | $ - | $ 80.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ 80.00 |
| SCHOLARSHIP FUND | $ per hour | $0.08 | $0.10 | $ - | $ - | $ - | $ - | $ - | $ 4.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ 4.00 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | $ - | $ - | $ - | $ - | $ - | $ 1.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ 1.20 |
| HRA FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | $ - | $ - | $ - | $ 12.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ 12.00 |
| DW FINISHER TARG | $ per hour | $0.94 | $1.41 | $ - | $ - | $ - | $ - | $ - | $ 56.40 | $ - | $ - | $ - | $ - | $ - | $ - | $ 56.40 |
| ORGANIZING | $ per hour | $0.05 | $0.05 | $ - | $ - | $ - | $ - | $ - | $ 2.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ 2.00 |
| PAC FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | $ - | $ - | $ - | $ 12.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ 12.00 |
| ADMIN DUES / HOUR | $ per hour | $0.93 | $0.95 | $ - | $ - | $ - | $ - | $ - | $ 38.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ 38.00 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $ - | $ - | $ - | $ - | $ - | $ 53.38 | $ - | $ - | $ - | $ - | $ - | $ - | $ 53.38 |
| | TOTAL AMOUNT | | | $ - | $ - | $ - | $ - | $ - | $ 1,054.58 | $ - | $ - | $ - | $ - | $ - | $ - | $ 1,054.58 |

Revised: April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wassmer
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

Reason For Deficiency (RFD):
A - Contributions not submitted on all hours/wages
B - Contributions due for delinquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

2017

Contributions Due for Journeymen Tapers - Bucks, Monteo, Delco

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Lydon, Richard | 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 | A | HOURS | - | - | - | - | - | - | 24.00 | - | - | - | - | - | 24.00 |
| | | | WAGES | - | - | - | - | - | - | 890.64 | - | - | - | - | - | 890.64 |
| | | TOTAL HOURS | | $ - | $ - | $ - | $ - | $ - | $ - | $ 24.00 | $ - | $ - | $ - | $ - | $ - | $ 24.00 |
| | | TOTAL WAGES | | $ - | $ - | $ - | $ - | $ - | $ - | $ 890.64 | $ - | $ - | $ - | $ - | $ - | $ 890.64 |

Amount Due

| FUNDS | RATES | 5/1/16 | 5/1/17 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $11.57 | $11.92 | $ - | $ - | $ - | $ - | $ - | $ - | $ 286.08 | $ - | $ - | $ - | $ - | $ - | $ 286.08 |
| ANNUITY FUND | $ per hour | $5.50 | $5.50 | $ - | $ - | $ - | $ - | $ - | $ - | $ 132.00 | $ - | $ - | $ - | $ - | $ - | $ 132.00 |
| JOB RECOVERY | $ per hour | $1.00 | $1.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ 24.00 | $ - | $ - | $ - | $ - | $ - | $ 24.00 |
| APPRENTICE DC21 | $ per hour | $1.11 | $1.13 | $ - | $ - | $ - | $ - | $ - | $ - | $ 27.12 | $ - | $ - | $ - | $ - | $ - | $ 27.12 |
| INDUSTRY FUND | $ per hour | $0.20 | $0.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ 4.80 | $ - | $ - | $ - | $ - | $ - | $ 4.80 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ 48.00 | $ - | $ - | $ - | $ - | $ - | $ 48.00 |
| SCHOLARSHIP FUND | $ per hour | $0.08 | $0.10 | $ - | $ - | $ - | $ - | $ - | $ - | $ 2.40 | $ - | $ - | $ - | $ - | $ - | $ 2.40 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | $ - | $ - | $ - | $ - | $ - | $ - | $ 0.72 | $ - | $ - | $ - | $ - | $ - | $ 0.72 |
| HRA FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | $ - | $ - | $ - | $ - | $ 7.20 | $ - | $ - | $ - | $ - | $ - | $ 7.20 |
| DW FINISHER TARG | $ per hour | $0.94 | $1.41 | $ - | $ - | $ - | $ - | $ - | $ - | $ 33.84 | $ - | $ - | $ - | $ - | $ - | $ 33.84 |
| ORGANIZING | $ per hour | $0.05 | $0.05 | $ - | $ - | $ - | $ - | $ - | $ - | $ 1.20 | $ - | $ - | $ - | $ - | $ - | $ 1.20 |
| PAC FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | $ - | $ - | $ - | $ - | $ 7.20 | $ - | $ - | $ - | $ - | $ - | $ 7.20 |
| ADMIN DUES / HOUR | $ per hour | $0.92 | $0.94 | $ - | $ - | $ - | $ - | $ - | $ - | $ 22.56 | $ - | $ - | $ - | $ - | $ - | $ 22.56 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $ - | $ - | $ - | $ - | $ - | $ - | $ 31.17 | $ - | $ - | $ - | $ - | $ - | $ 31.17 |
| TOTAL AMOUNT | % of wages | 3.50% | | $ - | $ - | $ - | $ - | $ - | $ - | $ 628.29 | $ - | $ - | $ - | $ - | $ - | $ 628.29 |

Revised: April 4, 2019

# District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wassmer
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

**Reason For Deficiency (RFD):**
A - Contributions not submitted on all hours/wages
B - Contributions due for delinquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

## Contributions Due for Journeymen Tapers - Delaware

2017

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Lyndon, Richard | 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 | A | HOURS | - | - | - | - | - | - | - | - | - | - | - | 8.00 | 8.00 |
| | | | WAGES | | | | | | | | | | | | | |
| | | TOTAL HOURS | | | | | | | | | | | | | | 8.00 | 8.00 |
| | | TOTAL WAGES | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 326.56 | $ 326.56 |

**Amount Due**

| FUNDS | RATES | 5/1/16 | 5/1/17 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $10.17 | $10.40 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 83.20 | $ 83.20 |
| ANNUITY FUND | $ per hour | $2.15 | $2.15 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 17.20 | $ 17.20 |
| JOB RECOVERY | $ per hour | $0.85 | $1.33 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 10.64 | $ 10.64 |
| APPRENTICE DC21 | $ per hour | $0.82 | $0.84 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 6.72 | $ 6.72 |
| INDUSTRY FUND | $ per hour | $0.15 | $0.15 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1.20 | $ 1.20 |
| VACATION FUND | $ per hour | $1.70 | $1.70 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 13.60 | $ 13.60 |
| SCHOLARSHIP FUND | $ per hour | $0.08 | $0.10 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 0.80 | $ 0.80 |
| BENEVOLENT FUND | $ per hour | $0.12 | $0.12 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 0.96 | $ 0.96 |
| ORGANIZING | $ per hour | $0.05 | $0.05 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 0.40 | $ 0.40 |
| PAC FUND | $ per hour | $0.25 | $0.25 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2.00 | $ 2.00 |
| ADMIN DUES / HOUR | $ per hour | $0.68 | $0.71 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 5.68 | $ 5.68 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 11.43 | $ 11.43 |
| TOTAL AMOUNT | | | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 153.93 | $ 153.93 |

Revised: April 4, 2019

**District Council 21 Employee Benefit Funds**

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wassmer
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

**Reason For Deficiency (RFD):**
A - Contributions not submitted on all hours/wages
B - Contributions due for delinquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

2017

### Contributions Due for Journeymen Tapers - Northeast Region

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bobish, Glen | 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 | D | HOURS | | | | | | | | 40.00 | | | | | 40.00 |
| | | | WAGES | | | | | | | | $ 1,112.40 | | | | | $ 1,112.40 |
| Lydon, Richard | 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 | A | HOURS | | | | | | | 51.00 | | | | | | 51.00 |
| | | | WAGES | | | | | | | $ 1,985.41 | | | | | | $ 1,985.41 |
| Steinberg, Charles | 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 | A | HOURS | | | | | | | 40.00 | | | | | | 40.00 |
| | | | WAGES | $ 1,310.88 | | $ 2,621.72 | $ 1,966.32 | | | $ 1,112.40 | | | | | | $ 7,011.32 |
| | | | TOTAL HOURS | | | | | | | 91.00 | 40.00 | | | | | 131.00 |
| | | | TOTAL WAGES | $ 1,310.88 | | $ 2,621.72 | $ 1,966.32 | $ - | $ - | $ 3,097.81 | $ 1,112.40 | $ - | $ - | $ - | $ - | $ 10,109.13 |

### Amount Due

| FUNDS | RATES | 5/1/16 | 5/1/17 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $9.50 | $9.50 | $ - | $ - | $ - | $ - | $ - | $ - | $ 864.50 | $ 380.00 | $ - | $ - | $ - | $ - | $ 1,244.50 |
| ANNUITY FUND | $ per hour | $2.80 | $2.80 | $ - | $ - | $ - | $ - | $ - | $ - | $ 254.80 | $ 112.00 | $ - | $ - | $ - | $ - | $ 366.80 |
| APPRENTICE DC21 | $ per hour | $0.65 | $0.65 | $ - | $ - | $ - | $ - | $ - | $ - | $ 59.15 | $ 26.00 | $ - | $ - | $ - | $ - | $ 85.15 |
| INDUSTRY FUND | $ per hour | $0.25 | $0.25 | $ - | $ - | $ - | $ - | $ - | $ - | $ 22.75 | $ 10.00 | $ - | $ - | $ - | $ - | $ 32.75 |
| VACATION FUND | $ per hour | $0.50 | $0.50 | $ - | $ - | $ - | $ - | $ - | $ - | $ 45.50 | $ 20.00 | $ - | $ - | $ - | $ - | $ 65.50 |
| SCHOLARSHIP FUND | $ per hour | $0.03 | $0.03 | $ - | $ - | $ - | $ - | $ - | $ - | $ 2.73 | $ 1.20 | $ - | $ - | $ - | $ - | $ 3.93 |
| PAC FUND | $ per hour | $0.05 | $0.05 | $ - | $ - | $ - | $ - | $ - | $ - | $ 4.55 | $ 2.00 | $ - | $ - | $ - | $ - | $ 6.55 |
| ADMIN DUES / HOUR | $ per hour | $0.58 | $0.64 | $ - | $ - | $ - | $ - | $ - | $ - | $ 58.24 | $ 25.60 | $ - | $ - | $ - | $ - | $ 83.84 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $ 45.88 | $ - | $ 91.76 | $ 68.82 | $ - | $ - | $ 108.42 | $ 38.93 | $ - | $ - | $ - | $ - | $ 353.81 |
| TOTAL AMOUNT | | 45.88 | 45.88 | $ 45.88 | $ - | $ 91.76 | $ 68.82 | $ - | $ - | $ 1,420.64 | $ 615.73 | $ - | $ - | $ - | $ - | $ 2,242.83 |

Revised: April 4, 2019

**District Council 21 Employee Benefit Funds**

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wassmer
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

Reason For Deficiency (RFD):
A - Contributions not submitted on all hours/wages
B - Contributions due for deliquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

2017

## Contributions Due for Apprentice Tapers-1st Year

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Evans, Richard | 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 | A | HOURS | | | | | | | | | | | | | |
| | | | WAGES | | | | | | | | | | | | | |
| | | | TOTAL HOURS | | | | $ 457.60 | | | | | | | | | $ 457.60 |
| | | | TOTAL WAGES | $ - | | $ - | $ 457.60 | $ - | $ - | | $ - | $ - | $ - | $ - | $ - | $ 457.60 |

Amount Due

| FUNDS | RATES | RFD | 5/1/16 | 5/1/17 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | | $10.42 | $10.77 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ANNUITY FUND | $ per hour | | $1.59 | $1.59 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| JOB RECOVERY | $ per hour | | $0.90 | $0.90 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| APPRENTICE DC21 | $ per hour | | $1.03 | $1.05 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| INDUSTRY FUND | $ per hour | | $0.20 | $0.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| VACATION FUND | $ per hour | | $2.00 | $2.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| SCHOLARSHIP FUND | $ per hour | | $0.08 | $0.10 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BENEVOLENT FUND | $ per hour | | $0.03 | $0.03 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| IRA FUND | $ per hour | | $0.30 | $0.30 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| DW FINISHER TARG | $ per hour | | $0.00 | $0.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ORGANIZING | $ per hour | | $0.05 | $0.05 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAC FUND | $ per hour | | $0.30 | $0.30 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ADMIN DUES / HOUR | $ per hour | | $0.56 | $0.59 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| DUES CHECK OFF | % of wages | | 3.50% | 3.50% | $ - | $ - | $ - | 16.02 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 16.02 |
| TOTAL AMOUN | | | 3.50% | 3.50% | $ - | $ - | $ - | 16.02 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 16.02 |

Revised: April 4, 2019

# District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wassmer
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

**Reason For Deficiency (RFD):**
A - Contributions not submitted on all hours/wages
B - Contributions due for delinquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

2018

## Contributions Due for Journeymen Tapers - Delaware

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gougeon, William | 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 | B | HOURS | 78.00 | - | | - | - | - | - | - | - | - | - | - | 78.00 |
| | | | WAGES | $ 2,161.70 | - | | - | - | - | - | - | - | - | - | - | $ 2,161.70 |
| Slattery, Timothy | 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 | B | HOURS | | - | 32.00 | - | - | - | - | - | - | - | - | - | 32.00 |
| | | | WAGES | | - | $ 946.88 | - | - | - | - | - | - | - | - | - | $ 946.88 |
| | | | TOTAL HOURS | 78.00 | - | 32.00 | - | - | - | - | - | - | - | - | - | 110.00 |
| | | | TOTAL WAGES | $ 2,161.70 | $ - | $ 946.88 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 3,108.58 |

### Amount Due

| FUNDS | RATES | 5/1/17 | 5/1/18 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $10.40 | $10.73 | $ 811.20 | $ - | $ 332.80 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1,144.00 |
| ANNUITY FUND | $ per hour | $2.15 | $2.15 | $ 167.70 | $ - | $ 68.80 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 236.50 |
| JOB RECOVERY | $ per hour | $1.33 | $1.33 | $ 103.74 | $ - | $ 42.56 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 146.30 |
| APPRENTICE DC21 | $ per hour | $0.84 | $0.87 | $ 65.52 | $ - | $ 26.88 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 92.40 |
| INDUSTRY FUND | $ per hour | $0.15 | $0.15 | $ 11.70 | $ - | $ 4.80 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 16.50 |
| VACATION FUND | $ per hour | $1.70 | $1.70 | $ 132.60 | $ - | $ 54.40 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 187.00 |
| SCHOLARSHIP FUND | $ per hour | $0.10 | $0.10 | $ 7.80 | $ - | $ 3.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 11.00 |
| BENEVOLENT FUND | $ per hour | $0.12 | $0.12 | $ 9.36 | $ - | $ 3.84 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 13.20 |
| ORGANIZING | $ per hour | $0.05 | $0.07 | $ 3.90 | $ - | $ 1.60 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 5.50 |
| PAC FUND | $ per hour | $0.25 | $0.25 | $ 19.50 | $ - | $ 8.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 27.50 |
| ADMIN DUES / HOUR | $ per hour | $0.71 | $0.74 | $ 55.38 | $ - | $ 22.72 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 78.10 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $ 75.66 | $ - | $ 33.14 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 108.80 |
| TOTAL AMOUNT | | | | $ 1,464.06 | $ - | $ 602.74 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2,066.80 |

Revised: April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER:  Artisan Display Inc.
ADDRESS:   1239 East 6th Street, Red Hill, PA  18076
CONTACT:   Ms. Jamie Wassmer
PH NUMBER: 215-679-8577

REVIEW PERIOD:  October 1, 2015 through November 30, 2018
AUDITOR:  Sirena Gonzalez

**Reason For Deficiency (RFD):**
A - Contributions not submitted on all hours/wages
B - Contributions due for delinquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

2018

## Contributions Due for Journeymen Tapers - Bucks, Montco, Delco

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Juarez-Lara, Hernan | 2214-06-8325 | B | HOURS | 125.00 | | | | | | | | | | | | 125.00 |
| | | | WAGES | $ 4,638.75 | | | | | | | | | | | | $ 4,638.75 |
| Lydon, Richard | 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 | B | HOURS | 56.00 | 114.00 | 15.00 | | | | | | | | | | 185.00 |
| | | | WAGES | $ 2,285.92 | $ 4,653.48 | 964.90 | | | | | | | | | | $ 7,904.30 |
| | | | TOTAL HOURS | 181.00 | 114.00 | 15.00 | | | | | | | | | | 310.00 |
| | | | TOTAL WAGES | $ 6,924.67 | $ 4,653.48 | 964.90 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 12,543.05 |

### Amount Due

| FUNDS | RATES | 5/0/17 | 5/1/18 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $11.92 | $12.25 | $ 2,157.52 | $ 1,358.88 | $ 178.80 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 3,695.20 |
| ANNUITY FUND | $ per hour | $5.50 | $4.50 | 995.50 | 627.00 | 82.50 | - | - | - | - | - | - | - | - | - | 1,705.00 |
| JOB RECOVERY | $ per hour | $1.00 | $0.00 | 181.00 | 114.00 | 15.00 | - | - | - | - | - | - | - | - | - | 310.00 |
| APPRENTICE DC21 | $ per hour | $1.13 | $1.16 | 204.53 | 128.82 | 16.95 | - | - | - | - | - | - | - | - | - | 350.30 |
| INDUSTRY FUND | $ per hour | $0.20 | $0.20 | 36.20 | 22.80 | 3.00 | - | - | - | - | - | - | - | - | - | 62.00 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | 362.00 | 228.00 | 30.00 | - | - | - | - | - | - | - | - | - | 620.00 |
| SCHOLARSHIP FUND | $ per hour | $0.10 | $0.10 | 18.10 | 11.40 | 1.50 | - | - | - | - | - | - | - | - | - | 31.00 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | 5.43 | 3.42 | 0.45 | - | - | - | - | - | - | - | - | - | 9.30 |
| HRA FUND | $ per hour | $0.30 | $0.30 | 54.30 | 34.20 | 4.50 | - | - | - | - | - | - | - | - | - | 93.00 |
| DC21 LMF | $ per hour | $0.00 | $0.07 | - | - | - | - | - | - | - | - | - | - | - | - | - |
| DW FINISHER TARG | $ per hour | $1.41 | $1.41 | 255.21 | 160.74 | 21.15 | - | - | - | - | - | - | - | - | - | 437.10 |
| ORGANIZING | $ per hour | $0.05 | $0.07 | 9.05 | 5.70 | 0.75 | - | - | - | - | - | - | - | - | - | 15.50 |
| PAC FUND | $ per hour | $0.30 | $0.30 | 54.30 | 34.20 | 4.50 | - | - | - | - | - | - | - | - | - | 93.00 |
| ADMIN DUES / HOUR | $ per hour | $0.94 | $0.95 | 170.14 | 107.16 | 14.10 | - | - | - | - | - | - | - | - | - | 291.40 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | 242.36 | 162.87 | 33.77 | - | - | - | - | - | - | - | - | - | 439.00 |
| | | | TOTAL AMOUNT | $ 4,745.64 | $ 2,999.19 | $ 406.97 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 8,151.80 |

Revised: April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA. 18076
CONTACT: Ms. Jamie Wassmer
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

**Reason For Deficiency (RFD):**
A - Contributions not submitted on all hours/wages
B - Contributions due for delinquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

2018

## Contributions Due for Journeymen Tapers – Philadelphia

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gougeon, William | 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 | B | HOURS | 16.00 | | | | | | | | | | | | 16.00 |
| | | | WAGES | $ - | | | | | | | | | | | | $ - |
| Lydon, Richard | 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 | B | HOURS | 86.00 | 8.00 | | | | | | | | | | | 94.00 |
| | | | WAGES | $ - | $ - | | | | | | | | | | | $ - |
| | | TOTAL HOURS | | 102.00 | 8.00 | | | | | | | | | | | 110.00 |
| | | TOTAL WAGES | | $ - | $ - | | | | | | | | | | | $ - |

### Amount Due

| FUNDS | RATES | 5/1/17 | 5/1/18 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $11.92 | $12.25 | $1,215.84 | 95.36 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1,311.20 |
| ANNUITY FUND | $ per hour | $5.64 | $4.64 | 575.28 | 45.12 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 620.40 |
| JOB RECOVERY | $ per hour | $1.00 | $0.00 | 102.00 | 8.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 110.00 |
| APPRENTICE DC21 | $ per hour | $1.13 | $1.16 | 115.26 | 9.04 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 124.30 |
| INDUSTRY FUND | $ per hour | $0.20 | $0.20 | 20.40 | 1.60 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 22.00 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | 204.00 | 16.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 220.00 |
| SCHOLARSHIP FUND | $ per hour | $0.10 | $0.10 | 10.20 | 0.80 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 11.00 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | 3.06 | 0.24 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 3.30 |
| HRA FUND | $ per hour | $0.30 | $0.30 | 30.60 | 2.40 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 33.00 |
| DC21 LMF | $ per hour | $0.00 | $0.07 | - | - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| DW FINISHER TARG | $ per hour | $1.41 | $1.41 | 143.82 | 11.28 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 155.10 |
| ORGANIZING | $ per hour | $0.05 | $0.07 | 5.10 | 0.40 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 5.50 |
| PAC FUND | $ per hour | $0.30 | $0.30 | 30.60 | 2.40 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 33.00 |
| ADMIN DUES / HOUR | $ per hour | $0.95 | $0.96 | 96.90 | 7.60 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 104.50 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | - | - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| | | | TOTAL AMOUNT | $ 2,553.06 | 200.24 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2,753.30 |

Revised: April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wassmer
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

Reason For Deficiency (RFD):
A - Contributions not submitted on all hours/wages
B - Contributions due for delinquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

Contributions Due for Apprentice Tapers - Philadelphia

Amount Due

2018

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Clendaniel, David | 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 | B | HOURS | 70.00 | | | | | | | | | | | | 70.00 |
| | | | WAGES | $ - | | | | | | | | | | | | $ - |
| Pasqualone, Justin | 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 | B | HOURS | 6.00 | | | | | | | | | | | | 6.00 |
| | | | WAGES | $ - | | | | | | | | | | | | $ - |
| | | TOTAL HOURS | | 76.00 | - | - | - | - | - | - | - | - | - | - | - | 76.00 |
| | | TOTAL WAGES | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

| FUNDS | RATES | 5/1/17 | 5/1/18 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $10.77 | $11.10 | $ 818.52 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 818.52 |
| ANNUITY FUND | $ per hour | $1.59 | $2.00 | $ 120.84 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 120.84 |
| JOB RECOVERY | $ per hour | $0.90 | $0.00 | $ 68.40 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 68.40 |
| APPRENTICE DC21 | $ per hour | $1.05 | $1.08 | $ 79.80 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 79.80 |
| INDUSTRY FUND | $ per hour | $0.20 | $0.20 | $ 15.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 15.20 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | $ 152.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 152.00 |
| SCHOLARSHIP FUND | $ per hour | $0.10 | $0.10 | $ 7.60 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 7.60 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | $ 2.28 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2.28 |
| HRA FUND | $ per hour | $0.30 | $0.30 | $ 22.80 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 22.80 |
| DC21 LMF | $ per hour | $0.00 | $0.07 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| DW FINISHER TARG | $ per hour | $0.00 | $0.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ORGANIZING | $ per hour | $0.05 | $0.07 | $ 3.80 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 3.80 |
| PAC FUND | $ per hour | $0.30 | $0.30 | $ 22.80 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 22.80 |
| ADMIN DUES / HOUR | $ per hour | $0.59 | $0.61 | $ 44.84 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 44.84 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | TOTAL AMOUNT | | | $1,358.88 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1,358.88 |

Revised: April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wassner
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

Reason For Deficiency (RFD):
C - Dues were not remitted on hours paid

2016

## Contributions Due for Journeymen Tapers

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC* | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Crandall, Arthur | 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 | C | HOURS | | | | | | | | | | | | 4.00 | 4.00 |
| | | | WAGES | | | | | | | | | | | | $ - | $ - |
| Garvin, Thomas | 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 | C | HOURS | | | | | | | | | | | | 8.00 | 8.00 |
| | | | WAGES | | | | | | | | | | | | $ - | $ - |
| Lentz, Kenneth | 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 | C | HOURS | | | | | | | | | | | | 4.00 | 4.00 |
| | | | WAGES | | | | | | | | | | | | $ - | $ - |
| Marino, Michael | 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 | C | HOURS | | | | | | | | | | | | 30.00 | 30.00 |
| | | | WAGES | | | | | | | | | | | | $ - | $ - |
| Marino, Thomas | 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 | C | HOURS | | | | | | | | | | | | 8.00 | 8.00 |
| | | | WAGES | | | | | | | | | | | | $ - | $ - |
| | | | TOTAL HOURS | - | - | - | - | - | - | - | - | - | - | - | 54.00 | 54.00 |
| | | | TOTAL WAGES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

Amount Due

| FUNDS | RATES | 5/1/15 | 5/1/16 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC* | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADMIN DUES / HOUR | $ per hour | $0.91 | $0.93 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $50.22 | $50.22 |
| TOTAL AMOUNT DUE | | | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $50.22 | $50.22 |

Revised: April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wassmer
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

Reason For Deficiency (RFD):
C - Dues were not remitted on hours paid

2017

## Contributions Due for Journeymen Tapers - Delaware

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gougeon, William | 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 | C | HOURS | | | | | | | | | | | | 4.00 | 4.00 |
| | | | WAGES | | | | | | | | | | | | $ - | $ - |
| Juarez-Lara, Hernan | 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 | C | HOURS | | | | | | | | | | | | | |
| | | | WAGES | | | | | | | | | | | | $ - | $ - |
| Nelson, Alonzo | 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 | C | HOURS | | | | | | | | | | | | 4.00 | 4.00 |
| | | | WAGES | | | | | | | | | | | | $ - | $ - |
| Pasqualone, Justin | 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 | C | HOURS | | | | | | | | | | | | 4.00 | 4.00 |
| | | | WAGES | | | | | | | | | | | | $ - | $ - |
| Schell, Theodore | 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 | C | HOURS | | | | | | | | | | | | 4.00 | 4.00 |
| | | | WAGES | | | | | | | | | | | | $ - | $ - |
| | TOTAL HOURS | 5/1/16 | 5/1/17 | | | | | | | | | | | | | 20.00 | 20.00 |
| | TOTAL WAGES | $0.68 | $0.71 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

Amount Due

| FUNDS | RATES | 5/1/16 | 5/1/17 | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADMIN DUES / HOUR | $ per hour | $0.68 | $0.71 | | | | | | | | | | | | | | |
| | TOTAL AMOUNT DUE | | $ | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 14.20 | $ 14.20 |

## Contributions Due for Journeymen Tapers

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Lee, Robert | 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 | C | HOURS | | | | 4.50 | | | | | | | | | 4.50 |
| | | | WAGES | $ - | $ - | $ - | $ - | $ - | $ - | | $ - | $ - | $ - | $ - | $ - | $ - |
| Lydon, Richard | 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 | C | HOURS | 4.00 | | 4.00 | 8.00 | 4.00 | | | 3.00 | | | | 4.00 | 27.00 |
| | | | WAGES | $ - | $ - | $ - | $ - | $ - | | | $ - | | $ - | $ - | $ - | $ - |
| Nicastro, Louis | 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 | C | HOURS | | | | 4.00 | 4.00 | | | | | | | | 8.00 |
| | | | WAGES | | | | $ - | $ - | | | | | | | | $ - |
| Stevens, David | 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 | C | HOURS | | | | | 4.00 | 6.00 | | | | | | | 10.00 |
| | | | WAGES | | | | | $ - | $ - | | | | | | | $ - |
| | TOTAL HOURS | 5/1/16 | 5/1/17 | 4.00 | | 4.00 | 16.50 | 12.00 | 6.00 | | 3.00 | | | | 4.00 | 49.50 |
| | TOTAL WAGES | $0.93 | $0.95 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

Amount Due

| FUNDS | RATES | 5/1/16 | 5/1/17 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADMIN DUES / HOUR | $ per hour | $0.93 | $0.95 | $ 3.72 | $ - | $ 3.72 | $ 15.35 | $ 11.40 | $ 5.70 | $ - | $ 2.85 | $ - | $ - | $ - | $ 3.80 | $ 46.54 |
| | TOTAL AMOUNT DUE | | $ | $ 3.72 | $ - | $ 3.72 | $ 15.35 | $ 11.40 | $ 5.70 | $ - | $ 2.85 | $ - | $ - | $ - | $ 3.80 | $ 46.54 |

Revised: April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wassner
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

Reason For Deficiency (RFD):
C - Dues were not remitted on hours paid

2018

Contributions Due for Journeymen Tapers - Bucks, Montco, Delco

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Lyobon, Richard | 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 | C | HOURS | | | 11.00 | | | | | | | | | | 11.00 |
| | | | WAGES | | | - | | | | | | | | | | - |
| | | TOTAL HOURS | | | $  - | $  11.00 | | | | | | | | | | $  11.00 |
| | | TOTAL WAGES | | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - |

Amount Due

| FUNDS | RATES | | 5/1/17 | 5/1/18 | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADMIN DUES / HOUR | $ per hour | | $0.94 | $0.95 | | $  - | $  - | $  10.34 | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  10.34 |
| | TOTAL AMOUNT DUE | | | | | $  - | $  - | $  10.34 | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  10.34 |

Revised: April 4, 2019

```
                    D.C. 21 BENEFITS OFFICE
                    2980 SOUTHAMPTON-BYBERRY
                    PHILADELPHIA  PA  19154
                       (215) 934-5130

                                            July 16, 2019


ARTISAN DISPLAY INC                    Employer #   2265
1239 EAST 6TH STREET
RED HILL, PA 18076
```

 As per Article 13.13.1 of the Collective Bargaining
Agreement, your company is delinquent to the District
Council 21 Funds and has been assessed liquidated
damages(LD) and/or interest(IC) charges.

 A statement is listed below showing interest charged,
liquidated damages assessed and month(s) in question.

 No waivers will be granted for these charges.

| PERIOD ENDING | DUE DATE | RECEIVED DATE | RECEIPT NUMBER | | CONTRIB. AMOUNT | LD & INT DUE |
|---|---|---|---|---|---|---|
| 7/22/2017 | 8/31/2017 | 9/28/2017 | 390558 | IC | $816.53 | $3.40 |
| 7/22/2017 | 8/31/2017 | 9/28/2017 | 390558 | LD | $816.53 | $750.00 |
| 12/02/2017 | 1/31/2018 | 2/02/2018 | 403109 | LD | $5,757.15 | $500.00 |
| 1/01/2018 | 2/28/2018 | | 0 | LD | $0.00 | $750.00 |
| 2/01/2018 | 3/31/2018 | | 0 | LD | $0.00 | $750.00 |
| 3/01/2018 | 4/30/2018 | | 0 | LD | $0.00 | $750.00 |

```
                                    TOTAL DUE:    $3,503.40
```


EXHIBIT
D

March 27, 2019

ARTISAN DISPLAY INC                    EMPLOYER #    2265
1239 EAST 6TH STREET
RED HILL, PA 18076

RE:  Delinquency Notice

    According to the records of IUPAT District Council 21 Benefit Funds,
you have failed to submit remittance reports and/or contributions for
the time specified below.

    1/2019 12/2018 11/2018 10/2018  9/2018  8/2018  7/2018  6/2018
    5/2018  4/2018  3/2018  2/2018  1/2018

    As you know, the collective bargaining agreement provides that all
reports and fringe benefit contributions are due the last day of the
month following the month in which employees' hours were worked.
In addition to fringe contributions and liquidated damages at $750.00
for each delinquent report and/or $500.00 for timely reports with no
contributions, interest shall start to accrue on the delinquent amount
from the due date at the rate then charged by the I.R.S. for delinquent
taxes under section 662(a) of the I.R.C., plus one(1) percentage point
in excess of such rate. If you fail to deliver the remittance reports,
contributions, and all other sums specified above to the Funds within
five (5) days after the date of this notification, this matter shall be
referred to Funds counsel for collection. The Funds will notify the
appropriate bonding company and make a claim on any applicable bond.

    In the event that this matter is referred to counsel, additional
liquidated damages in the amount of 20% of the principal amount due
shall be added to the total delinquency.  Furthermore, in addition to
contributions owed, the Funds shall recover the appropriate liquidated
damages and interest as described above, as well as all attorney's fees
and costs of litigation. In addition to the above remedies, the Union
will be advised to remove manpower from your employment as per Article
13, Section 13.3.

                                        Respectfully,


                                        Brian L. Smith
                                        Delinquency Controller

cc:  Michael R. Previtera
     Joseph T. Ashdale
     Martin W. Milz

```
                        D.C. 21 BENEFITS OFFICE
                        2980 SOUTHAMPTON-BYBERRY
                        PHILADELPHIA  PA  19154
                           (215) 934-5130
```

                                                     March 25, 2019

```
ARTISAN DISPLAY INC                      Employer #   2265
1239 EAST 6TH STREET
RED HILL, PA 18076
```

As per Article 13.13.1 of the Collective Bargaining
Agreement, your company is delinquent to the District
Council 21 Funds and has been assessed liquidated
damages(LD) and/or interest(IC) charges.

A statement is listed below showing interest charged,
liquidated damages assessed and month(s) in question.

No waivers will be granted for these charges.

| PERIOD ENDING | DUE DATE | RECEIVED DATE | RECEIPT NUMBER | | CONTRIB. AMOUNT | LD & INT DUE |
|---|---|---|---|---|---|---|
| 7/22/2017 | 8/31/2017 | 9/28/2017 | 390558 | IC | $816.53 | $3.40 |
| 7/22/2017 | 8/31/2017 | 9/28/2017 | 390558 | LD | $816.53 | $750.00 |
| 12/02/2017 | 1/31/2018 | 2/02/2018 | 403109 | LD | $5,757.15 | $500.00 |
| 1/01/2018 | 2/28/2018 | | 0 | LD | $0.00 | $750.00 |
| 2/01/2018 | 3/31/2018 | | 0 | LD | $0.00 | $750.00 |
| 3/01/2018 | 4/30/2018 | | 0 | LD | $0.00 | $750.00 |

                                          TOTAL DUE:    $3,503.40

November 08, 2018

ARTISAN DISPLAY INC                          EMPLOYER #   2265
1239 EAST 6TH STREET
RED HILL, PA 18076

RE:  Delinquency Notice

    According to the records of IUPAT District Council 21 Benefit Funds,
you have failed to submit remittance reports and/or contributions for
the time specified below.


    9/2018  8/2018  7/2018  6/2018  5/2018  4/2018  3/2018  2/2018
    1/2018

    As you know, the collective bargaining agreement provides that all
reports and fringe benefit contributions are due the last day of the
month following the month in which employees' hours were worked.
In addition to fringe contributions and liquidated damages at $750.00
for each delinquent report and/or $500.00 for timely reports with no
contributions, interest shall start to accrue on the delinquent amount
from the due date at the rate then charged by the I.R.S. for delinquent
taxes under section 662(a) of the I.R.C., plus one(1) percentage point
in excess of such rate. If you fail to deliver the remittance reports,
contributions, and all other sums specified above to the Funds within
five (5) days after the date of this notification, this matter shall be
referred to Funds counsel for collection. The Funds will notify the
appropriate bonding company and make a claim on any applicable bond.

    In the event that this matter is referred to counsel, additional
liquidated damages in the amount of 20% of the principal amount due
shall be added to the total delinquency.  Furthermore, in addition to
contributions owed, the Funds shall recover the appropriate liquidated
damages and interest as described above, as well as all attorney's fees
and costs of litigation. In addition to the above remedies, the Union
will be advised to remove manpower from your employment as per Article
13, Section 13.3.

                                      Respectfully,


                                      Brian L. Smith
                                      Delinquency Controller

cc:  Michael R. Previtera
     Joseph T. Ashdale
     Martin W. Milz

```
                    D.C. 21 BENEFITS OFFICE
                    2980 SOUTHAMPTON-BYBERRY
                    PHILADELPHIA  PA  19154
                       (215) 934-5130
```

                                              November 07, 2018

ARTISAN DISPLAY INC                           Employer #   2265
1239 EAST 6TH STREET
RED HILL, PA 18076


 As per Article 13.13.1 of the Collective Bargaining
Agreement, your company is delinquent to the District
Council 21 Funds and has been assessed liquidated
damages(LD) and/or interest(IC) charges.

 A statement is listed below showing interest charged,
liquidated damages assessed and month(s) in question.

 No waivers will be granted for these charges.


| PERIOD ENDING | DUE DATE | RECEIVED DATE | RECEIPT NUMBER | | CONTRIB. AMOUNT | LD & INT DUE |
|---|---|---|---|---|---|---|
| 7/22/2017 | 8/31/2017 | 9/28/2017 | 390558 | IC | $816.53 | $3.40 |
| 7/22/2017 | 8/31/2017 | 9/28/2017 | 390558 | LD | $816.53 | $750.00 |
| 12/02/2017 | 1/31/2018 | 2/02/2018 | 403109 | LD | $5,757.15 | $500.00 |
| 1/01/2018 | 2/28/2018 | | 0 | LD | $0.00 | $750.00 |
| 2/01/2018 | 3/31/2018 | | 0 | LD | $0.00 | $750.00 |
| 3/01/2018 | 4/30/2018 | | 0 | LD | $0.00 | $750.00 |
| | | | | | TOTAL DUE: | $3,503.40 |

```
                    D.C. 21 BENEFITS OFFICE
                    2980 SOUTHAMPTON-BYBERRY
                    PHILADELPHIA  PA  19154
                       (215) 934-5130

                                          January 10, 2017


ARTISAN DISPLAY INC                       Employer #   2265
1239 EAST 6TH STREET
RED HILL, PA 18076



  As per Article 13.13.1 of the Collective Bargaining
Agreement, your company is delinquent to the District
Council 21 Funds and has been assessed liquidated
damages(LD) and/or interest(IC) charges.

  A statement is listed below showing interest charged,
liquidated damages assessed and month(s) in question.

  No waivers will be granted for these charges.
```

| PERIOD ENDING | DUE DATE | RECEIPT NUMBER | | CONTRIB. AMOUNT | LD & INT DUE |
|---|---|---|---|---|---|
| 12/31/2014 | 1/31/2015 | 0 | LD | $0.00 | $606.04 |
| 1/31/2015 | 2/28/2015 | 0 | LD | $0.00 | $750.00 |
| 2/28/2015 | 3/31/2015 | 0 | LD | $0.00 | $750.00 |
| 3/31/2015 | 4/30/2015 | 0 | LD | $0.00 | $750.00 |
| 4/30/2015 | 5/31/2015 | 0 | LD | $0.00 | $750.00 |
| 5/31/2015 | 6/30/2015 | 0 | LD | $0.00 | $750.00 |
| 6/30/2015 | 7/31/2015 | 0 | LD | $0.00 | $750.00 |
| 7/31/2015 | 8/31/2015 | 0 | LD | $0.00 | $750.00 |
| 8/01/2015 | 9/30/2015 | 325272 | LD | $0.00 | $750.00 |
| 9/05/2015 | 10/31/2015 | 328891 | LD | $0.00 | $500.00 |
| 10/31/2015 | 11/30/2015 | 0 | LD | $0.00 | $750.00 |
| 11/30/2015 | 12/31/2015 | 0 | LD | $0.00 | $750.00 |
| 12/05/2015 | 1/31/2016 | 337314 | LD | $0.00 | $500.00 |
| 1/31/2016 | 2/29/2016 | 0 | LD | $0.00 | $500.00 |
| 2/01/2016 | 3/31/2016 | 0 | LD | $0.00 | $750.00 |

```
                                     SUB TOTAL:   $10,356.04
```

```
                    D.C. 21 BENEFITS OFFICE
                    2980 SOUTHAMPTON-BYBERRY
                    PHILADELPHIA  PA  19154
                       (215) 934-5130

                                            January 10, 2017

     ARTISAN DISPLAY INC                    Employer #   2265
     1239 EAST 6TH STREET
     RED HILL, PA 18076


        (Continued)
```

|  |  |  |  |  |
|--|--|--|--|--|
| PERIOD ENDING | DUE DATE | RECEIPT NUMBER | CONTRIB. AMOUNT | LD & INT DUE |
| 3/01/2016 | 4/30/2016 | 0 LD | $0.00 | $750.00 |
| 4/30/2016 | 5/31/2016 | 350449 LD | $1,496.56 | $750.00 |
| 5/28/2016 | 6/30/2016 | 352884 LD | $4,924.40 | $750.00 |
| 6/25/2016 | 7/31/2016 | 355051 IC | $3,106.48 | $12.95 |
| 6/25/2016 | 7/31/2016 | 355051 LD | $3,106.48 | $750.00 |
| 7/30/2016 | 8/31/2016 | 360126 LD | $3,363.65 | $750.00 |

```
                                TOTAL DUE:   $14,118.99
```

LAW OFFICES
# SPEAR WILDERMAN
A Professional Corporation
SUITE 1400, 230 SOUTH BROAD STREET, PHILADELPHIA, PA  19102
TEL: (215) 732-0101   FAX: (215) 732-7790

WARREN J. BORISH*SAMUEL L. SPEAR
JAMES F. RUNCKEL
CHARLES T. JOYCE*
BENJAMIN EISNER◊
WENDY CHIERICI*
JAMES KATZ*
MARTIN W. MILZ*
LOIS GARBER SCHWARTZ*
WILLIAM B. SANDERSON, JR*
NICHOLAS J. BOTTA*
SYRETTA J. MARTIN*
MELISSA A. LOVETT
F. TIGHE BURNS*
THEODORE P. DiMUZIO
CHRISTOPHER R. STOCKTON††
SARAH LEAH TARLOW†
CHRISTOPHER G. CASSIE*

PA BAR EXCEPT:
††NJ BAR
* PA & NJ BAR
◊ PA, NJ & DC BAR
† PA, NY & IL BAR

NJ OFFICE
1040 N. KINGS HIGHWAY
SUITE 202
CHERRY HILL, NJ 08034
(856) 482-8799 FAX: (856) 482-0343

BRUCE E. ENDY
RETIRED, 2017

LEONARD SPEAR
1923 - 2003

LOUIS H. WILDERMAN
1909 - 1993

September 4, 2019

*Via Email <jawassmer@artisandisplayinc.com> & First-Class Mail*

Artisan Display, Inc.
Attn: Jamie Wassmer
1239 East 6th Street
Red Hill, PA 18076

RE:   **IUPAT District Council No. 21 of Philadelphia Employee Benefit Funds
("Funds") – Audit Delinquency – <u>Third and Final Notice</u>**

Dear Madam:

Please be advised that this office is co-counsel for the above-referenced Funds.

The Funds conducted a payroll audit of Artisan Display, Inc. (the "Company"), covering the period of October 1, 2015 through November 30, 2018.  The audit determined that the Company owes the Funds a total of **$26,839.99**, consisting of unpaid fringe benefit contributions incurred during this period in the amount of $19,394.56, interest through the present in the amount of $1,731.85, liquidated damages in the amount of $3,878.91, and cost of audit in the amount of $1,834.67.  A copy of the audit is attached to this letter.

The Company's failure to remit the reports and/or contributions when due constitutes a violation of both the collective bargaining agreement and federal law.  The Employee Retirement Income Security Act of 1974 (ERISA) provides for civil remedies and damages in such a situation.

The Trustees of the Funds have a fiduciary obligation to pursue the recovery of all delinquent amounts owed.  Accordingly, please be advised that legal action will be taken unless this matter is resolved within **ten (10) business days** from the date of this demand letter. *Should the Company fail to cure these delinquencies and the Funds be required to file a complaint against the Company, the Company shall be responsible to the Funds for additional liquidated damages in the amount of $3,878.91 plus attorney's fees and costs associated with the filing.* We urge the Company to take immediate action and correct these concerns by providing payment of audit arrearages to the Funds for the total amount owed of <u>**$26,839.99**</u>.

EXHIBIT
E

Artisan Display, Inc.
September 4, 2019
Page 2


If you have any questions, please contact me at (215) 732-0101. Thank you.

Sincerely,

Syretta J. Martin, Esquire

Enclosure
cc:    Brian Smith, Delinquency Controller (via e-mail)

**District Council 21 Employee Benefit Funds**

<u>PAYROLL COMPLIANCE REVIEW</u>

<u>REPORT</u>

EMPLOYER:          Artisan Display Inc.

ADDRESS:          1239 East 6th Street, Red Hill, PA  18076

DATE PAYROLL REVIEW COMPLETED:     January 11, 2019

REVIEW PERIOD:   October 1, 2015 through November 30, 2018

EMPLOYER REPRESENTATIVE, IF ANY, PRESENT AT THE TIME OF
THE PAYROLL REVIEW:          Ms. Jamie Wassmer

LOCATION OF EXAMINATION:     Same as Above

DOES THE EMPLOYER PAY CONTRIBUTIONS ON:

Non Bargaining Unit Employees:          No          If yes, is there a Participation agreement?

Owner/Operator:          No          If yes, is there an Owner/Operator agreement?

RESULTS OF PAYROLL COMPLIANCE REVIEW:

   A - Contributions not submitted on all hours/wages
   B - Contributions due for deliquent months January 2018 through March 2018
   C - Dues were not remitted on hours paid
   D - Contributions due on all employees performing covered work

**Revised:  April 4, 2019**

District Council 21 Employee Benefit Funds

## PAYROLL COMPLIANCE REVIEW

### SUMMARY

EMPLOYER:        Artisan Display Inc.

REVIEW PERIOD:  October 1, 2015 through November 30, 2018

| | | 2015 | | 2016 | | 2017 | | 2018 | | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| Health & Welfare | $ | 416.80 | $ | 83.36 | $ | 2,090.58 | $ | 6,968.92 | $ | 9,559.66 |
| Annuity Fund | | 42.00 | | 12.72 | | 741.60 | | 2,682.74 | | 3,479.06 |
| Job Recovery | | 36.00 | | 7.20 | | 74.64 | | 634.70 | | 752.54 |
| Apprentice DC21 | | 38.00 | | 8.24 | | 164.19 | | 646.80 | | 857.23 |
| Industry Advancement | | 8.00 | | 1.60 | | 46.75 | | 115.70 | | 172.05 |
| Vacation Fund | | 80.00 | | 16.00 | | 207.10 | | 1,179.00 | | 1,482.10 |
| Scholarship Fund | | 2.00 | | 0.64 | | 11.13 | | 60.60 | | 74.37 |
| Benevolent Fund | | 1.20 | | 0.24 | | 2.88 | | 28.08 | | 32.40 |
| HRA Fund | | 12.00 | | 2.40 | | 19.20 | | 148.80 | | 182.40 |
| DC21 LMF | | - | | - | | - | | - | | - |
| Drywall Finisher Target Fund | | - | | - | | 90.24 | | 592.20 | | 682.44 |
| Organizing Fund | | 2.00 | | 0.40 | | 3.60 | | 30.30 | | 36.30 |
| PAC Fund | | 12.00 | | 2.40 | | 27.75 | | 176.30 | | 218.45 |
| Dues / hour | | 21.60 | | 54.70 | | 210.82 | | 529.18 | | 816.30 |
| Dues % of Wages | | 30.84 | | 4.81 | | 465.81 | | 547.80 | | 1,049.26 |
| TOTAL CONTRIB. DUE: | $ | 702.44 | $ | 194.71 | $ | 4,156.29 | $ 14,341.12 | | $ | 19,394.56 |
| Interest | | 126.86 | | 26.87 | | 365.64 | | 506.84 | | 1,026.21 |
| *Liquidated Damages** | | 140.49 | | 38.94 | | 831.26 | | 2,868.22 | | 3,878.91 |
| Cost of Audit | | | | | | | | | | 1,834.67 |
| TOTAL AMOUNT DUE: | | | | | | | | | $ | 26,134.35 |

*Please note Liquidated Damages may be due if payment of Principle, Interest and Cost of Audit (If applicable)*
*is not received within 15 days after notification from Fund Office.*

Revised: April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wassmer
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

Reason For Deficiency (RFD):
A - Contributions not submitted on all hours/wages
B - Contributions due for deliquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

2015

Contributions Due for Phila Apprentice Tapers-2nd Year

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Santangelo, Salvatore | 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 | A | HOURS | | | | | | | | | | | 40.00 | | 40.00 |
| | | | WAGES | | | | | | | | | | | 881.20 | | 881.20 |
| | | | TOTAL HOURS | | | | | | | | | | | 40.00 | | 40.00 |
| | | | TOTAL WAGES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 881.20 | $ - | $ 881.20 |

Amount Due

| FUNDS | RFD | RATES | | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | $/14-$ | $/U15 | | | | | | | | | | | | | | |
| HEALTH & WELFARE | | $10.17 | $10.42 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 416.80 | $ - | $ 416.80 |
| ANNUITY FUND | | $0.55 | $1.05 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 42.00 | $ - | $ 42.00 |
| JOB RECOVERY | | $0.90 | $0.90 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 36.00 | $ - | $ 36.00 |
| APPRENTICE DC21 | | $0.93 | $0.95 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 38.00 | $ - | $ 38.00 |
| INDUSTRY FUND | | $0.20 | $0.20 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 8.00 | $ - | $ 8.00 |
| VACATION FUND | | $2.00 | $2.00 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 80.00 | $ - | $ 80.00 |
| SCHOLARSHIP FUND | | $0.03 | $0.05 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2.00 | $ - | $ 2.00 |
| BENEVOLENT FUND | | $0.03 | $0.03 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1.20 | $ - | $ 1.20 |
| HRA FUND | | $0.30 | $0.30 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 12.00 | $ - | $ 12.00 |
| DW FINISHER TARG | | $0.00 | $0.00 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ORGANIZING | | $0.00 | $0.05 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2.00 | $ - | $ 2.00 |
| PAC FUND | | $0.00 | $0.30 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 12.00 | $ - | $ 12.00 |
| ADMIN DUES / HOUR | | $0.49 | $0.54 | $ per hour | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 21.60 | $ - | $ 21.60 |
| DUES CHECK OFF | | 3.50% | 3.50% | % of wages | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 30.84 | $ - | $ 30.84 |
| TOTAL AMOUNT | | | | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 702.44 | $ - | $ 702.44 |

Revised: April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wassmer
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

Reason For Deficiency (RFD):
A - Contributions not submitted on all hours/wages
B - Contributions due for delinquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

Contributions Due for Phila Apprentice Tapers-1st Year

2016

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Cooper, Ryan | 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 | A | HOURS | - | - | - | - | - | - | - | - | 8.00 | | | | 8.00 |
| | | | WAGES | | | | | | | | | 137.36 | | | | 137.36 |
| | | | TOTAL HOURS | - | - | - | - | - | - | - | - | 8.00 | | | | 8.00 |
| | | | TOTAL WAGES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $137.36 | $ - | $ - | $ - | $137.36 |

Amount Due

| ***** FUNDS ***** | RFD | 5/15 ***** RATES ***** 5/16 | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $10.42 | $10.42 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 83.36 | $ - | $ - | $ - | $ 83.36 |
| ANNUITY FUND | $ per hour | $1.05 | $1.59 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 12.72 | $ - | $ - | $ - | $ 12.72 |
| JOB RECOVERY | $ per hour | $0.90 | $0.90 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 7.20 | $ - | $ - | $ - | $ 7.20 |
| APPRENTICE DC21 | $ per hour | $0.95 | $1.03 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 8.24 | $ - | $ - | $ - | $ 8.24 |
| INDUSTRY FUND | $ per hour | $0.20 | $0.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1.60 | $ - | $ - | $ - | $ 1.60 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 16.00 | $ - | $ - | $ - | $ 16.00 |
| SCHOLARSHIP FUND | $ per hour | $0.05 | $0.08 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 0.64 | $ - | $ - | $ - | $ 0.64 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 0.24 | $ - | $ - | $ - | $ 0.24 |
| HRA FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2.40 | $ - | $ - | $ - | $ 2.40 |
| DW FINISHER TARG | $ per hour | $0.00 | $0.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ORGANIZING | $ per hour | $0.05 | $0.05 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 0.40 | $ - | $ - | $ - | $ 0.40 |
| PAC FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2.40 | $ - | $ - | $ - | $ 2.40 |
| ADMIN DUES / HOUR | $ per hour | $0.54 | $0.56 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 4.48 | $ - | $ - | $ - | $ 4.48 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 4.81 | $ - | $ - | $ - | $ 4.81 |
| TOTAL AMOUNT | | | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $144.49 | $ - | $ - | $ - | $144.49 |

Revised: April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wassmer
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

Reason For Deficiency (RFD):
A - Contributions not submitted on all hours/wages
B - Contributions due for delinquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

2017

Contributions Due for Phila Journeymen Tapers

| Name | SSS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Stevens, David | 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 | A | HOURS | | | | | | 40.00 | | | | | | | 40.00 |
| | | | WAGES | | | | | | 1,535.20 | | | | | | | $ 1,535.20 |
| | | | TOTAL HOURS | | | | | | 40.00 | | | | | | | 40.00 |
| | | | TOTAL WAGES | $ - | | | | | $ 1,535.20 | | | | | | | $ 1,535.20 |

Amount Due

| FUNDS | RATES | | RFD | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $11.57 | $11.92 | $ per hour | | | | | | $ 476.80 | | | | | | | $ 476.80 |
| ANNUITY FUND | $5.64 | $5.64 | $ per hour | | | | | | $ 225.60 | | | | | | | $ 225.60 |
| JOB RECOVERY | $1.00 | $1.00 | $ per hour | | | | | | $ 40.00 | | | | | | | $ 40.00 |
| APPRENTICE DC21 | $1.11 | $1.13 | $ per hour | | | | | | $ 45.20 | | | | | | | $ 45.20 |
| INDUSTRY FUND | $0.20 | $0.20 | $ per hour | | | | | | $ 8.00 | | | | | | | $ 8.00 |
| VACATION FUND | $2.00 | $2.00 | $ per hour | | | | | | $ 80.00 | | | | | | | $ 80.00 |
| SCHOLARSHIP FUND | $0.08 | $0.10 | $ per hour | | | | | | $ 4.00 | | | | | | | $ 4.00 |
| BENEVOLENT FUND | $0.03 | $0.03 | $ per hour | | | | | | $ 1.20 | | | | | | | $ 1.20 |
| HRA FUND | $0.30 | $0.30 | $ per hour | | | | | | $ 12.00 | | | | | | | $ 12.00 |
| DW FINISHER TARG | $0.94 | $1.41 | $ per hour | | | | | | $ 56.40 | | | | | | | $ 56.40 |
| ORGANIZING | $0.05 | $0.05 | $ per hour | | | | | | $ 2.00 | | | | | | | $ 2.00 |
| PAC FUND | $0.30 | $0.30 | $ per hour | | | | | | $ 12.00 | | | | | | | $ 12.00 |
| ADMIN DUES / HOUR | $0.93 | $0.95 | $ per hour | | | | | | $ 38.00 | | | | | | | $ 38.00 |
| DUES CHECK OFF | 3.50% | 3.50% | % of wages | | | | | | $ 53.38 | | | | | | | $ 53.38 |
| TOTAL AMOUNT | | | | $ - | | | | | $ 1,054.58 | | | | | | | $ 1,054.58 |

Revised: April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wassmer
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sienna Gonzalez

Reason For Deficiency (RFD):
A - Contributions not submitted on all hours/wages
B - Contributions due for delinquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

Contributions Due for Journeymen Tapers - Bucks, Montco, Delco

**2017**

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Lyden, Richard | 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 | A | HOURS | - | - | - | - | - | - | 24.00 | - | - | - | - | - | 24.00 |
| | | | WAGES | | | | | | | 890.64 | | | | | | 890.64 |
| | | TOTAL HOURS | | - | - | - | - | - | - | 24.00 | - | - | - | - | - | 24.00 |
| | | TOTAL WAGES | | - | - | - | - | - | - | 890.64 | - | - | - | - | - | 890.64 |

**Amount Due**

| FUNDS | RATES | RFD | 2016 | 2017 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | | $11.57 | $11.92 | - | - | - | - | - | - | 286.08 | - | - | - | - | - | 286.08 |
| ANNUITY FUND | $ per hour | | $5.50 | $5.50 | - | - | - | - | - | - | 132.00 | - | - | - | - | - | 132.00 |
| JOB RECOVERY | $ per hour | | $1.00 | $1.00 | - | - | - | - | - | - | 24.00 | - | - | - | - | - | 24.00 |
| APPRENTICE DC21 | $ per hour | | $1.11 | $1.13 | - | - | - | - | - | - | 27.12 | - | - | - | - | - | 27.12 |
| INDUSTRY FUND | $ per hour | | $0.20 | $0.20 | - | - | - | - | - | - | 4.80 | - | - | - | - | - | 4.80 |
| VACATION FUND | $ per hour | | $2.00 | $2.00 | - | - | - | - | - | - | 48.00 | - | - | - | - | - | 48.00 |
| SCHOLARSHIP FUND | $ per hour | | $0.08 | $0.10 | - | - | - | - | - | - | 2.40 | - | - | - | - | - | 2.40 |
| BENEVOLENT FUND | $ per hour | | $0.03 | $0.03 | - | - | - | - | - | - | 0.72 | - | - | - | - | - | 0.72 |
| HRA FUND | $ per hour | | $0.30 | $0.30 | - | - | - | - | - | - | 7.20 | - | - | - | - | - | 7.20 |
| DW FINISHER TARG | $ per hour | | $0.94 | $1.41 | - | - | - | - | - | - | 33.84 | - | - | - | - | - | 33.84 |
| ORGANIZING | $ per hour | | $0.05 | $0.05 | - | - | - | - | - | - | 1.20 | - | - | - | - | - | 1.20 |
| PAC FUND | $ per hour | | $0.30 | $0.30 | - | - | - | - | - | - | 7.20 | - | - | - | - | - | 7.20 |
| ADMIN DUES / HOUR | $ per hour | | $0.92 | $0.94 | - | - | - | - | - | - | 22.56 | - | - | - | - | - | 22.56 |
| DUES CHECK OFF | % of wages | | 1.50% | 1.50% | - | - | - | - | - | - | 31.17 | - | - | - | - | - | 31.17 |
| TOTAL AMOUNT | | | | | - | - | - | - | - | - | 628.29 | - | - | - | - | - | 628.29 |

Revised: April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wassmer
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

Reason For Deficiency (RFD):
A - Contributions not submitted on all hours/wages
B - Contributions due for delinquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

2017

Contributions Due for Journeymen Tapers - Delaware

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Lydon, Richard | 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 | A | HOURS | - | - | - | - | - | - | - | - | - | - | - | 8.00 | 8.00 |
| | | | WAGES | | | | | | | | | | | | 326.56 | 326.56 |
| | | | TOTAL HOURS | | | | | | | | | | | | | 8.00 |
| | | | TOTAL WAGES | $ - | | | | | | | | | | | $ 326.56 | $ 326.56 |

Amount Due

| FUNDS | RATES | RFD | $4106 - $4102 | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $10.17 | $10.40 | HOURS | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 83.20 | $ 83.20 |
| ANNUITY FUND | $ per hour | $2.15 | $2.15 | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 17.20 | $ 17.20 |
| JOB RECOVERY | $ per hour | $0.83 | $1.33 | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 10.64 | $ 10.64 |
| APPRENTICE DC21 | $ per hour | $0.82 | $0.84 | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 6.72 | $ 6.72 |
| INDUSTRY FUND | $ per hour | $0.15 | $0.15 | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 1.20 | $ 1.20 |
| VACATION FUND | $ per hour | $1.70 | $1.70 | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 13.60 | $ 13.60 |
| SCHOLARSHIP FUND | $ per hour | $0.08 | $0.10 | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 0.80 | $ 0.80 |
| BENEVOLENT FUND | $ per hour | $0.12 | $0.12 | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 0.96 | $ 0.96 |
| ORGANIZING | $ per hour | $0.05 | $0.05 | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 0.40 | $ 0.40 |
| PAC FUND | $ per hour | $0.25 | $0.25 | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2.00 | $ 2.00 |
| ADMIN DUES / HOUR | $ per hour | $0.68 | $0.71 | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 5.68 | $ 5.68 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 11.43 | $ 11.43 |
| | | | TOTAL AMOUNT | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 153.83 | $ 153.83 |

Revised: April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc,
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wassmer
PH.NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

Reason For Deficiency (RFD):
A - Contributions not submitted on all hours/wages
B - Contributions due for delequent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

Contributions Due for Journeymen Tapers – Northeast Region

2017

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bobish, Glen | 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 | D | HOURS | | | | | | | | 40.00 | | | | | 40.00 |
| | | | WAGES | | | | | | | | $1,112.40 | | | | | $1,112.40 |
| Lydon, Richard | 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 | A | HOURS | | | | | | | 51.00 | | | | | | 51.00 |
| | | | WAGES | | | | | | | $1,985.41 | | | | | | $1,985.41 |
| Steinberg, Charles | 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 | A | HOURS | | | | | | | | | | | | | 40.00 |
| | | | WAGES | $1,310.88 | | $2,621.72 | $1,966.32 | | | $1,112.40 | | | | | | $7,011.32 |
| | | | TOTAL HOURS | | | - | - | | | 91.00 | 40.00 | - | | | | 131.00 |
| | | | TOTAL WAGES | $1,310.88 | | $2,621.72 | $1,966.32 | | | $3,097.81 | $1,112.40 | - | | | | $10,109.13 |

Amount Due

| | * * * RATES * * | | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | $ 5%9% | $ 5%9% | | | | | | | | | | | | | | |
| HEALTH & WELFARE | $9.50 | $9.50 | $ per hour | | | - | - | | | 864.50 | 380.00 | - | | | | 1,244.50 |
| ANNUITY FUND | $2.80 | $2.80 | $ per hour | | | - | - | | | 254.80 | 112.00 | - | | | | 366.80 |
| APPRENTICE DC21 | $0.65 | $0.65 | $ per hour | | | - | - | | | 59.15 | 26.00 | - | | | | 85.15 |
| INDUSTRY FUND | $0.25 | $0.25 | $ per hour | | | - | - | | | 22.75 | 10.00 | - | | | | 32.75 |
| VACATION FUND | $0.50 | $0.50 | $ per hour | | | - | - | | | 45.50 | 20.00 | - | | | | 65.50 |
| SCHOLARSHIP FUND | $0.03 | $0.03 | $ per hour | | | - | - | | | 2.73 | 1.20 | - | | | | 3.93 |
| PAC FUND | $0.05 | $0.05 | $ per hour | | | - | - | | | 4.55 | 2.00 | - | | | | 6.55 |
| ADMIN DUES / HOUR | $0.58 | $0.64 | $ per hour | | | - | - | | | 58.24 | 25.60 | - | | | | 83.84 |
| DUES CHECK OFF | 3.50% | 3.50% | % of wages | 45.88 | | 91.76 | 68.82 | | | 108.42 | 38.93 | - | | | | 353.81 |
| TOTAL AMOUNT | | | | 45.88 | | 91.76 | 68.82 | | | 1,430.64 | 615.73 | - | | | | 2,242.83 |

Revised: April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 5th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wasmer
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

Reason For Deficiency (RFD):
A - Contributions not submitted on all hours/wages
B - Contributions due for delinquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

2017

Contributions Due for Apprentice Tapers-1st Year

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Evans, Richard | 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 | A | HOURS | | | | | | | | | | | | | |
| | | | WAGES | | | | | | | | | | | | | |
| | | TOTAL HOURS | | - | - | - | - | - | - | - | - | - | - | - | - | |
| | | TOTAL WAGES | $ | - | - | - | $ 457.60 | - | - | - | - | - | - | - | - | $ 457.60 |

Amount Due

| FUNDS | RATES | RFD $.06 - $.07 | $.06 - $.07 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $10.77 | $10.77 | | | | | | | | | | | | | $ - |
| ANNUITY FUND | $ per hour | $1.59 | $1.59 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| JOB RECOVERY | $ per hour | $0.90 | $0.90 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| APPRENTICE DC21 | $ per hour | $1.03 | $1.05 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| INDUSTRY FUND | $ per hour | $0.20 | $0.20 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| VACATION FUND | $ per hour | $2.00 | $2.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| SCHOLARSHIP FUND | $ per hour | $0.08 | $0.10 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| HRA FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| DW FINISHER TARG | $ per hour | $0.00 | $0.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ORGANIZING | $ per hour | $0.05 | $0.05 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAC FUND | $ per hour | $0.30 | $0.30 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| ADMIN DUES / HOUR | $ per hour | $0.56 | $0.59 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $ - | $ - | $ - | 16.02 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 16.02 |
| TOTAL AMOUNT | | | | $ - | $ - | $ - | $ 16.02 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 16.02 |

Revised: April 4, 2019

# District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wassmer
PH NUMBER: 215-679-8377

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

Reason For Deficiency (RFD):
A - Contributions not submitted on all hours/wages
B - Contributions due for delinquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

2018

## Contributions Due for Journeymen Tapers - Delaware

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gougeon, William | 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 | B | HOURS | 78.00 | | | | | | | | | | | | 78.00 |
| | | | WAGES | $2,161.70 | | | | | | | | | | | | $ 2,161.70 |
| Slattery, Timothy | 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 | B | HOURS | | | 32.00 | | | | | | | | | | 32.00 |
| | | | WAGES | | | 946.88 | | | | | | | | | | 946.88 |
| | | | WAGES | | | 33.00 | | | | | | | | | | 110.00 |
| | | TOTAL HOURS | | 78.00 | | | | | | | | | | | | $ 3,108.58 |
| | | TOTAL WAGES | | $ 2,161.70 | | 946.88 | | | | $ - | | | | $ - | | $ - |

### Amount Due

| FUNDS | RATES | $1/1/1 | $5/08 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $10.40 | $10.73 | $ 811.20 | | $ 332.80 | | | | | | | | | | $ 1,144.00 |
| ANNUITY FUND | $ per hour | $2.15 | $2.15 | $ 167.70 | | $ 68.80 | | | | | | | | | | $ 236.50 |
| JOB RECOVERY | $ per hour | $1.33 | $1.33 | $ 103.74 | | $ 42.56 | | | | | | | | | | $ 146.30 |
| APPRENTICE DC21 | $ per hour | $0.84 | $0.87 | $ 65.52 | | $ 26.88 | | | | | | | | | | $ 92.40 |
| INDUSTRY FUND | $ per hour | $0.15 | $0.15 | $ 11.70 | | $ 4.80 | | | | | | | | | | $ 16.50 |
| VACATION FUND | $ per hour | $1.70 | $1.70 | $ 132.60 | | $ 54.40 | | | | | | | | | | $ 187.00 |
| SCHOLARSHIP FUND | $ per hour | $0.10 | $0.10 | $ 7.80 | | $ 3.20 | | | | | | | | | | $ 11.00 |
| BENEVOLENT FUND | $ per hour | $0.12 | $0.12 | $ 9.36 | | $ 3.84 | | | | | | | | | | $ 13.20 |
| ORGANIZING | $ per hour | $0.05 | $0.07 | $ 3.90 | | $ 1.60 | | | | | | | | | | $ 5.50 |
| PAC FUND | $ per hour | $0.25 | $0.25 | $ 19.50 | | $ 8.00 | | | | | | | | | | $ 27.50 |
| ADMIN DUES / HOUR | $ per hour | $0.71 | $0.74 | $ 55.38 | | $ 22.72 | | | | | | | | | | $ 78.10 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $ 75.66 | | $ 33.14 | | | | | | | | | | $ 108.80 |
| TOTAL AMOUNT | | | | $ 1,464.06 | | $ 602.74 | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 2,066.80 |

Revised: April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wassner
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

Reason For Deficiency (RFD):
A - Contributions not submitted on all hours/wages
B - Contributions due for deliquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

2018

Contributions Due for Journeymen Tapers - Bucks, Montco, Delco

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Juarez-Lara, Heman | 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 | B | HOURS | 125.00 | | | | | | | | | | | | 125.00 |
| | | | WAGES | 4,638.75 | | | | | | | | | | | | 4,638.75 |
| Lydon, Richard | 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 | B | HOURS | 56.00 | 114.00 | 15.00 | | | | | | | | | | 185.00 |
| | | | WAGES | 2,285.92 | 4,653.48 | 964.90 | | | | | | | | | | 7,904.30 |
| | | | TOTAL HOURS | 181.00 | 114.00 | 15.00 | | | | | | | | | | 310.00 |
| | | | TOTAL WAGES | 6,924.67 | 4,653.48 | 964.90 | | | | | | | | | | 12,543.05 |

Amount Due

| FUNDS | RATES | 5/1/17 | 5/1/18 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $11.97 | $12.25 | 2,157.52 | 1,358.88 | 178.80 | - | - | - | - | - | - | - | - | - | 3,695.20 |
| ANNUITY FUND | $ per hour | $5.50 | $4.50 | 995.50 | 627.00 | 82.50 | - | - | - | - | - | - | - | - | - | 1,705.00 |
| JOB RECOVERY | $ per hour | $1.00 | $0.00 | 181.00 | 114.00 | 15.00 | - | - | - | - | - | - | - | - | - | 310.00 |
| APPRENTICE DC21 | $ per hour | $1.13 | $1.16 | 204.53 | 128.82 | 16.95 | - | - | - | - | - | - | - | - | - | 350.30 |
| INDUSTRY FUND | $ per hour | $0.20 | $0.20 | 36.20 | 22.80 | 3.00 | - | - | - | - | - | - | - | - | - | 62.00 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | 362.00 | 228.00 | 30.00 | - | - | - | - | - | - | - | - | - | 620.00 |
| SCHOLARSHIP FUND | $ per hour | $0.10 | $0.10 | 18.10 | 11.40 | 1.50 | - | - | - | - | - | - | - | - | - | 31.00 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | 5.43 | 3.42 | 0.45 | - | - | - | - | - | - | - | - | - | 9.30 |
| HRA FUND | $ per hour | $0.30 | $0.30 | 54.30 | 34.20 | 4.50 | - | - | - | - | - | - | - | - | - | 93.00 |
| DC21 MF | $ per hour | $0.00 | $0.07 | | | | - | - | - | - | - | - | - | - | - | - |
| DW FINISHER TARG | $ per hour | $1.41 | $1.41 | 255.21 | 160.74 | 21.15 | - | - | - | - | - | - | - | - | - | 437.10 |
| ORGANIZING | $ per hour | $0.05 | $0.07 | 9.05 | 5.70 | 0.75 | - | - | - | - | - | - | - | - | - | 15.50 |
| PAC FUND | $ per hour | $0.30 | $0.30 | 54.30 | 34.20 | 4.50 | - | - | - | - | - | - | - | - | - | 93.00 |
| ADMIN DUES / HOUR | $ per hour | $0.94 | $0.95 | 170.14 | 107.16 | 14.10 | - | - | - | - | - | - | - | - | - | 291.40 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | 242.36 | 162.87 | 33.77 | - | - | - | - | - | - | - | - | - | 439.00 |
| | | | TOTAL AMOUNT | 4,745.64 | 2,999.19 | 406.97 | - | - | - | - | - | - | - | - | - | 8,151.80 |

Revised: April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Waxsner
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

Reason For Deficiency (RFD):
A - Contributions not submitted on all hours/wages
B - Contributions due for delinquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

2018

## Contributions Due for Journeymen Tapers - Philadelphia

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gougeon, William | 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 | B | HOURS | 16.00 | | | | | | | | | | | | 16.00 |
| | | | WAGES | - | | | | | | | | | | | | $ - |
| Lydon, Richard | 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 | B | HOURS | 86.00 | 8.00 | | | | | | | | | | | 94.00 |
| | | | WAGES | - | | | | | | | | | | | | $ - |
| | | | TOTAL HOURS | 102.00 | 8.00 | | | | | | | | | | | 110.00 |
| | | | TOTAL WAGES | $ - | $ - | | | | | | | | | | | $ - |

### Amount Due

| FUNDS | RATES | RFD | $7/17 | $5/18 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | | $11.92 | $12.25 | $ 1,215.84 | $ 95.36 | | | | | | | | | | | $ 1,311.20 |
| ANNUITY FUND | $ per hour | | $5.64 | $4.64 | $ 575.28 | $ 45.12 | | | | | | | | | | | $ 620.40 |
| JOB RECOVERY | $ per hour | | $1.00 | $1.00 | $ 102.00 | $ 8.00 | | | | | | | | | | | $ 110.00 |
| APPRENTICE DC21 | $ per hour | | $1.13 | $1.16 | $ 115.36 | $ 9.04 | | | | | | | | | | | $ 124.30 |
| INDUSTRY FUND | $ per hour | | $0.20 | $0.20 | $ 20.40 | $ 1.60 | | | | | | | | | | | $ 22.00 |
| VACATION FUND | $ per hour | | $2.00 | $2.00 | $ 204.00 | $ 16.00 | | | | | | | | | | | $ 220.00 |
| SCHOLARSHIP FUND | $ per hour | | $0.10 | $0.10 | $ 10.20 | $ 0.80 | | | | | | | | | | | $ 11.00 |
| BENEVOLENT FUND | $ per hour | | $0.03 | $0.03 | $ 3.06 | $ 0.24 | | | | | | | | | | | $ 3.30 |
| HRA FUND | $ per hour | | $0.30 | $0.30 | $ 30.60 | $ 2.40 | | | | | | | | | | | $ 33.00 |
| DC21 LMF | $ per hour | | $0.00 | $0.07 | $ - | $ - | | | | | | | | | | | $ - |
| DW FINISHER TARG | $ per hour | | $1.41 | $1.41 | $ 143.82 | $ 11.28 | | | | | | | | | | | $ 155.10 |
| ORGANIZING | $ per hour | | $0.05 | $0.07 | $ 5.10 | $ 0.40 | | | | | | | | | | | $ 5.50 |
| PAC FUND | $ per hour | | $0.30 | $0.30 | $ 30.60 | $ 2.40 | | | | | | | | | | | $ 33.00 |
| ADMIN DUES / HOUR | $ per hour | | $0.95 | $0.96 | $ 96.90 | $ 7.60 | | | | | | | | | | | $ 104.50 |
| DUES CHECK OFF | % of wages | | 3.50% | 3.50% | $ - | $ - | | | | | | | | | | | $ - |
| | | | TOTAL AMOUNT | | $ 2,553.06 | $ 200.24 | | | | | | | | | | | $ 2,753.30 |

Revised: April 4, 2019

# District Council 21 Employee Benefit Funds

EMPLOYER:  Artisan Display Inc.
ADDRESS:  1239 East 6th Street, Red Hill, PA 18076
CONTACT:  Ms. Jamie Wassmer
PH NUMBER:  215-679-8577

REVIEW PERIOD:  October 1, 2015 through November 30, 2018
AUDITOR:  Sirena Gonzalez

Reason For Deficiency (RFD):
A - Contributions not submitted on all hours/wages
B - Contributions due for delinquent months January 2018 through March 2018
C - Contributions due on all employees performing covered work

2018

## Contributions Due for Apprentice Tapers - Philadelphia

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Clendaniel, David | 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 | B | HOURS | 70.00 | - | - | | | - | - | | | - | | - | 70.00 |
| | | | WAGES | $ - | | | | | | | | | | | | $ - |
| Pasqualone, Justin | 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 | B | HOURS | 6.00 | - | - | | | - | - | | | - | | - | 6.00 |
| | | | WAGES | $ - | | | | | | | | | | | | $ - |
| | | | TOTAL HOURS | 76.00 | - | - | | | - | - | | | - | | - | 76.00 |
| | | | TOTAL WAGES | $ - | - | - | | | - | - | | | - | | - | $ - |

### Amount Due

| FUNDS | RATES | 5/4/07 | 5/4/08 | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HEALTH & WELFARE | $ per hour | $10.77 | $11.10 | $818.52 | - | - | - | - | - | - | - | - | - | - | - | $818.52 |
| ANNUITY FUND | $ per hour | $1.59 | $2.00 | $120.84 | - | - | - | - | - | - | - | - | - | - | - | $120.84 |
| JOB RECOVERY | $ per hour | $0.90 | $0.00 | $68.40 | - | - | - | - | - | - | - | - | - | - | - | $68.40 |
| APPRENTICE DC21 | $ per hour | $1.05 | $1.08 | $79.80 | - | - | - | - | - | - | - | - | - | - | - | $79.80 |
| INDUSTRY FUND | $ per hour | $0.20 | $0.20 | $15.20 | - | - | - | - | - | - | - | - | - | - | - | $15.20 |
| VACATION FUND | $ per hour | $2.00 | $2.00 | $152.00 | - | - | - | - | - | - | - | - | - | - | - | $152.00 |
| SCHOLARSHIP FUND | $ per hour | $0.10 | $0.10 | $7.60 | - | - | - | - | - | - | - | - | - | - | - | $7.60 |
| BENEVOLENT FUND | $ per hour | $0.03 | $0.03 | $2.28 | - | - | - | - | - | - | - | - | - | - | - | $2.28 |
| HRA FUND | $ per hour | $0.30 | $0.30 | $22.80 | - | - | - | - | - | - | - | - | - | - | - | $22.80 |
| DC21 LMF | $ per hour | $0.00 | $0.07 | $ - | - | - | - | - | - | - | - | - | - | - | - | $ - |
| DW FINISHER TARG | $ per hour | $0.00 | $0.00 | $ - | - | - | - | - | - | - | - | - | - | - | - | $ - |
| ORGANIZING | $ per hour | $0.05 | $0.07 | $3.80 | - | - | - | - | - | - | - | - | - | - | - | $3.80 |
| PAC FUND | $ per hour | $0.30 | $0.30 | $22.80 | - | - | - | - | - | - | - | - | - | - | - | $22.80 |
| ADMIN DUES / HOUR | $ per hour | $0.59 | $0.61 | $44.84 | - | - | - | - | - | - | - | - | - | - | - | $44.84 |
| DUES CHECK OFF | % of wages | 3.50% | 3.50% | $ - | - | - | - | - | - | - | - | - | - | - | - | $ - |
| | TOTAL AMOUNT | | | $1,358.88 | | | | | | | | | | | | $1,358.88 |

Revised: April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA  18076
CONTACT: Ms. Jamie Wassmer
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sireea Gonzalez

Reason For Deficiency (RFD):
C - Dues were not remitted on hours paid

**2016**

### Contributions Due for Journeymen Tapers

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC* | TOTAL |
|------|-----------|-----|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|------|-------|
| Crandall, Arthur | 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 | C | HOURS | | | | | | | | | | | | 4.00 | 4.00 |
| | | | WAGES | | | | | | | | | | | | $ 8.00 | $ 8.00 |
| Garvin, Thomas | 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 | C | HOURS | | | | | | | | | | | | 8.00 | 8.00 |
| | | | WAGES | | | | | | | | | | | | $ - | $ - |
| Lentz, Kenneth | 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 | C | HOURS | | | | | | | | | | | | 4.00 | 4.00 |
| | | | WAGES | | | | | | | | | | | | $ - | $ - |
| Marino, Michael | 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 | C | HOURS | | | | | | | | | | | | 30.00 | 30.00 |
| | | | WAGES | | | | | | | | | | | | $ - | $ - |
| Marino, Thomas | 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 | C | HOURS | | | | | | | | | | | | 8.00 | 8.00 |
| | | | WAGES | | | | | | | | | | | | $ - | $ - |
| TOTAL HOURS | | | | - | - | - | - | - | - | - | - | - | - | - | 54.00 | 54.00 |
| TOTAL WAGES | | | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

**Amount Due**

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC* | TOTAL |
|--|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|------|-------|
| | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 50.22 | $ 50.22 |
| | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 50.22 | $ 50.22 |

| ==== FRINGE ==== | = $/HR = | = $/MIN = |
|------------------|----------|-----------|
| ADMIN DUES / HOUR $ per hour | $0.91 | $0.03 |
| TOTAL AMOUNT DUE | $ - | $ - |

Revised: April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER: Artisan Display Inc.
ADDRESS: 1239 East 6th Street, Red Hill, PA 18076
CONTACT: Ms. Jamie Wassner
PH NUMBER: 215-679-8577

REVIEW PERIOD: October 1, 2015 through November 30, 2018
AUDITOR: Sirena Gonzalez

Reason For Deficiency (RFD):
C - Dues were not remitted on hours paid

2017

## Contributions Due for Journeymen Tapers - Delaware

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Geisgreon, William | 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 | C | HOURS | | | | | | | | | | | | 4.00 | 4.00 |
| | | | WAGES | | | | | | | | | | | | $ - | $ - |
| Juarez-Lara, Hernan | 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 | C | HOURS | | | | | | | | | | | | 4.00 | 4.00 |
| | | | WAGES | | | | | | | | | | | | $ - | $ - |
| Nelson, Alonzo | 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 | C | HOURS | | | | | | | | | | | | 4.00 | 4.00 |
| | | | WAGES | | | | | | | | | | | | $ - | $ - |
| Pasqualone, Justin | 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 | C | HOURS | | | | | | | | | | | | 4.00 | 4.00 |
| | | | WAGES | | | | | | | | | | | | $ - | $ - |
| Scholl, Theodore | 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 | C | HOURS | | | | | | | | | | | | 4.00 | 4.00 |
| | | | WAGES | | | | | | | | | | | | $ - | $ - |
| | | | TOTAL HOURS | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 20.00 | 20.00 |
| | | | TOTAL WAGES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

= = = FUNDS = = = = #RATE65 # = 5/4/18 =
ADMIN DUES / HOUR $ per hour $0.68 $0.71

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL AMOUNT DUE | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 14.20 | 14.20 |
| Amount Due | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | 14.20 | 14.20 |

## Contributions Due for Journeymen Tapers

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Lee, Robert | 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 | C | HOURS | | | | 4.50 | | | | | | | | | 4.50 |
| | | | WAGES | | | | $ - | | | | | | | | | $ - |
| Lydon, Richard | 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 | C | HOURS | 4.00 | | 4.00 | 8.00 | 4.00 | | | 3.00 | | | | 4.00 | 27.00 |
| | | | WAGES | $ - | | $ - | $ - | | | | $ - | | | | $ - | |
| Nicastro, Louis | 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 | C | HOURS | | | | 4.00 | 4.00 | | | | | | | | 8.00 |
| | | | WAGES | | | | $ - | | | | | | | | | $ - |
| Stevens, David | 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 | C | HOURS | | | | | 4.00 | 6.00 | | | | | | | 10.00 |
| | | | WAGES | | | | | $ - | $ - | | | | | | | $ - |
| | | | TOTAL HOURS | 4.00 | | 4.00 | 16.50 | 12.00 | 6.00 | | 3.00 | | | | 4.00 | 49.50 |
| | | | TOTAL WAGES | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

= = = FUNDS = = = = #RATE65 # = 5/7/### =
ADMIN DUES / HOUR $ per hour $0.93 $0.95

| | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL AMOUNT DUE | 3.72 | $ - | 3.72 | 15.35 | 11.40 | 5.70 | $ - | 2.85 | $ - | $ - | $ - | 3.80 | 46.54 |
| Amount Due | 3.72 | $ - | 3.72 | 15.35 | 11.40 | 5.70 | $ - | 2.85 | $ - | $ - | $ - | 3.80 | 46.54 |

Revised: April 4, 2019

District Council 21 Employee Benefit Funds

EMPLOYER:  Artisan Display Inc.
ADDRESS:  1239 East 6th Street, Red Hill, PA  18076
CONTACT:  Ms. Jamie Wassmer
PH NUMBER:  215-679-8577

REVIEW PERIOD:  October 1, 2015 through November 30, 2018
AUDITOR:  Sirena Gonzalez

Reason For Deficiency (RFD):
C - Dues were not remitted on hours paid

2018

Contributions Due for Journeymen Tapers - Bucks, Monteo, Delco

| Name | SS Number | RFD | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Lydon, Richard | 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 | C | HOURS | - | - | 11.00 | | | | | | | | | | 11.00 |
| | | | WAGES | | | $  - | | | | | | | | | | $  - |
| | | TOTAL HOURS | | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - |
| | | TOTAL WAGES | | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - |

Amount Due

| | | | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | $  - | $  - | $  10.34 | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  10.34 |
| | | | $  - | $  - | $  10.34 | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  - | $  10.34 |

| * * * FUNDS * * * | RATES | * $.07 * * * $.78 * * |
|---|---|---|
| ADMIN DUES / HOUR | $ per hour | $0.94 | $0.95 |
| | TOTAL AMOUNT DUE | $  - | $  - |

Revised: April 4, 2019